GREGORY C. GLYNN, Cal Bar. No. 39999
Email: glynng@sec.gov
MORGAN B. WARD DORAN, Cal. Bar No. 246107
Email: warddoranm@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY L. RUDERMAN; RUDERMAN CAPITAL MANAGEMENT, LLC; RUDERMAN CAPITAL PARTNERS, LLC; and RUDERMAN CAPITAL PARTNERS A, LLC;<br><br>Defendants. | Case No. CV 09-2974 VBF (JCx)<br><br>[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION, ORDER OF DISGORGEMENT, APPOINTMENT OF PERMANENT RECEIVER, AND OTHER RELIEF AS TO DEFENDANTS BRADLEY L. RUDERMAN, RUDERMAN CAPITAL MANAGEMENT, LLC, RUDERMAN CAPITAL PARTNERS LLC, AND RUDERMAN CAPITAL PARTNERS A, LLC |

The Securities and Exchange Commission having filed a Complaint and Bradley L. Ruderman, Ruderman Capital Management, LLC ("RCM"), Ruderman Capital Partners, LLC ("RCP"), and Ruderman Capital Partners A, LLC ("RCP-A") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to the entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the offer or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the

1 circumstances under which they were made, not misleading; or

2       (c)    to engage in any act, practice, or course of business which
3 operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty upon the motion of the Commission. Prejudgment interest shall be calculated pursuant to 28 U.S.C. § 1961 based on the date of entry of the order fixing the amount of disgorgement. In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:

      (a)    Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint;

      (b)    Defendants may not challenge the validity of this Consent or the Judgment;

      (c)    solely for purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and

      (d)    the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn testimony or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

...

## IV.

IT IS FURTHER ORDERED that David L. Ray is appointed as permanent receiver of RCM, RCP, and RCP-A, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of RCM, RCP, and RCP-A, and their subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendants and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such property, and that of their subsidiaries and affiliates);

    B.    to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of Defendants, and their subsidiaries and affiliates, or which maintains accounts over which Defendants, and their subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

    C.    to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendants,

1  and any subsidiaries and affiliates, and to engage and employ
2  attorneys, accountants and other persons to assist in such investigation
3  and discovery;
4  D. *With prior court approval,* to take such action as is necessary and appropriate to preserve and
5  take control of and to prevent the dissipation, concealment, or
6  disposition of any assets of or managed by Defendants, and any
7  subsidiaries and affiliates;
8  E. to make an accounting, *within 30 days* ~~as soon as practicable~~, to this Court, ~~the Commission, and any interested government agencies~~, of the assets
9  and financial condition of Defendants, and to file the accounting with
10 the Court and deliver copies thereof to all parties; *and to make reports to the Court every 30 days thereafter, unless otherwise directed;*
11 F. to make such payments and disbursements from the funds and assets
12 taken into custody, control, and possession or thereafter received by
13 him or her, and to incur, or authorize the making of, such agreements
14 as may be necessary and advisable in discharging his or her duties as
15 permanent receiver;
16 G. *on proper written application and order of the Court,* to employ attorneys, accountants, and others to investigate and, where
17 appropriate, to institute, pursue, and prosecute all claims and causes of
18 action of whatever kind and nature which may now or hereafter exist
19 as a result of the activities of present or past employees or agents of
20 Defendants, and any subsidiaries and affiliates; and
21 H. to have access to and monitor all mail, electronic mail, and video
22 phone of the entities in receivership in order to review such mail,
23 electronic mail, and video phone which he or she deems relates to
24 their business and the discharging of his or her duties as permanent
25 receiver.

5

## V.

IT IS FURTHER ORDERED that Defendants, their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, and employees, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## VI.

IT IS FURTHER ORDERED that no officer, agent, servant, or employee of Defendants shall take any action or purport to take any action, in the name of or on behalf of RCM, RCP, and RCP-A without the written consent of the permanent receiver or order of this Court.

## VII.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Defendants, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, and employees, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

 A. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

 B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or

C.  doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendants, or in any way to interfere with or harass the permanent receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## VIII.

IT IS FURTHER ORDERED that Defendants, and their subsidiaries, affiliates, officers, agents, servants, and employees, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees, or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## IX.

IT IS FURTHER ORDERED that Defendants, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

**X.**

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, and employees or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

**XI.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants, and their officers, agents, servants, employees, subsidiaries and affiliates, including the other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants, and their subsidiaries and affiliates.

**XII.**

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, subsidiaries and affiliates, including the other entities in receivership, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the permanent receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business. In the case

of defendant Ruderman, he shall, within 24 hours of the issuance of this Order, prepare and deliver to the permanent receiver, a detailed and complete schedule of all desktop computers, laptop computers, and/or PDA's owned, controlled or used by him for any purpose. The schedules required by this section shall include at a minimum the make, model and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to use the computer and/or PDA, all passwords necessary to access the computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA. The permanent receiver shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computers and/or PDAs.

## XIII.

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, subsidiaries and affiliates, including the other entities in receivership, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the permanent receiver, a detailed and complete schedule of all passwords, usernames, and identification numbers for all web sites, email accounts, and all accounts at any bank, financial institution or brokerage firm operated by or to which Defendants have access.

## XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth herein.

## XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all asset freeze orders previously issued by this Court should remain in full force and effect until further order of this Court. This Court shall retain jurisdiction over this action to disburse previously frozen funds to investors and to disburse to investors any sums paid in disgorgement by Defendants and otherwise to implement and to enforce the terms of this Judgment and all other orders and decrees that may be entered herein, and to grant such other relief as the Court may deem necessary and just.

## XVI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

*The SEC is ordered to give notice to Defendants of this Judgment within one court day by personal delivery and by email, fax or mail. So*

Presented by:

_____
Morgan B. Ward Doran
SECURITIES & EXCHANGE COMMISSION
Los Angeles Regional Office
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Dated this 7 day of May, 2009.

_____
HON. VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE