1    **DAMON G. SALTZBURG, State Bar No. 162148**
     **SALTZBURG, RAY & WEISSMAN, LLP**
2    **12121 Wilshire Boulevard**
     **Suite 600**
3    **Los Angeles, California 90025-1166**
     **(310) 481-6700 – Fax: (310) 481-6720**
4
     **Attorneys for David L. Ray, Federal Court Receiver**
5

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   SECURITIES AND EXCHANGE              Case No. CV 09-2974 VBF (JCx)
     COMMISSION,
12                                        NOTICE OF PETITION AND
                                          PETITION FOR INSTRUCTIONS OF
                 Plaintiff                RECEIVER FOR AN ORDER (1)
13                                        APPROVING STIPULATION
     vs.                                  BETWEEN RECEIVER AND THE
14                                        BANKRUPTCY TRUSTEE FOR
     BRADLEY L. RUDERMAN;                 RUDERMAN CAPITAL PARTNERS,
15   RUDERMAN CAPITAL                     LLC, ON THE LIQUIDATION AND
     MANAGEMENT, LLC; RUDERMAN            DIVISION OF PROCEEDS OF
16   CAPITAL PARTNERS, LLC; and           DEPOSITORY AND BROKERAGE
     RUDERMAN CAPITAL PARTNERS A,         ACCOUNTS; (2) TERMINATING
     LLC,                                 RECEIVER'S DUTIES FOR
17                                        RUDERMAN CAPITAL PARTNERS,
                 Defendants.              LLC; AND (3) MODIFYING THE
18                                        CURRENT ASSET FREEZE ORDERS
                                          TO ALLOW THE LIQUIDATION OF
19                                        ACCOUNTS; MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN
20                                        SUPPORT THEREOF;
                                          DECLARATION OF DAVID L. RAY
21
                                          DATE:    August 31, 2009
22                                        TIME:    1:30 p.m.
                                          CTRM:    9
23                                                 312 Spring Street
24                                                 Los Angeles, CA 90012
25

26

27

28

TO THE HONORABLE VALERIE BAKER FAIRBANK, UNITED STATES DISTRICT JUDGE, AND TO ALL PARTIES AND INTERESTS HEREIN AND THEIR ATTORNEYS OF RECORD, IF ANY:

PLEASE TAKE NOTICE that on August 31, 2009, at 1:30 p.m., or soon thereafter as this matter may be heard, in Courtroom 9 of the United States District Court located at 312 Spring Street, Los Angeles, California 90012, David L. Ray, Federal Court Receiver ("Receiver") appointed in this action as receiver of Ruderman Capital Management, LLC ("RCM"), Ruderman Capital Partners, LLC ("RCP"), and Ruderman Capital Partners A ("RCP-A") (collectively, the "Receivership Entities"), will and does move and petition the court for instructions and an order (1) approving the stipulation between the Receiver and Howard M. Ehrenberg, the Chapter 7 Trustee in the bankruptcy of RCP (the "Trustee") concerning the liquidation and division of proceeds of certain depository and brokerage accounts in the name of RCP (the "Stipulation"); (2) terminating the Receiver's duties as to RCP and removing RCP as one of the Receivership Entities; and (3) modifying or amending the assets freeze orders of this Court in order to allow the liquidation of the accounts in the name of RCP.

The Receiver believes that the Stipulation with the Trustee resolves numerous issues involving the RCP Bankruptcy and the Receivership Estate, including issues concerning the rights and interests of each the Receivership Entities in the assets which have been frozen by orders of this Court, and that the compromise provided in the Stipulation is in the best interests of the Receivership Estate and all its creditors and that the Court should authorize the Receiver to proceed with the Stipulation. As part of the Stipulation, the Receiver requests that RCP be removed as one of the Receivership Entities and that the Receiver's duties for RCP be terminated. Further, in connection with the Stipulation, the Receiver also herein requests that this Court modify its existing freeze orders in order to allow the liquidation of the RCP accounts and division of proceeds between the Receiver and Trustee.

125897 1  5755 000

1       This Petition is based on this Notice of Petition and Petition for Instructions, the

2   Memorandum of Points and Authorities submitted in support of this Petition, the

3   Declaration of David L. Ray annexed hereto, the records on file in this action and such

4   oral and documentary evidence or oral argument that may be presented before the

5   Court at the time of the hearing.

6       PLEASE TAKE FURTHER NOTICE that any opposition to the Receiver's

7   Petition for Instructions shall be filed and served on the counsel for the Receiver at the

8   address indicated on the first page of this Motion no later than fourteen (14) days prior

9   to the schedule date of the hearing.

10

11   Dated: July 29, 2009        Respectfully submitted,

12               SALTZBURG, RAY & WEISSMAN, LLP

13

14               By: _____

15                   DAMON G. SALTZBURG
                Attorneys for David L. Ray,
                Federal Court Receiver

16

17

18

19

20

21

22

23

24

25

26

27

28

125897 1  5755 000

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND STATEMENT OF FACTS.

On or about April 28, 2009, the SEC filed its Complaint herein against Bradley L. Ruderman and the Receivership Entities. In the Complaint, the SEC charges the Defendants with operating a fraudulent scheme involving two hedge funds consisting of RCP and RCP-A. Thereafter, on the morning of April 29, 2009, this Court held a hearing on the SEC's ex parte application and issued a modified temporary restraining order enjoining the Defendants from further violations of federal securities laws and imposed an asset freeze as to all the Defendants including the Receivership Entities (the "TRO"). The Court also set an Order to Show Cause for a preliminary injunction for May 7, 2009 and continued the SEC's request to appoint a receiver until the time of that hearing. A true and correct copy of the TRO is attached hereto as **Exhibit "A"** and is incorporated herein by this reference.

On April 23, 2009, just days prior to the filing of the Complaint herein, an involuntary Chapter 7 Bankruptcy Petition was filed as to RCP (the "RCP Bankruptcy") by certain investors including Pacific Credit Corp. ("PCC"). Thereafter, on April 27, 2009, PCC filed an emergency motion for the appointment of a trustee which was set for a hearing on April 29, 2009 (the "PCC Motion"). At the hearing on the PCC Motion held on April 29, 2009, the Bankruptcy Court continued the hearing to May 8, 2009.

On May 7, 2009, this Court entered the judgment herein of permanent injunction, order of disgorgement, appointment of permanent receiver and other relief as to the Defendants ("Appointment Order"). A true and correct copy of the Appointment Order is attached hereto as **Exhibit "B"** and is incorporated herein by this reference. As provided in the Appointment Order, the Receiver was appointed as permanent receiver over the Receivership Entities and their subsidiaries and affiliates

125897 1  5755 000

1  and was provided the full power as the equity receiver over all funds and assets of the
2  Receivership Entities.

3        At the continued May 8 hearing held on the PCC Motion, with the Receiver's
4  appointment, the Bankruptcy Court denied the motion.  Thereafter, the SEC filed a
5  motion to dismiss the RCP Bankruptcy, which motion was heard on May 20, 2009,
6  and was denied by Bankruptcy Court.  Thereafter, the Bankruptcy Court entered an
7  order for relief concerning the RCP Bankruptcy and the Office of the United States
8  Trustee appointed Howard M. Ehrenberg as interim trustee in the RCP Bankruptcy
9  ("Trustee") and the Trustee accepted his appointment on June 5, 2009.

10       On June 4, 2009, the SEC filed its motion to withdraw reference concerning the
11  RCP Bankruptcy, which motion thereafter was denied pursuant to the order of this
12  Court issued on June 24, 2009.  A true and correct copy of the order denying the
13  motion to withdraw reference is attached hereto as **Exhibit "C"** and is incorporated
14  herein by this reference (the June 24 Order").

15       At present, issues exist between the Receiver and the Trustee in connection with
16  the Receivership Estate and the RCP Bankruptcy concerning where the ownership of
17  the assets lie, i.e., whether, ownership lies with RCM, RCP or RCP-A or some other
18  party or entity.[1]  With respect to the TRO and the Appointment Order, the following
19  accounts of the Receivership Entities, all under the name of RCP and still open with
20  assets, were frozen (the "RCP Accounts"): two accounts at Wells Fargo Bank, N.A.,
21  (the "Wells Fargo Accounts") and one account at Wachovia Securities, LLC (the
22  "Wachovia Account").  As to the Wells Fargo Accounts, the Receiver has been
23  informed that funds in such accounts were frozen in the amount of approximately
24  $16,930.75.  As to the Wachovia Account, the Receiver has been informed that funds
25  were frozen in that account of $308.07 and that the account also contains securities
26  consisting of approximately 835,000 shares of China Tel Group, Inc. (the

27

28

---

[1] In fact, the existence on such issues is addressed by the Court in the June 24 Order.

125897 1  5755 000

1   "Securities"), which has a share price as of close of market on July 24, 2009 of $0.81

2   per share.  The RCP Accounts have been frozen by orders of this Court and the

3   Receiver does not have authority to use the assets in such accounts even to pay any

4   administrative expenses of the Receivership Estate and this Court retained jurisdiction

5   to disburse the funds in such accounts to investors of the Receivership Entities.   The

6   Receiver does not have any funds on hand in the Receivership Estate and the assets in

7   the RCP Accounts are the only property to date related to the Receivership Entities

8   that the Receiver has been able to locate.

9        The Receiver and the Trustee do not currently have sufficient records in order

10   to determine the ownership of the assets in the RCP Accounts, especially based on

11   what appears to be the commingling of funds between the three entities.  See,

12   Declaration of David L. Ray, annexed hereto, at ¶ 10.  Further, a detailed forensic

13   accounting analysis of all the records relating to the Receivership Entities, including

14   those additional records which may be obtained from the FBI, may not be sufficient in

15   order to determine the ownership of the assets between the Receivership Entities.  In

16   addition, the costs and time associated with attempting to trace the funds transferred in

17   and out of the accounts of the various Receivership Entities would be extensive.

18        In order to resolve the issues between the Trustee and the Receiver regarding

19   the right, title and interest in and to the proceeds from the RCP Accounts and in order

20   to minimize the expense and time associated with attempting a tracing of funds into

21   and out of the accounts of the Receivership Entities, the Receiver and the Trustee have

22   reached a compromise.  The compromise is memorialized in the stipulation between

23   the Receiver and the Trustee, a true and correct copy of which is attached hereto as

24   **Exhibit "D"** and is incorporated herein by this reference (the "Stipulation").

25        Under the terms of the Stipulation, subject to approval of this Court and the

26   Bankruptcy Court, the parties have agreed to liquidate the RCP Accounts with half of

27   the proceeds from said accounts transferred to the Trustee in the RCP Bankruptcy to

28   be used in satisfaction of the claims of the creditors of RCP and the remaining half of

1   the proceeds turned over to the Receiver to be held in the Receivership Estate for the

2   creditors and investors of RCM and RCP-A.  As part of the terms of the Stipulation, it

3   is agreed that the Receiver would seek an order from this Court modifying or

4   amending the TRO and the Appointment Order to permit the immediate liquidation of

5   the RCP Accounts.  In addition, as there is a duly appointed Trustee in the RCP

6   Bankruptcy and since an agreement has been reached to divide the RCP Accounts, the

7   receivership for RCP is no longer necessary and the Receiver seeks an order from this

8   Court terminating the receivership as to RCP and terminating the Receiver's duties as

9   Receiver for RCP.

10          The Receiver believes that the Stipulation is in the best interests of the

11   Receivership Estate and all its creditors and should be approved.  The Stipulation

12   resolves issues and disputes as to the ownership of the assets in the RCP Accounts and

13   also resolves issues between the Receiver and the Trustee concerning the ownership

14   and control over the assets of RCP and puts the control of the assets of RCP and the

15   issues concerning the distribution to creditors into the control of one fiduciary and

16   under the control of the jurisdiction of a single court.  The Stipulation also avoids the

17   extensive time and costs which would have to be incurred in order to attempt to trace

18   the funds provided into and out of the various accounts of the Receivership Entities in

19   order to attempt to try and determine which of the entities would be entitled to all or a

20   portion of the assets in the RCP Accounts.  As a result of this Stipulation, RCP will be

21   removed as an entity in the Receivership Estate and funds will be available to provide

22   a distribution to the creditors of RCM and RCP-A.  As to the creditors and investors

23   of RCP, the Stipulation should avoid further confusion of having two courts with

24   jurisdiction over RCP's assets and they can now look strictly to the RCP Bankruptcy

25   for satisfaction of their claims.

26

27

28

II.   **RECEIVER BELIEVES THAT THE STIPULATION IS IN THE BEST INTERESTS OF THE RECEIVERSHIP ESTATE AND SHOULD BE APPROVED.**

The Receiver is an officer and agent of the court and the receivership estate is subject to the continuous supervision and control of the court. See, 13 Moore's Federal Practice, § 66.03[3] (3d ed. 2000); See also, Steinberg v. Goldstein (1954) 129 Cal.App.2d 682, 685, 279 P.2d 22; Turner v. Superior Court (1977) 72 Cal.App.3d 804, 813, 140 Cal. Rptr. 475. The Receiver's "functions and powers" are controlled by statute, by the order appointing and by the court's subsequent orders and the court has extremely broad discretion in its directions in overseeing the receivership estate. See, SEC v. Hardy, 803 F.2d 1034, 1037 (9th Cir. 1986); SEC v. Lincoln Thrift Association, 577 F.2d 600, 606 (9th Cir. 1978); See also, Hillman v. Stults (1968) 263 Cal.App. 2d 848, 876, 70 Cal. Rptr. 295.

By the Appointment Order, the Receiver was authorized to take control and possession of all of the assets and property of the Receivership Entities and was authorized and directed to take control of all accounts of the Receivership Entities. Further, pursuant to the Appointment Order, the Court retained jurisdiction concerning the disbursement to investors of the funds in all accounts including the RCP Accounts.

Herein, the Receiver seeks the authority of this Court to enter into the Stipulation and seeks an order of this Court approving the same. No specific authority was provided to the Receiver in the Appointment Order to enter into such a compromise as provided in the Stipulation.

Again, this Court has extremely broad discretion in its directions in overseeing the Receivership Estate, including in approving compromises. SEC v. Hardy, 803 F.2d at 1037; SEC v. Lincoln Thrift Association, 577 F.2d at 606. On approving a compromise, the leading treatise on receivership law states:

8

1   "The only justification for the compromise of claims is that

2   it is done for the best interests of the receivership and the

3   estate under the control and possession of the court."

4   3 Clark on Receivers, § 655 (3d ed. 1959)

5   "The court appointing a receiver must use its discretion in

6   determining whether it is in the best interests of the estate

7   that the receiver be authorized to compromise a claim, and

8   when the appointing court has not abused its discretion in

9   giving instructions to the receiver, its orders will not be

10   disturbed or reviewed in the appellate court."

11   3 Clark on Receivers, § 770 (3d ed. 1959)

12   Further, pursuant to Local Rule 66-8, a receiver is directed to administer a

13   receivership estate "as nearly as possible in accordance with the practice in the

14   administration of estates in bankruptcy." Under Rule 9019 of the Federal Rules of

15   Bankruptcy Procedure, the court in a bankruptcy case may approve a proposed

16   compromise of controversy after notice and an opportunity for hearing. Ninth Circuit

17   decisions in In re A & C Properties, 784 F.2d 1377 (9th Cir. 1986) and In re

18   Woodson, 839 F.2d 610 (9th Cir. 1988) establish four factors the court must consider

19   in ruling on the approval of compromises in bankruptcy:

20   "(a) The probability of success in the litigation; (b) the

21   difficulties, if any, to be encountered in the matter of

22   collection; (c) the complexity of the litigation involved, and

23   the expense, inconvenience and delay necessarily attending

24   it; (d) the paramount interest of the creditors and a proper

25   deference to their reasonable views in the premises."

26   In re A & C Properties, 784 F.2d at 1381. See also, in re Woodson, 839 F.2d at 620.

27   The Receiver has evaluated the compromise as provided for in the Stipulation

28   under the factors identified in the Ninth Circuit cases cited above and believes that the

9

1 | compromise is fair and reasonable and in the best interests of the Receivership Estate
2 | and should be approved.  The Stipulation resolves issues and disputes concerning the
3 | control over the assets of RCP and provides such control under the authority of one
4 | court fiduciary and under the jurisdiction of a single court.   The terms of the
5 | Stipulation also resolve issues concerning the right, title and ownership of assets
6 | particularly those in the RCP Accounts.  It also avoids the extensive time in
7 | connection with attempting to conduct a detailed tracing by a forensic accountant as to
8 | the transfers of funds in and out of the various accounts maintained by the
9 | Receivership Entities and avoids the extensive costs which would be incurred in
10 | connection thereto.  The division also allows for the immediate liquidation of the
11 | assets in the RCP Accounts, including the Securities in the Wachovia Account for
12 | which the value fluctuates greatly.

## III.  RCP SHOULD BE REMOVED AS ONE OF THE RECEIVERSHIP ENTITIES AND THE RECEIVER'S DUTIES AS TO RCP SHOULD BE TERMINATED.

With an agreement reached concerning the division of the assets between the Receivership Entities and there being a Trustee having the power and authority over the assets of RCP and the ability of the creditors of RCP to look to the bankruptcy estate for satisfaction on their claims, the Receiver believes that there is no need for RCP to be part of this Receivership Estate and that the Receiver's duties for RCP should be terminated.  By doing so, the issues concerning the ownership over the assets of RCP between the Trustee and the Receiver will be resolved and the creditors and investors will have certainty as to who has control over the assets of RCP and who to look to for payment on their claims.

As such, the Receiver requests that RCP be removed as an entity in the Receivership Estate and that the Receiver's duties as to RCP be terminated.

125897 1  5755 000

**IV.   THE ASSET FREEZE ORDERS SHOULD BE MODIFIED IN ORDER TO ALLOW THE LIQUIDATION OF THE RCP ACCOUNTS.**

As provided for in Stipulation, it has been agreed between the Receiver and the Trustee that the RCP Accounts should be liquidated and that fifty percent (50%) of the proceeds from the liquidation of such accounts should be provided to the Trustee for the estate of the RCP Bankruptcy and that the remaining 50% of the proceeds should be provided to the Receiver to be used in the Receivership Estate for the creditors and investors of the remaining Receivership Entities, RCM and RCP-A.  In this regard, the existing TRO and Appointment Order must be modified and/or amended in order to lift the freeze currently on the RCP Accounts so that the assets therein can be liquidated and the proceeds can be divided between the Trustee and the Receiver.  As such, the Receiver herein seeks an order of this court modifying the existing TRO and Appointment Order to allow the Trustee and the Receiver authority to immediately liquidate the RCP Accounts.

**V.   CONCLUSION.**

For the reasons set forth above, the Receiver respectfully requests the Court issue an order (1) approving the Stipulation between the Receiver and the Trustee, (2) removing RCP as an entity in the Receivership Estate and terminating the Receiver's duties as to RCP, and (3) modifying or amending the existing asset freeze orders in order to allow the immediate liquidation by the Receiver and the Trustee of the accounts frozen by such orders.

Dated: July 29, 2009                 Respectfully submitted,

SALTZBURG, RAY & WEISSMAN, LLP

By: _____
DAMON G. SALTZBURG
Attorneys for David L. Ray,
Federal Court Receiver

11

125897 1  5755 000

## DECLARATION OF DAVID L. RAY

I, David L. Ray, declare as follows:

1.      I am the duly appointed, qualified and acting permanent Federal Court Receiver appointed in this action entitled <u>Securities and Exchange Commission v. Bradley L. Ruderman, etc., et al</u>., United States District Court Case No. CV 09-2974 VBF (JCx), having been appointed pursuant to the judgment and order of this court filed May 7, 2009 ("Appointment Order"). I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify thereto.

2.      Pursuant to the Appointment Order, I was appointed permanent receiver of Ruderman Capital Management, LLC ("RCM"), Ruderman Capital Partners, LLC ("RCP") and Ruderman Capital Partners A ("RCP-A") and their subsidiaries and affiliates (collectively, the "Receivership Entities"). Pursuant to the Appointment Order, I was provided the full powers of an equity receiver including full power over all the funds, assets, causes of action, records, papers and other property belonging to and being managed by or in the possession of the Receivership Entities. A true and correct copy of the Appointment Order is attached hereto as **Exhibit "B"** and is incorporated herein by this reference.

3.      Since my appointment as receiver over the Receivership Entities, I have taken numerous actions in fulfillment of my duties. Among those duties, as provided for in Section IV ¶C of the Appointment Order, I have conducted an investigation to locate and account for all the assets of the Receivership Entities.

4.      Prior to my appointment, on April 29, 2009, in this action, the Court issued a modified temporary restraining order enjoining the Defendants from further violations of federal securities laws and imposed an asset freeze as to all the Defendants including the Receivership Entities (the "TRO"). A true and correct of the TRO is attached hereto as **Exhibit "A"** and is incorporated herein by this reference.

5.      On April 23, 2009, just prior to the filing of the complaint herein, an involuntary Chapter 7 Bankruptcy Petition was filed as to RCP (the "RCP

12

125897 1  5755 000

Bankruptcy") by certain investors including Pacific Credit Corp (PCC"). On April 27, 2009, PCC filed an emergency motion for the appointment of a trustee which was set for hearing on April 29, 2009 (the "PCC Motion"). The Bankruptcy Court continued the hearing to May 8, 2009 at which time, with my appointment as Receiver, the PCC Motion was denied. Thereafter, the SEC filed a motion to dismiss the RCP Bankruptcy, which was heard on May 20, 2009 and was denied by the Bankruptcy Court. Thereafter, the Bankruptcy Court enter an order for a relief concerning the RCP Bankruptcy and the Office of the United States Trustee appointed Howard M. Ehrenberg as Trustee in the RCP Bankruptcy ("Trustee") and the Trustee accepted his appointment on June 5, 2009.

6.      On June 4, 2009, the SEC filed its motion to withdraw reference concerning the RCP Bankruptcy which motion thereafter was denied pursuant to the order of this Court issued on June 24, 2009, a true and correct copy of such order is attached hereto as **Exhibit "C"** and is herein incorporated by this reference.

7.      With respect to the TRO and the Appointment Order, I am aware of that the following accounts of the Receivership Entities, all under the name of RCP and still open with assets, were frozen (the "RCP Accounts"): two accounts at Wells Fargo Bank, N.A. (the "Wells Fargo Accounts") and one account at Wachovia Securities, LLC (the "Wachovia Account"). As to the Wells Fargo Accounts, I have been informed that the funds in such accounts were frozen in the amount of approximately $16,930.75. As to the Wachovia Account, I have been informed that the funds have been frozen in that account of $308.07 and that the account also contains securities consisting of approximately 835,000 shares of China Tel Group, Inc. (the "Securities"), which has a share price as of the close of market on July 24, 2009, of $0.81 cents per share.

8.      I do not as Receiver have authority to use the assets in the RCP Accounts even to pay any administrative expenses of the Receivership Estate and pursuant to

125897 1  5755 000

the Appointment Order, this Court retained jurisdiction to disburse the funds in such accounts to investors for the Receivership Entities.

9. I do not have any funds on hand in the Receivership Estate and the assets in the RCP Accounts are the only property to date related to the Receivership Entities that I have been able to locate.

10. Based on the records which I have reviewed relating to the Receivership Entities, including the records relating to bank accounts maintained under the names of each of the Receivership Entities and under the name of Bradley Ruderman, it appears that there has been an extensive commingling of funds by and between the Receivership Entities, as well as between Bradley Ruderman and the Receivership Entities. Just as an example of such transfers, attached hereto collectively as **Exhibit "E"** and incorporated herein by this reference are true and correct copies of checks and bank statements which indicate transfers of funds by and between RCP, RCP-A and RCM.

11. At present, there exist issues between myself, as Receiver, and the Trustee regarding the right, title and interest in and to the proceeds from the RCP Accounts as between the Receivership Estate and the RCP Bankruptcy. Neither I nor the Trustee currently has sufficient records in order to even attempt to determine the ownership of the assets in the RCP Accounts as between the Receivership Entities. Further, it may be impractical, if not impossible, to make a determination concerning the ownership of the assets from the RCP Accounts and a determination would require a detailed forensic analysis involving a tracing of the funds in and out of the numerous accounts of the various Receivership Entities. Such an analysis would be both time consuming and expensive.

12. As such, in order to resolve the issues between myself, as Receiver, and the Trustee regarding the right, title and interest in and to the proceeds from the RCP Accounts, and in order to minimize the expense and time associated with attempting a tracing of funds into and out of the accounts of the Receivership Entities, I have

14

125897 1  5755 000

reached a compromise with the Trustee, subject to approval of both this Court and the Bankruptcy Court. The compromise is memorialized in the Stipulation which is attached hereto as **Exhibit "D"** and incorporated herein by this reference (the "Stipulation").

13.     Under the terms of the Stipulation, subject to approval of this Court and the Bankruptcy Court, the Trustee and I have agreed to liquidate the RCP Accounts, with one-half of the proceeds from said accounts to be transferred to the Trustee in the RCP Bankruptcy and the remaining one-half of the proceeds to be turned over to me, as Receiver, to be held in the Receivership Estate for the creditors and investors of RCM and RCP-A. As part of the terms of the Stipulation, it is agreed that I shall seek an order from this Court modifying or amending the TRO and the Appointment Order to permit the immediate liquidation of the RCP Accounts. In addition, with the compromise reached under the Stipulation, it does not appear that there is any need for RCP to be part of the Receivership Estate. As such, I herein seek an order of this Court removing RCP from the receivership and terminating my duties as Receiver for RCP.

14.     I believe that the Stipulation is fair and reasonable and is in the best interest of the Receivership Estate and all of its creditors and should be approved. The Stipulation resolves issues and disputes as to the ownership of assets in the RCP Accounts and also resolves issues between myself, as Receiver, and the Trustee concerning the ownership and control over the assets of RCP and puts control of the assets of RCP and the issues concerning the distribution to creditors of RCP into the control of the Trustee and under the control and jurisdiction of the Bankruptcy Court alone. The Stipulation also avoids the expense and time which otherwise would have to be incurred in order to attempt to trace the funds provided into and out of the various accounts of the Receivership Entities in order to attempt to try and determine which of the entities will be entitled to all or a portion of the assets in the RCP Accounts. The Stipulation also allows for the immediate liquidation of the Securities

15

at their present value and avoids the possibility of the shares greatly decreasing in value.

15.   As such, and for all the reasons stated herein, I request that I be authorized to enter into the Stipulation and that the terms of the Stipulation be approved.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 24 day of July, 2009, at Los Angeles, California.

DAVID L. RAY

125897 1  5755 000

# EXHIBIT A

Case 2:09-cv-02974-VBF-JC    Document 12    Filed 04/29/2009    Page 1 of 28



1  GREGORY C. GLYNN, Cal Bar. No. 39999
   Email:  glynng@sec.gov
2  MORGAN B. WARD DORAN, Cal. Bar No. 246107
   Email:   warddoranm@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
5  Andrew G. Petillon, Associate Regional Director
   John M. McCoy III, Regional Trial Counsel
6  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036-3648
7  Telephone:  (323) 965-3998
   Facsimile:   (323) 965-3908
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                                    C V 09 - 02974

12  SECURITIES AND EXCHANGE        Case No.   LBF
    COMMISSION,
13                                 [PROPOSED] TEMPORARY
          Plaintiff,               RESTRAINING ORDER AND
14                                 ORDERS: (1) FREEZING ASSETS,
          vs.                      (2) APPOINTING A TEMPORARY
15                                 RECEIVER, (3) PROHIBITING
    BRADLEY L. RUDERMAN;           THE DESTRUCTION OF
16  RUDERMAN CAPITAL               DOCUMENTS, (4) GRANTING
    MANAGEMENT, LLC; RUDERMAN      EXPEDITED DISCOVERY, AND
17  CAPITAL PARTNERS, LLC; and     (5) REQUIRING ACCOUNTINGS;
    RUDERMAN CAPITAL               AND ORDER TO SHOW CAUSE
18  PARTNERS A, LLC,               RE PRELIMINARY INJUNCTION
                                   AND APPOINTMENT OF A
19        Defendants.              PERMANENT RECEIVER

20

21        This matter came to be heard upon the *Ex Parte* Application of Plaintiff

22  Securities and Exchange Commission ("Commission") for a Temporary

23  Restraining Order And Orders:  (1) Freezing Assets, (2) Appointing A Temporary

24  Receiver, (3) Prohibiting The Destruction Of Documents, (4) Granting Expedited

25  Discovery, And (5) Requiring Accountings; And To Show Cause Re Preliminary

26  Injunction And Appointment Of A Permanent Receiver (the "Application").

27        The Court, having considered the Commission's Complaint, its Application,

28  the Memorandum of Points and Authorities, and the Declarations and other

                              **EXHIBIT  A**

                                              .000 17

1   documents filed in support of the Application, and all other evidence and argument *on april 28 + 29,*

2   presented regarding the Application, finds that: *and having heard oregument 2009 (as reflected in reporters note)*

3       A.    This Court has jurisdiction over the parties to, and the subject matter

4   of, this action.

5       B.    Good cause exists to believe that defendants Bradley L. Ruderman,

6   Ruderman Capital Management, LLC ("RCM"), Ruderman Capital Partners, LLC

7   ("RCP"), and Ruderman Capital Partners A, LLC ("RCP-A"), and each of them,

8   have engaged in, are engaging in, and are about to engage in transactions, acts,

9   practices and courses of business that constitute violations of Section 17(a) of the

10  Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Section 10(b) of the

11  Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule

12  10b-5 thereunder, 17 C.F.R. § 240.10b-5.

13      C.    The Commission has demonstrated a probability of success on the

14  merits in this action and the possibility of dissipation of assets.

15      D.    Good cause exists to believe that defendants will continue to engage

16  in such violations to the immediate and irreparable loss and damage to investors

17  and to the general public unless they are restrained and enjoined.

18      E.    It is appropriate and the interests of justice require that the

19  Commission's Application be granted without notice to the defendants as the

20  Commission has set forth in its Application the reasons supporting its claim that

21  notice should not be required, and it appears from specific facts shown by the

22  Declarations filed by the Commission that immediate and irreparable injury, loss,

23  or damage will result if notice to the defendants is given.

                             **I.**

24

25      IT IS HEREBY ORDERED that the Commission's Application for a

26  Temporary Restraining Order and Orders:  (1) Freezing Assets, (2) ~~Appointing A~~

27  ~~Temporary Receiver~~, (3) Prohibiting The Destruction Of Documents, (4) ~~Granting~~

28



1   Expedited Discovery, And (5) Requiring Accountings; And To Show Cause Re

2   Preliminary Injunction And Appointment Of A Permanent Receiver is GRANTED.

3                                                 **II.**

4         IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and

5   RCP-A, and their officers, agents, servants, employees, attorneys, subsidiaries and

6   affiliates, and those persons in active concert or participation with any of them,

7   who receive actual notice of this Order, by personal service or otherwise, and each

8   of them, be and hereby are temporarily restrained and enjoined from, directly or

9   indirectly, in the offer or sale of any securities, by the use of any means or

10  instruments of transportation or communication in interstate commerce or by the

11  use of the mails:

12        A.    employing any device, scheme or artifice to defraud;

13        B.    obtaining money or property by means of any untrue statement of a

14              material fact or any omission to state a material fact necessary in order

15              to make the statements made, in light of the circumstances under

16              which they were made, not misleading; or

17        C.    engaging in any transaction, practice, or course of business which

18              operates or would operate as a fraud or deceit upon the purchaser;

19  in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

20                                                **III.**

21        IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and

22  RCP-A, and their officers, agents, servants, employees, attorneys, subsidiaries and

23  affiliates, and those persons in active concert or participation with any of them,

24  who receive actual notice of this Order, by personal service or otherwise, and each

25  of them, be and hereby are temporarily restrained and enjoined from, directly or

26  indirectly, in connection with the purchase or sale of any security, by the use of

27  any means or instrumentality of interstate commerce, or of the mails, or of any

28  facility of any national securities exchange:

000 19

A.   employing any device, scheme or artifice to defraud;

B.   making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.   engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**IV.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this (See ¶¶. See V, page 5¶ 3-6) Court, defendants Ruderman, RCM, RCP, and RCP-A, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly:

A.   transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of defendants Ruderman, RCM, RCP, and RCP-A, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them;

B.   transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any investment contracts or other securities of defendants RCM, RCP or RCP-A, or any of their subsidiaries or affiliates.

4

000 20

**V.**

1

2    IT IS FURTHER ORDERED that, except as otherwise ordered by this

3  Court, an immediate freeze shall be placed on all monies and assets (with an

4  allowance for necessary and reasonable living expenses to be granted only upon

5  good cause shown by application to the Court with notice to and an opportunity for

6  the Commission to be heard) in all accounts at any bank, financial institution or

7  brokerage firm, all certificates of deposit, and other funds or assets, held in the

8  name of, for the benefit of, or over which account authority is held by Ruderman,

9  RCM, RCP, and RCP-A, or any entity affiliated with any of them, including, but

10  not limited to, the accounts set forth below:

11

| Bank Name | Account Name | Account No. |
|---|---|---|
| Wells Fargo Bank | Bradley L. Ruderman | ███ |
| Wachovia Securities | Bradley L. Ruderman | ███ |
| Wells Fargo Bank | Ruderman Capital Partners, LLC | ███ |
| Wells Fargo Bank | Ruderman Capital Partners, LLC | ███ |
| Wachovia Securities | Ruderman Capital Partners, LLC | ███ |

18    **VI.**

19    IT IS FURTHER ORDERED that David L. Ray is appointed as temporary

20  receiver of RCM, RCP, and RCP-A, and their subsidiaries and affiliates, with full

21  powers of an equity receiver, including, but not limited to, full power over all

22  funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise

23  controlled), choses in action, books, records, papers and other property belonging

24  to, being managed by or in the possession of or control of RCM, RCP, and RCP-A,

25  and their subsidiaries and affiliates, and that such receiver is immediately

26  authorized, empowered and directed:

27        A.    to have access to and to collect and take custody, control, possession,

28              and charge of all funds, assets, collateral, premises (whether owned,

5

1  leased, occupied, or otherwise controlled), choses in action, books,

2  records, papers and other real or personal property, wherever located,

3  of or managed by Ruderman, RCM, RCP, or RCP-A and their

4  subsidiaries and affiliates, with full power to sue, foreclose, marshal,

5  collect, receive, and take into possession all such property (including

6  access to and taking custody, control, and possession of all such

7  property, and that of their subsidiaries and affiliates, at ⬛⬛ Benedict

8  Canyon Dr., Beverly Hills, CA 90210);

9  B.  to have control of, and to be added as the sole authorized signatory

10  for, all accounts of the entities in receivership, including all accounts

11  at any bank, title company, escrow agent, financial institution or

12  brokerage firm which has possession, custody or control of any assets

13  or funds of Ruderman, RCM, RCP, and RCP-A, and their subsidiaries

14  and affiliates, or which maintains accounts over which Ruderman,

15  RCM, RCP, and RCP-A, and their subsidiaries and affiliates, and/or

16  any of their employees or agents have signatory authority;

17  C.  to conduct such investigation and discovery as may be necessary to

18  locate and account for all of the assets of or managed by Ruderman,

19  RCM, RCP, or RCP-A, and any subsidiaries and affiliates, and to

20  engage and employ attorneys, accountants and other persons to assist

21  in such investigation and discovery;

22  D.  to take such action as is necessary and appropriate to preserve and

23  take control of and to prevent the dissipation, concealment, or

24  disposition of any assets of or managed by Ruderman, RCM, RCP, or

25  RCP-A, and any subsidiaries and affiliates;

26  •  E.  to make an accounting, as soon as practicable, to this Court, the

27  Commission, and any interested government agencies, of the assets

28  and financial condition of Ruderman, RCM, RCP, and RCP-A, and to

1   file the accounting with the Court and deliver copies thereof to all
2   parties;
3   F.   to make such payments and disbursements from the funds and assets
4   taken into custody, control, and possession or thereafter received by
5   him or her, and to incur, or authorize the making of, such agreements
6   as may be necessary and advisable in discharging his or her duties as
7   temporary receiver;
8   G.   to employ attorneys, accountants, and others to investigate and, where
9   appropriate, to institute, pursue, and prosecute all claims and causes of
10   action of whatever kind and nature which may now or hereafter exist
11   as a result of the activities of present or past employees or agents of
12   Ruderman, RCM, RCP, and RCP-A, and any subsidiaries and
13   affiliates; and
14   H.   to have access to and monitor all mail, electronic mail, and video
15   phone of the entities in receivership in order to review such mail,
16   electronic mail, and video phone which he or she deems relates to
17   their business and the discharging of his or her duties as temporary
18   receiver.

**VII.**

19
20      IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and
21   RCP-A, their subsidiaries and affiliates, including all of the other entities in
22   receivership, and their officers, agents, servants, employees and attorneys, and any
23   other persons who are in custody, possession or control of any assets, collateral,
24   books, records, papers or other property of or managed by any of the entities in
25   receivership, shall forthwith give access to and control of such property to the
26   temporary receiver.
27
28

7

000 23

Case 2:09-cv-02974-VBF-JC   Document 12   Filed 04/29/2009   Page 8 of 28

## VIII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of Ruderman, RCM, RCP, and RCP-A shall take any action or purport to take any action, in the name of or on behalf of RCM, RCP, and RCP-A without the written consent of the temporary receiver or order of this Court.

## IX.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Ruderman, RCM, RCP, and RCP-A, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Ruderman, RCM, RCP, and RCP-A; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the temporary receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Ruderman, RCM, RCP, and RCP-A, or in any

8

1    way to interfere with or harass the temporary receiver or his or her

2    attorneys, accountants, employees, or agents or to interfere in any

3    manner with the discharge of the temporary receiver's duties and

4    responsibilities hereunder.

**X.**

6        IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and

7    RCP-A, and their subsidiaries, affiliates, officers, agents, servants, employees, and

8    attorneys, shall cooperate with and assist the temporary receiver and shall take no

9    action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the

10   temporary receiver or his or her attorneys, accountants, employees, or agents, in

11   the conduct of the temporary receiver's duties or to interfere in any manner,

12   directly or indirectly, with the custody, possession, management, or control by the

13   temporary receiver of the funds, assets, collateral, premises, and choses in action

14   described above.

**XI.**

16       IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and

17   RCP-A, and their subsidiaries and affiliates, shall pay the costs, fees and expenses

18   of the temporary receiver incurred in connection with the performance of his or her

19   duties described in this Order, including the costs and expenses of those persons

20   who may be engaged or employed by the temporary receiver to assist him or her in

21   carrying out his or her duties and obligations.  All applications for costs, fees, and

22   expenses for services rendered in connection with the receivership other than

23   routine and necessary business expenses in conducting the receivership, such as

24   salaries, rent, and any and all other reasonable operating expenses, shall be made

25   by application setting forth in reasonable detail the nature of the services and shall

26   be heard by the Court.

27

28

## XII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the temporary receiver. Except for an act of gross negligence, the temporary receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the temporary receiver in connection with the discharge of his or her duties and responsibilities.

## · XIII.

IT IS FURTHER ORDERED that representatives of the Commission and any other government agency, are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Ruderman, RCM, RCP, and RCP-A and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XIV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Ruderman, RCM, RCP, and RCP-A, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to

10

1  defendants Ruderman, RCM, RCP, and RCP-A r, and their subsidiaries and

2  affiliates.

## XV.

3

4      IT IS FURTHER ORDERED that the Commission's application for

5  expedited discovery be and hereby is granted and that the Commission may take

6  depositions of defendants and non-parties upon oral examination subject to two

7  calendar days notice pursuant to Rules 30(a) and 45 of the Federal Rules of Civil

8  Procedure, that the Commission may take more than one deposition at the same

9  time, that depositions of the defendants may be taken on any day, including

10  Saturdays, Sundays, and holidays subject to two calendar days notice, including

11  notice given personally, by facsimile or by electronic mail, and the Commission

12  may take more than ten depositions.

## XVI.

13

14      IT IS FURTHER ORDERED that defendant Ruderman shall, within five

15  days of the issuance of this Order, prepare and deliver to the Commission a

16  detailed and complete schedule of all of his personal assets, including all real and

17  personal property exceeding $5,000 in value, and all bank, securities, futures and

18  other accounts identified by institution, branch address, and account number.  The

19  accounting shall include a description of the source(s) of all such assets.  Such

20  accounting shall be filed with the Court and a copy shall be delivered to the

21  Commission's Los Angeles Regional Office.  After completion of the accounting,

22  defendant Ruderman shall produce to the Commission's Los Angeles Regional

23  Office, at a time agreeable to the Commission, all books, records and other

24  documents supporting or underlying his accounting.

## XVII.

25

26      IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and

27  RCP-A, and their officers, agents, servants, employees, attorneys, subsidiaries and

28  affiliates, including the other entities in receivership, shall, within 24 hours of the

000 27

1   issuance of this Order, cause to be prepared and delivered to the temporary

2   receiver, a detailed and complete schedule of all desk top computers, laptop

3   computers and/or personal digital assistants ("PDA") owned and/or used by them

4   in connection with their business.  In the case of defendant Ruderman, he shall,

5   within 24 hours of the issuance of this Order, prepare and deliver to the temporary

6   receiver, a detailed and complete schedule of all desk top computers, laptop

7   computers and/or PDA's owned, controlled or used by him for any purpose.  The

8   schedules required by this section shall include at a minimum the make, model and

9   description of each computer and/or PDA, along with its location, the name of the

10  person primarily assigned to use the computer and/or PDA, all passwords

11  necessary to access the computer and/or PDA, and all passwords necessary to

12  access and use the software contained on the computer and/or PDA.  The

13  temporary receiver shall be authorized to make an electronic, digital or hard copy

14  of all of the data contained on the computers and/or PDAs.

## XVIII.

16      IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and

17  RCP-A, and their officers, agents, servants, employees, attorneys, subsidiaries and

18  affiliates, including the other entities in receivership, shall, within 24 hours of the

19  issuance of this Order, cause to be prepared and delivered to the temporary

20  receiver, a detailed and complete schedule of all passwords, usernames, and

21  identification numbers for all web sites, email accounts, and all accounts at any

22  bank, financial institution or brokerage firm operated by or to which Ruderman,

23  RCM, RCP, and RCP-A have access.

## XIX.

25      IT IS FURTHER ORDERED that this Temporary Restraining Order shall

26  expire at _3:00_ o'clock _p_ .m. on _May 7_ , 2009, unless, for good

27  cause shown, it is extended or unless the parties against whom it is directed

28  consent that it may be extended for a longer period.

12

## XX.

IT IS FURTHER ORDERED that at __1:30__ o'clock __P__.m. on

__May 7,__ 2009, or as soon thereafter as the parties can be heard, the

defendants, and each of them, shall appear before the Honorable

__Valerie Fairbank__, Judge of the United States District Court for the

Central District of California, to show cause, if there be any, why a preliminary

injunction should not be granted and a permanent receiver not appointed in

accordance with the prayer for relief contained in this Complaint filed by the *and additional equitable relief set forth in attached Exh. A*

Commission. Any declarations, affidavits, points and authorities, or other

submissions ~~in support of,~~ or in opposition to, the issuance of such an Order shall

be filed with the Court and delivered to the Commission's Los Angeles office and

the offices of the defendants and/or their attorneys no later than __9:00__ o'clock

__P__.m. on __May 4__, 2009. Any reply papers shall be filed with the Court

and delivered to opposing counsel no later than __9:00__ o'clock __a.m.__ m. on

__May 6, 2009__. Service of all such papers shall be by electronic mail,

facsimile, or personal service.

It is also ordered that the SEC give notice to Defendants of this Order and ~~serve~~ serve the Complaint and all exparte application papers promptly and no later than 9:30 am on Thursday, April 30, 2009. Service shall be personal/hand deliver. The SEC may file supplemental moving papers by noon on May 1, 2009 and must serve them personally or by electronic mail or facsimile

000  29

Case 2:09-cv-02974-VBF-JC   Document 12   Filed 04/29/2009   Page 14 of 28

*Mandatory papers copies of all*
*documents shall be timely left with*
*Chambers.*

**XXI.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED:   April 29, 2009

TIME:   9:50 o'clock ___ .m.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Gregory C. Glynn
Morgan B. Ward Doran
Attorneys for Plaintiff
Securities and Exchange Commission

14

000 30

```
┌──────────────────────┐
│   PLAINTIFF'S         │
│   EXHIBIT             │
│      A                │
└──────────────────────┘
```

1 | GREGORY C. GLYNN, Cal Bar. No. 39999
Email:  glynng@sec.gov
2 | MORGAN B. WARD DORAN, Cal. Bar No. 246107
Email:  warddoranm@sec.gov
3 |
4 | Attorneys for Plaintiff
Securities and Exchange Commission
5 | Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
6 | John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
7 | Los Angeles, California 90036-3648
Telephone:  (323) 965-3998
Facsimile:   (323) 965-3908
8 |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Plaintiff, | **PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDERS:  (1) FREEZING ASSETS, (2) APPOINTING A TEMPORARY RECEIVER, (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS, (4) GRANTING EXPEDITED DISCOVERY, AND (5) REQUIRING ACCOUNTINGS; AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND APPOINTMENT OF A PERMANENT RECEIVER** |
| vs. | |
| BRADLEY L. RUDERMAN; RUDERMAN CAPITAL MANAGEMENT, LLC; RUDERMAN CAPITAL PARTNERS, LLC; and RUDERMAN CAPITAL PARTNERS A, LLC, | |
| Defendants. | |

This matter came to be heard upon the *Ex Parte* Application of Plaintiff Securities and Exchange Commission ("Commission") for a Temporary Restraining Order And Orders:  (1) Freezing Assets, (2) Appointing A Temporary Receiver, (3) Prohibiting The Destruction Of Documents, (4) Granting Expedited Discovery, And (5) Requiring Accountings; And To Show Cause Re Preliminary Injunction And Appointment Of A Permanent Receiver (the "Application").

The Court, having considered the Commission's Complaint, its Application, the Memorandum of Points and Authorities, and the Declarations and other

000 31

1  documents filed in support of the Application, and all other evidence and argument
2  presented regarding the Application, finds that:

3       A.    This Court has jurisdiction over the parties to, and the subject matter
4  of, this action.

5       B.    Good cause exists to believe that defendants Bradley L. Ruderman,
6  Ruderman Capital Management, LLC ("RCM"), Ruderman Capital Partners, LLC
7  ("RCP"), and Ruderman Capital Partners A, LLC ("RCP-A"), and each of them,
8  have engaged in, are engaging in, and are about to engage in transactions, acts,
9  practices and courses of business that constitute violations of Section 17(a) of the
10 Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Section 10(b) of the
11 Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule
12 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

13      C.    The Commission has demonstrated a probability of success on the
14 merits in this action and the possibility of dissipation of assets.

15      D.    Good cause exists to believe that defendants will continue to engage
16 in such violations to the immediate and irreparable loss and damage to investors
17 and to the general public unless they are restrained and enjoined.

18      E.    It is appropriate and the interests of justice require that the
19 Commission's Application be granted without notice to the defendants as the
20 Commission has set forth in its Application the reasons supporting its claim that
21 notice should not be required, and it appears from specific facts shown by the
22 Declarations filed by the Commission that immediate and irreparable injury, loss,
23 or damage will result if notice to the defendants is given.

24 **I.**

25     IT IS HEREBY ORDERED that the Commission's Application for a
26 Temporary Restraining Order and Orders:  (1) Freezing Assets, (2) Appointing A
27 Temporary Receiver, (3) Prohibiting The Destruction Of Documents, (4) Granting

28

000 32

1   Expedited Discovery, And (5) Requiring Accountings; And To Show Cause Re
2   Preliminary Injunction And Appointment Of A Permanent Receiver is GRANTED.

**II.**

4      IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and
5   RCP-A, and their officers, agents, servants, employees, attorneys, subsidiaries and
6   affiliates, and those persons in active concert or participation with any of them,
7   who receive actual notice of this Order, by personal service or otherwise, and each
8   of them, be and hereby are temporarily restrained and enjoined from, directly or
9   indirectly, in the offer or sale of any securities, by the use of any means or
10  instruments of transportation or communication in interstate commerce or by the
11  use of the mails:

12      A.   employing any device, scheme or artifice to defraud;
13      B.   obtaining money or property by means of any untrue statement of a
14           material fact or any omission to state a material fact necessary in order
15           to make the statements made, in light of the circumstances under
16           which they were made, not misleading; or
17      C.   engaging in any transaction, practice, or course of business which
18           operates or would operate as a fraud or deceit upon the purchaser;
19  in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**III.**

21      IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and
22  RCP-A, and their officers, agents, servants, employees, attorneys, subsidiaries and
23  affiliates, and those persons in active concert or participation with any of them,
24  who receive actual notice of this Order, by personal service or otherwise, and each
25  of them, be and hereby are temporarily restrained and enjoined from, directly or
26  indirectly, in connection with the purchase or sale of any security, by the use of
27  any means or instrumentality of interstate commerce, or of the mails, or of any
28  facility of any national securities exchange:

3

000 33

1       A.     employing any device, scheme or artifice to defraud;

2       B.     making any untrue statement of a material fact or omitting to state a

3                material fact necessary in order to make the statements made, in the

4                light of the circumstances under which they were made, not

5                misleading; or

6       C.     engaging in any act, practice, or course of business which operates or

7                would operate as a fraud or deceit upon any person;

8   in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule

9   10b-5 thereunder, 17 C.F.R. § 240.10b-5.

10                              **IV.**

11     IT IS FURTHER ORDERED that, except as otherwise ordered by this

12   Court, defendants Ruderman, RCM, RCP, and RCP-A, and their officers, agents,

13   servants, employees, attorneys, subsidiaries and affiliates, and those persons in

14   active concert or participation with any of them, who receive actual notice of this

15   Order, by personal service or otherwise, and each of them, be and hereby are

16   temporarily restrained and enjoined from, directly or indirectly:

17       A.     transferring, assigning, selling, hypothecating, changing, wasting,

18                dissipating, converting, concealing, encumbering, or otherwise

19                disposing of, in any manner, any funds, assets, securities, claims, or

20                other real or personal property, wherever located, of defendants

21                Ruderman, RCM, RCP, and RCP-A, or their subsidiaries or affiliates,

22                owned by, controlled by, managed by or in the possession or custody

23                of any of them;

24       B.     transferring, assigning, selling, hypothecating, encumbering, or

25                otherwise disposing of any securities, including, but not limited to,

26                any investment contracts or other securities of defendants RCM, RCP

27                or RCP-A, or any of their subsidiaries or affiliates.

28

000 34

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Ruderman, RCM, RCP, and RCP-A, or any entity affiliated with any of them, including, but not limited to, the accounts set forth below:

| Bank Name | Account Name | Account No. |
|---|---|---|
| Wells Fargo Bank | Bradley L. Ruderman | |
| Wachovia Securities | Bradley L. Ruderman | |
| Wells Fargo Bank | Ruderman Capital Partners, LLC | |
| Wells Fargo Bank | Ruderman Capital Partners, LLC | |
| Wachovia Securities | Ruderman Capital Partners, LLC | |

## VI.

IT IS FURTHER ORDERED that David L. Ray is appointed as temporary receiver of RCM, RCP, and RCP-A, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of RCM, RCP, and RCP-A, and their subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

      A.     to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned,

000 35

leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Ruderman, RCM, RCP, or RCP-A and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such property, and that of their subsidiaries and affiliates, at ███ Benedict Canyon Dr., Beverly Hills, CA 90210);

B.   to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of Ruderman, RCM, RCP, and RCP-A, and their subsidiaries and affiliates, or which maintains accounts over which Ruderman, RCM, RCP, and RCP-A, and their subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

C.   to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Ruderman, RCM, RCP, or RCP-A, and any subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D.   to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by Ruderman, RCM, RCP, or RCP-A, and any subsidiaries and affiliates;

E.   to make an accounting, as soon as practicable, to this Court, the Commission, and any interested government agencies, of the assets and financial condition of Ruderman, RCM, RCP, and RCP-A, and to

000 36

1   file the accounting with the Court and deliver copies thereof to all
2   parties;
3   F.   to make such payments and disbursements from the funds and assets
4   taken into custody, control, and possession or thereafter received by
5   him or her, and to incur, or authorize the making of, such agreements
6   as may be necessary and advisable in discharging his or her duties as
7   temporary receiver;
8   G.   to employ attorneys, accountants, and others to investigate and, where
9   appropriate, to institute, pursue, and prosecute all claims and causes of
10   action of whatever kind and nature which may now or hereafter exist
11   as a result of the activities of present or past employees or agents of
12   Ruderman, RCM, RCP, and RCP-A, and any subsidiaries and
13   affiliates; and
14   H.   to have access to and monitor all mail, electronic mail, and video
15   phone of the entities in receivership in order to review such mail,
16   electronic mail, and video phone which he or she deems relates to
17   their business and the discharging of his or her duties as temporary
18   receiver.

19                                      **VII.**

20   IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and
21   RCP-A, their subsidiaries and affiliates, including all of the other entities in
22   receivership, and their officers, agents, servants, employees and attorneys, and any
23   other persons who are in custody, possession or control of any assets, collateral,
24   books, records, papers or other property of or managed by any of the entities in
25   receivership, shall forthwith give access to and control of such property to the
26   temporary receiver.

27

28

000 37

## VIII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of Ruderman, RCM, RCP, and RCP-A shall take any action or purport to take any action, in the name of or on behalf of RCM, RCP, and RCP-A without the written consent of the temporary receiver or order of this Court.

## IX.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Ruderman, RCM, RCP, and RCP-A, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Ruderman, RCM, RCP, and RCP-A; and

C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the temporary receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Ruderman, RCM, RCP, and RCP-A, or in any

000 38

1    way to interfere with or harass the temporary receiver or his or her

2    attorneys, accountants, employees, or agents or to interfere in any

3    manner with the discharge of the temporary receiver's duties and

4    responsibilities hereunder.

### X.

6    IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and

7    RCP-A, and their subsidiaries, affiliates, officers, agents, servants, employees, and

8    attorneys, shall cooperate with and assist the temporary receiver and shall take no

9    action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the

10   temporary receiver or his or her attorneys, accountants, employees, or agents, in

11   the conduct of the temporary receiver's duties or to interfere in any manner,

12   directly or indirectly, with the custody, possession, management, or control by the

13   temporary receiver of the funds, assets, collateral, premises, and choses in action

14   described above.

### XI.

16   IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and

17   RCP-A, and their subsidiaries and affiliates, shall pay the costs, fees and expenses

18   of the temporary receiver incurred in connection with the performance of his or her

19   duties described in this Order, including the costs and expenses of those persons

20   who may be engaged or employed by the temporary receiver to assist him or her in

21   carrying out his or her duties and obligations.  All applications for costs, fees, and

22   expenses for services rendered in connection with the receivership other than

23   routine and necessary business expenses in conducting the receivership, such as

24   salaries, rent, and any and all other reasonable operating expenses, shall be made

25   by application setting forth in reasonable detail the nature of the services and shall

26   be heard by the Court.

27

28

000 39

## XII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the temporary receiver.  Except for an act of gross negligence, the temporary receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the temporary receiver in connection with the discharge of his or her duties and responsibilities.

## XIII.

IT IS FURTHER ORDERED that representatives of the Commission and any other government agency, are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Ruderman, RCM, RCP, and RCP-A and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XIV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Ruderman, RCM, RCP, and RCP-A, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to

1  defendants Ruderman, RCM, RCP, and RCP-A r, and their subsidiaries and
2  affiliates.

3                                   **XV.**

4       IT IS FURTHER ORDERED that the Commission's application for
5  expedited discovery be and hereby is granted and that the Commission may take
6  depositions of defendants and non-parties upon oral examination subject to two
7  calendar days notice pursuant to Rules 30(a) and 45 of the Federal Rules of Civil
8  Procedure, that the Commission may take more than one deposition at the same
9  time, that depositions of the defendants may be taken on any day, including
10 Saturdays, Sundays, and holidays subject to two calendar days notice, including
11 notice given personally, by facsimile or by electronic mail, and the Commission
12 may take more than ten depositions.

13                                  **XVI.**

14      IT IS FURTHER ORDERED that defendant Ruderman shall, within five
15 days of the issuance of this Order, prepare and deliver to the Commission a
16 detailed and complete schedule of all of his personal assets, including all real and
17 personal property exceeding $5,000 in value, and all bank, securities, futures and
18 other accounts identified by institution, branch address, and account number.  The
19 accounting shall include a description of the source(s) of all such assets.  Such
20 accounting shall be filed with the Court and a copy shall be delivered to the
21 Commission's Los Angeles Regional Office.  After completion of the accounting,
22 defendant Ruderman shall produce to the Commission's Los Angeles Regional
23 Office, at a time agreeable to the Commission, all books, records and other
24 documents supporting or underlying his accounting.

25                                 **XVII.**

26      IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and
27 RCP-A, and their officers, agents, servants, employees, attorneys, subsidiaries and
28 affiliates, including the other entities in receivership, shall, within 24 hours of the

000 41

1  issuance of this Order, cause to be prepared and delivered to the temporary
2  receiver, a detailed and complete schedule of all desk top computers, laptop
3  computers and/or personal digital assistants ("PDA") owned and/or used by them
4  in connection with their business.  In the case of defendant Ruderman, he shall,
5  within 24 hours of the issuance of this Order, prepare and deliver to the temporary
6  receiver, a detailed and complete schedule of all desk top computers, laptop
7  computers and/or PDA's owned, controlled or used by him for any purpose.  The
8  schedules required by this section shall include at a minimum the make, model and
9  description of each computer and/or PDA, along with its location, the name of the
10 person primarily assigned to use the computer and/or PDA, all passwords
11 necessary to access the computer and/or PDA, and all passwords necessary to
12 access and use the software contained on the computer and/or PDA.  The
13 temporary receiver shall be authorized to make an electronic, digital or hard copy
14 of all of the data contained on the computers and/or PDAs.

## XVIII.

16      IT IS FURTHER ORDERED that defendants Ruderman, RCM, RCP, and
17 RCP-A, and their officers, agents, servants, employees, attorneys, subsidiaries and
18 affiliates, including the other entities in receivership, shall, within 24 hours of the
19 issuance of this Order, cause to be prepared and delivered to the temporary
20 receiver, a detailed and complete schedule of all passwords, usernames, and
21 identification numbers for all web sites, email accounts, and all accounts at any
22 bank, financial institution or brokerage firm operated by or to which Ruderman,
23 RCM, RCP, and RCP-A have access.

## XIX.

25      IT IS FURTHER ORDERED that this Temporary Restraining Order shall
26 expire at _____ o'clock ____ .m. on _____, 2009, unless, for good
27 cause shown, it is extended or unless the parties against whom it is directed
28 consent that it may be extended for a longer period.

000 42

## XX.

IT IS FURTHER ORDERED that at _____ o'clock ___ .m. on _____, 2009, or as soon thereafter as the parties can be heard, the defendants, and each of them, shall appear before the Honorable _____, Judge of the United States District Court for the Central District of California, to show cause, if there be any, why a preliminary injunction should not be granted and a permanent receiver not appointed in accordance with the prayer for relief contained in this Complaint filed by the Commission. Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and delivered to the Commission's Los Angeles office and the offices of the defendants and/or their attorneys no later than _____ o'clock ___ .m. on _____, 2009. Any reply papers shall be filed with the Court and delivered to opposing counsel no later than _____ o'clock ___ .m. on _____, 2009. Service of all such papers shall be by electronic mail, facsimile, or personal service.

000 43

### XXI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED:     April ___, 2009

TIME:     _____ o'clock ___ .m.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Gregory C. Glynn
Morgan B. Ward Doran
Attorneys for Plaintiff
Securities and Exchange Commission

14

000 44

EXHIBIT B

1  GREGORY C. GLYNN, Cal Bar. No. 39999
   Email: glynng@sec.gov
2  MORGAN B. WARD DORAN, Cal. Bar No. 246107
   Email: warddoranm@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
5  Andrew G. Petillon, Associate Regional Director
   John M. McCoy III, Regional Trial Counsel
6  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036-3648
7  Telephone:  (323) 965-3998
   Facsimile:   (323) 965-3908
8



FILED
CLERK, U.S. DISTRICT COURT

MAY - 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  SECURITIES AND EXCHANGE            Case No. CV 09-2974 VBF (JCx)
    COMMISSION,
13                                     **[PROPOSED] JUDGMENT OF**
            Plaintiff,                 **PERMANENT INJUNCTION,**
14                                     **ORDER OF DISGORGEMENT,**
            vs.                        **APPOINTMENT OF PERMANENT**
15                                     **RECEIVER, AND OTHER RELIEF**
    BRADLEY L. RUDERMAN;               **AS TO DEFENDANTS BRADLEY L.**
16  RUDERMAN CAPITAL                   **RUDERMAN, RUDERMAN**
    MANAGEMENT, LLC; RUDERMAN          **CAPITAL MANAGEMENT, LLC,**
17  CAPITAL PARTNERS, LLC; and         **RUDERMAN CAPITAL PARTNERS**
    RUDERMAN CAPITAL                   **LLC, AND RUDERMAN CAPITAL**
18  PARTNERS A, LLC;                   **PARTNERS A, LLC**

19          Defendants.

20

21         The Securities and Exchange Commission having filed a Complaint and

22  Bradley L. Ruderman, Ruderman Capital Management, LLC ("RCM"), Ruderman

23  Capital Partners, LLC ("RCP"), and Ruderman Capital Partners A, LLC

24  ("RCP-A") (collectively, "Defendants") having entered a general appearance;

25  consented to the Court's jurisdiction over them and the subject matter of this

26  action; consented to the entry of this Judgment without admitting or denying the

27  allegations of the Complaint (except as to jurisdiction); waived findings of fact and

28  conclusions of law; and waived any right to appeal from this Judgment:

**EXHIBIT B**                                     000 45

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the offer or sale of any security:

      (a)    to employ any device, scheme, or artifice to defraud;

      (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)    to employ any device, scheme, or artifice to defraud;

      (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the

000 46

1    circumstances under which they were made, not misleading; or

2              (c)    to engage in any act, practice, or course of business which

3    operates or would operate as a fraud or deceit upon any person.

4                                           III.

5         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

6    Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest

7    thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15

8    U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

9    The Court shall determine the amounts of the disgorgement and civil penalty upon

10   the motion of the Commission.  Prejudgment interest shall be calculated pursuant

11   to 28 U.S.C. § 1961 based on the date of entry of the order fixing the amount of

12   disgorgement.  In connection with the Commission's motion for disgorgement

13   and/or civil penalties, and at any hearing held on such a motion:

14             (a)    Defendants will be precluded from arguing that they did not

15   violate the federal securities laws as alleged in the Complaint;

16             (b)    Defendants may not challenge the validity of this Consent or

17   the Judgment;

18             (c)    solely for purposes of such motion, the allegations of the

19   Complaint shall be accepted as and deemed true by the Court; and

20             (d)    the Court may determine the issues raised in the motion on the

21   basis of affidavits, declarations, excerpts of sworn testimony or investigative

22   testimony, and documentary evidence, without regard to the standards for

23   summary judgment contained in Rule 56(c) of the Federal Rules of Civil

24   Procedure.  In connection with the Commission's motion for disgorgement and/or

25   civil penalties, the parties may take discovery, including discovery from

26   appropriate non-parties.

27

28

000 47

## IV.

IT IS FURTHER ORDERED that David L. Ray is appointed as permanent receiver of RCM, RCP, and RCP-A, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of RCM, RCP, and RCP-A, and their subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendants and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such property, and that of their subsidiaries and affiliates);

B.    to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of Defendants, and their subsidiaries and affiliates, or which maintains accounts over which Defendants, and their subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

C.    to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendants,

000  48

and any subsidiaries and affiliates, and to engage and employ

attorneys, accountants and other persons to assist in such investigation

and discovery;

*With prior court approval,*

D.    to take such action as is necessary and appropriate to preserve and

take control of and to prevent the dissipation, concealment, or

disposition of any assets of or managed by Defendants, and any

subsidiaries and affiliates;

E.    to make an accounting, ~~as soon as practicable~~, *within 30 days* to this Court, ~~the Commission, and any interested government agencies~~, of the assets

and financial condition of Defendants, and to file the accounting with

the Court and deliver copies thereof to all parties; *and to make reports to the court every 30 days thereafter, unless otherwise directed,*

F.    to make such payments and disbursements from the funds and assets

taken into custody, control, and possession or thereafter received by

him or her, and to incur, or authorize the making of, such agreements

as may be necessary and advisable in discharging his or her duties as

permanent receiver;

*On proper written application and order of the court,*

G.    to employ attorneys, accountants, and others to investigate and, where

appropriate, to institute, pursue, and prosecute all claims and causes of

action of whatever kind and nature which may now or hereafter exist

as a result of the activities of present or past employees or agents of

Defendants, and any subsidiaries and affiliates; and

H.    to have access to and monitor all mail, electronic mail, and video

phone of the entities in receivership in order to review such mail,

electronic mail, and video phone which he or she deems relates to

their business and the discharging of his or her duties as permanent

receiver.

5

000 49

## V.

IT IS FURTHER ORDERED that Defendants, their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, and employees, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## VI.

IT IS FURTHER ORDERED that no officer, agent, servant, or employee of Defendants shall take any action or purport to take any action, in the name of or on behalf of RCM, RCP, and RCP-A without the written consent of the permanent receiver or order of this Court.

## VII.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Defendants, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, and employees, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

A.   commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

B.   using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or

6

1   property interests owned by or in the possession of Defendants; and

2   C.   doing any act or thing whatsoever to interfere with taking control,

3   possession or management by the permanent receiver appointed

4   hereunder of the property and assets owned, controlled or managed by

5   or in the possession of Defendants, or in any way to interfere with or

6   harass the permanent receiver or his or her attorneys, accountants,

7   employees, or agents or to interfere in any manner with the discharge

8   of the permanent receiver's duties and responsibilities hereunder.

### VIII.

10   IT IS FURTHER ORDERED that Defendants, and their subsidiaries,

11   affiliates, officers, agents, servants, and employees, shall cooperate with and assist

12   the permanent receiver and shall take no action, directly or indirectly, to hinder,

13   obstruct, or otherwise interfere with the permanent receiver or his or her attorneys,

14   accountants, employees, or agents, in the conduct of the permanent receiver's

15   duties or to interfere in any manner, directly or indirectly, with the custody,

16   possession, management, or control by the permanent receiver of the funds, assets,

17   collateral, premises, and choses in action described above.

### IX.

19   IT IS FURTHER ORDERED that Defendants, and their subsidiaries and

20   affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred

21   in connection with the performance of his or her duties described in this Order,

22   including the costs and expenses of those persons who may be engaged or

23   employed by the permanent receiver to assist him or her in carrying out his or her

24   duties and obligations.  All applications for costs, fees, and expenses for services

25   rendered in connection with the receivership other than routine and necessary

26   business expenses in conducting the receivership, such as salaries, rent, and any

27   and all other reasonable operating expenses, shall be made by application setting

28   forth in reasonable detail the nature of the services and shall be heard by the Court.

000 51

## X.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, and employees or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

## XI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants, and their officers, agents, servants, employees, subsidiaries and affiliates, including the other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants, and their subsidiaries and affiliates.

## XII.

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, subsidiaries and affiliates, including the other entities in receivership, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the permanent receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business. In the case

000 52

1  of defendant Ruderman, he shall, within 24 hours of the issuance of this Order,

2  prepare and deliver to the permanent receiver, a detailed and complete schedule of

3  all desktop computers, laptop computers, and/or PDA's owned, controlled or used

4  by him for any purpose.  The schedules required by this section shall include at a

5  minimum the make, model and description of each computer and/or PDA, along

6  with its location, the name of the person primarily assigned to use the computer

7  and/or PDA, all passwords necessary to access the computer and/or PDA, and all

8  passwords necessary to access and use the software contained on the computer

9  and/or PDA. The permanent receiver shall be authorized to make an electronic,

10  digital or hard copy of all of the data contained on the computers and/or PDAs.

11                                          **XIII.**

12          IT IS FURTHER ORDERED that Defendants, and their officers, agents,

13  servants, employees, subsidiaries and affiliates, including the other entities in

14  receivership, shall, within 24 hours of the issuance of this Order, cause to be

15  prepared and delivered to the permanent receiver, a detailed and complete schedule

16  of all passwords, usernames, and identification numbers for all web sites, email

17  accounts, and all accounts at any bank, financial institution or brokerage firm

18  operated by or to which Defendants have access.

19                                          **XIV.**

20          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

21  Consent is incorporated herein with the same force and effect as if fully set forth

22  herein, and that Defendants shall comply with all of the undertakings and

23  agreements set forth herein.

24

25

26

27

28

000 53

**XV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all asset freeze orders previously issued by this Court should remain in full force and effect until further order of this Court.  This Court shall retain jurisdiction over this action to disburse previously frozen funds to investors and to disburse to investors any sums paid in disgorgement by Defendants and otherwise to implement and to enforce the terms of this Judgment and all other orders and decrees that may be entered herein, and to grant such other relief as the Court may deem necessary and just.

**XVI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

*The SEC is Ordered to give notice to Defendants of this Judgment within one court day by personal delivery and by email, fax or mail.*

Presented by:

_____

Morgan B. Ward Doran
SECURITIES & EXCHANGE COMMISSION
Los Angeles Regional Office
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Dated this 7 day of *May*, 2009.

_____

HON. VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

000 54

# EXHIBIT C

06/25/2009 23:51 FAX  2138942611         U.S DISTRICT COURT                    ☒001/007

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   **CV 09-4007-VBF(JCx)**                    Dated: **June 24, 2009**

Title:     Securities and Exchange Commission -*v*- Ruderman Capital Partners, LLC

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

      Rita Sanchez                          None Present
      Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

      None Present                             None Present

PROCEEDINGS (IN CHAMBERS):     **COURT ORDER DENYING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO WITHDRAW THE REFERENCE OF THE BANKRUPTCY CASE IN RE RUDERMAN CAPITAL PARTNERS (DOC. #1)**

## I.    Ruling

After reading the papers, the Court DENIES Plaintiff Securities and Exchange Commission's ("SEC") Motion to Withdraw the Reference of the Bankruptcy Case *In Re Ruderman Capital Partners, LLC* ("Motion"). Pursuant to grounds set forth in the Oppositions as indicated below, mandatory withdrawal of the reference is not required as there is an insufficient showing that the Bankruptcy Case requires material consideration of non-bankruptcy federal law. There is also an insufficient showing of cause for permissive withdrawal of the reference. **Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter**

MINUTES FORM 90                          Initials of Deputy Clerk __rs__
CIVIL - GEN
                         -1-

EXHIBIT C .                    000 55

appropriate for decision without oral argument.  **The hearing calendared for Monday, June 29, 2009 at 1:30 p.m. is hereby vacated and the matter taken off calendar.**

**II.   Background**

On June 4, 2009, the SEC filed its Motion to Withdraw (doc. #1).  On June 15, 2009, Howard M. Ehrenberg, Chapter 7 Trustee for Ruderman Capital Partners, LLC ("Trustee") filed his Opposition (doc. #9).  On June 22, 2009, the SEC filed its Reply (doc. #12).  The Receiver also filed a Reply on June 22, 2009 (doc. #13).  On June 23, 2009, the petitioning Creditor Pacific Credit Corporation joined in the Trustee's Opposition (doc. #13).

In its Motion, the SEC requests that this Court withdraw the reference of the case *In Re Ruderman Capital Partners, LLC* "on the grounds that (1) consideration of the issues in the bankruptcy case will require the bankruptcy court to materially consider non-bankruptcy federal law" that this Court is already handling in *Securities and Exchange Commission v. Bradley L. Ruderman, et al.*, Civil Action No. 2:09-cv-2974 VBF (JCx) (C.D. Cal. April 28, 2009) ("Commission Action"), and "(2) for cause, including issues of judicial economy."

On April 23, 2009, three investors – Pacific Credit Corporation, Ryan Wald, and the Jordan and Dori Family Trust of 2006 (collectively, the "PCC Creditors") filed a Chapter 7 involuntary petition and emergency motion against Ruderman Capital Partners, LLC ("RCP").  *See In Re Ruderman Capital Partners, LLC*, Bankruptcy case No. 2:09-bk-19539-ER ("Bankruptcy Case") (Bankr. doc. #1).

Five days later, on April 28, 2009, the SEC filed a Complaint against Bradley L. Ruderman ("Ruderman"), Ruderman Capital Management, LLC ("RCM"), RCP or Ruderman Capital Partners, LLC, and Ruderman Capital Partners A, LLC ("RCP-A") (collectively, the "Ruderman Defendants") in the Commission Action seeking a temporary restraining order, a preliminary injunction freezing assets, the appointment of a permanent receiver, and other related relief (Commission doc. #1).  The SEC's Complaint alleges violations of various securities laws.  On April 29, 2009, this Court issued a Temporary Restraining Order enjoining the Ruderman Defendants from violating federal securities laws and also froze assets (Commission doc. #12).  On May 7, 2009, this Court entered a Judgment of Permanent Injunction, Order of Disgorgement, and Other Relief against the Ruderman Defendants (Commission doc. #31).  In the Commission Action, the Court permanently enjoined the Ruderman Defendants from violating various federal securities laws and also appointed David L. Ray as permanent receiver over RCM, RCP, and RCP-A (the "Ruderman Entities").  On May 7, 2009, this Court also denied PCC's request for a stay of the Commission Act (Commission doc. #30).

MINUTES FORM 90                                    Initials of Deputy Clerk ___rs___
CIVIL - GEN

On May 15, 2009, the SEC moved the bankruptcy court to dismiss the Bankruptcy Case *In Re Ruderman Capital Partners, LLC* under 11 U.S.C. Section 305 (Bankr. doc. #12), which was denied (doc. #25). On May 27, 2009, the bankruptcy court entered an order for relief under Chapter 7 against RCP (doc. #23). On June 4, 2009 the SEC filed this Motion to withdraw reference of the Bankruptcy Case *In Re Ruderman Capital Partners, LLC*. On June 5, the bankruptcy court appointed the Trustee in the Bankruptcy Case

## III.   Analysis

### A. Mandatory Withdrawal

Under 28 U.S.C. section 157(d), a district court must withdraw reference of a case when there is *material* consideration of non-bankruptcy federal law. *Security Farms v. International Brotherhood Of Teamsters,* 124 F.3d 999, 1008 (9th Cir. 1997)

"There is a conflict of authority as to what federal issues must be raised" in order for withdrawal to be mandatory. *Davis v. Mahlmann (In re Mahlmann),* 149 B.R. 866 (N.D. Ill. 1993). Some courts hold that withdrawal is required only when there is a "significant and material" application of a non-bankruptcy federal statute. *Id.* at 870 (citing cases). Other courts, taking a more restrictive view, state that withdrawal is necessary only if the proceeding requires a "significant interpretation of a federal statute, in such situations as a conflict between statutes, a case of first impression, or a constitutional challenge." *Davis,* 149 B.R. at 870-71 (citing *In Re Adelphi Institute,* 112 B.R. 534, 537 (S.D.N.Y. 1990)). Still other courts read the statute literally and state that withdrawal is mandatory when the proceeding requires interpretation of Title 11 and non-bankruptcy federal statutes, irrespective of how substantive the non-bankruptcy federal issues are. *In re Am. Body Armor & Equip. Inc.,* 155 B.R. 588 (M.D. Fla. 1993).

The Ninth Circuit stated in *Security Farms v. International Brotherhood Of Teamsters,* 124 F.3d 999, 1008 (9th Cir. 1997) that Section 157 "*mandates* withdrawal in cases requiring material consideration of non-bankruptcy federal law" (emphasis in original). It also stated in dicta that "[b]y contrast, permissive withdrawal does not hinge on the presence of substantial and material questions of federal law." *Id.* at 1008 n.4. *See also Hawaiian Airlines Inc. v. Mesa Air Group, Inc.,* 355 B.R. 214, 222 (D. Hawaii 2006) (citing *Security Brotherhood*). Therefore, it does not appear that the Ninth Circuit reads Section 157 literally, making withdrawal mandatory irrespective of how substantial the non-bankruptcy federal issues are. The SEC states that the Ninth Circuit has not adopted the "substantial and material" standard. However, the Ninth Circuit in *Security Farms* stated that there is mandatory withdrawal when there is *material* consideration of non-bankruptcy federal law, and distinguished permissive withdrawal from mandatory withdrawal by noting that

MINUTES FORM 90                                    Initials of Deputy Clerk __rs__
CIVIL - GEN

000 57

permissive withdrawal does not hinge on the presence of "substantial and material questions of federal law" which implies that mandatory withdrawal does. However, regardless of whether the standard for mandatory withdrawal is "substantial and material" or just "material," there are insufficient grounds for mandatory withdrawal of the entire Bankruptcy Case.

The SEC does not provide sufficient support showing that application of federal securities laws in the Bankruptcy Case will be material in the bankruptcy court. "The 'bare contention' that non-bankruptcy law is dispositive or in conflict with the Bankruptcy Code is not sufficient.'" *In re Enron*, 388 B.R. 131, 136 (S.D.N.Y. 2008) (citations omitted). Furthermore, even if the bankruptcy court were to consider federal securities laws, it must "involve more than mere application of existing law to new facts." *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996). *See also In re Blinder Robinson & Co., Inc.*, 135 B.R. 892 (D. Colo. 1991) (denying motion to withdraw adversary proceeding involving a trustee's claim against principals of debtor as the court found that "it does not appear that a finding of a violation of federal securities laws is necessary to the [t]rustee's success . . . or that any significant interpretation of federal securities will be required"); *In re Recoton Corp.*, No. 04 Civ. 2466, 2004 WL 1497570 (S.D.N.Y. July 1, 2004) (denying motion to withdraw reference of discovery motion because bankruptcy court could apply provisions of the Private Securities Litigation Reform Act, and Securities Litigation Uniform Standards Act along with bankruptcy discovery rules; and finding that the existence of a related securities fraud action is "hardly unusual"); *In re Am. Body Armor & Equip. Inc.*, 155 B.R. 588 (M.D. Fla. 1993) (denying motion to withdraw reference of adversary proceeding asserted by debtor who sought declaratory and injunctive relief for violations of federal securities law regarding shareholder's rights to elect new directors during the pendency of a bankruptcy action).

It is not foreseeable that the bankruptcy court will have to materially consider federal securities laws because the PCC Creditors' claims are based on the same set of facts as the Commission Action. The cases that the SEC provides to support its argument for mandatory withdrawal are distinguishable and not controlling. In the cases *In re Rannd Res., Inc.*, 175 B.R. 393 (D. Nev. 1994); *In re Contemporary Lithographers, Inc.*, 127 B.R. 122 (M.D.N.C. 1991) and *Price v. Caraddock*, 85 B.R. 570 (D. Colo. 1988), the district courts mandated withdrawal of the reference of adversary proceedings (not entire bankruptcy cases) from bankruptcy courts where the complaints in the adversary cases raised violations of specific federal securities laws. Here, however, the SEC seeks withdrawal of an entire bankruptcy case, not an adversary action within a bankruptcy proceeding, and does not show that there will be material consideration of federal securities laws. *In Re Daisy Systems Securities Litigation*, 132 B.R. 752 (N.D. Cal. 1991) is also not controlling because that case involved an adversary proceeding filed by a corporation in a bankruptcy case where the court found that the corporation's right to certain funds depended on the resolution of issues in federal securities laws that were being litigated in a class action. This is not the situation

MINUTES FORM 90                                    Initials of Deputy Clerk __rs__
CIVIL - GEN

-4-

here. Also, in *In re American Solar King Corporation*, the district court mandated withdrawal of reference of a creditor's proof of claim in a Chapter 11 case in bankruptcy court because the court found that the claim was based on federal securities statues that must be heard by the district court. The district court withdrew reference of the proof of claim; not the entire Chapter 11 case from bankruptcy court. *See also* Opp. at 8:1-10:21. *Donnell v. Kowell*, 533 F.3d 762, 777 (9th Cir. 2008) also does not hold that in order to analyze fraudulent conveyance claims, there must be material consideration of federal securities laws. In fact, the Ninth Circuit stated in *Donell* that "a common epilogue to a collapsed Ponzi scheme is a bankruptcy proceeding," where federal law authorizes suits under state law and the fraudulent transfer provision of the bankruptcy code. *See also* Opp. at 11:4-11. Furthermore, the SEC's argument that it has a substantial claim against the Ruderman Entities, including RCP, that will require material consideration of various federal securities laws is insufficient to mandate withdrawal. Reply at 4:3-22. *See e.g., In re First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001) (mandating withdrawal for a proof of claim filed by government entities, not entire bankruptcy case).

In sum, the Court finds that there is an insufficient showing at this time that there will be material questions of federal securities laws that the bankruptcy court will have to consider in the Bankruptcy Case.

## B. Permissive Withdrawal

The Court also does not find sufficient cause for permissive withdrawal of the reference. In determining whether cause exists under Section 157(d) for a permissive withdrawal, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). A "district court's decision whether cause justifies withdrawal is generally discretionary." *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990). The Court finds that permissive withdrawal is not appropriate at this time. The SEC has not shown that withdrawing reference of the Bankruptcy Case will lead to an efficient use of judicial resources, less delay and costs to parties, uniformity of bankruptcy administration, and prevention of forum shopping. Furthermore, as explained below, the Bankruptcy Case involves "core" bankruptcy issues.

### 1. Efficient Use of Judicial Resources

Although the Bankruptcy Action and the Commission Action may involve the same facts, it does not appear that withdrawing reference of the Bankruptcy Case will promote the efficient use of judicial resources.

MINUTES FORM 90                                    Initials of Deputy Clerk _rs_
CIVIL - GEN

-5-

000 59

"Congress has enacted a uniform federal bankruptcy policy and has granted the bankruptcy courts power to fairly adjudicate and administer disputes between debtors and creditors." *Jordan v. Independ. Energy Corp.*, 446 F. Supp. 516, 529 (D.C. Tex. 1978). Also, the SEC does not provide sufficient support that there will be judicial efficiency if reference of the Bankruptcy Case is withdrawn. For example, in *In re Wedtech Corp.*, 81 B.R. 237, 239 (S.D.N.Y. 1987), the district court decided that reference of fraudulent conveyance claims against defendants in bankruptcy court should be withdrawn because the court found that specific facts and issues would arise in both the fraudulent conveyance case and another district court case. In *Big Rivers Elec. Corp. v. Green River Coal Co.*, 182 B.R. 751 (W.D. Ky. 1995), the court withdrew the reference to bankruptcy court of an electric company's adversary proceeding seeking to terminate a contract as the complaint alleged many of the same facts and legal issues as the electric company's civil action in district court. The SEC, on the other hand, seeks withdrawal of the reference of the entire Bankruptcy Case, and does not show which facts and issues would arise in both proceedings.

The Receiver also asserts in his Reply that withdrawal promotes judicial economy because there is a commingling of funds between RCP, RCM, and RCP-A. He states that if different courts have jurisdiction over the assets of RCP, RCM and RCP-A, then investors may be prejudiced in terms of the distribution of assets. While the commingling of funds may support the Receiver's argument that having just one court oversee the distribution of the assets of RCP, RCM, and RCP-A will promote judicial efficiency, this assertion is not adequately supported. Further, the Receiver (and SEC) only raised this argument in their Reply, not giving the Trustee an opportunity to respond to this argument.

While the SEC makes a significant argument that having one court, rather than two, administer a case "best conserves judicial resources", there is an insufficient showing that withdrawing the entire Bankruptcy Case will promote judicial efficiency.

### 2. Delay and Costs to the Parties

There is also an insufficient showing of delay and costs to the parties to support permissive withdrawal. Although having both the Trustee and the Receiver oversee the RCP assets may result in extra costs and delay to the parties, this issue may be better dealt with at this time in other ways. For example, this Court may further consider defining or limiting the Receiver's responsibility and role in the Commission Action. Indeed, the Report of the Receiver (filed on June 5, 2009) will be reviewed and addressed with such action in mind.

### 3. Uniformity of Bankruptcy Administration

MINUTES FORM 90                                    Initials of Deputy Clerk  _rs_
CIVIL - GEN

000 60

The Court also finds that withdrawal will not promote uniformity in the administration of bankruptcy law. The SEC improperly assumes that this Court will order plans for distributing RCP's assets, which the Court is not required to do. Furthermore, under Section 543, a bankruptcy court may require a receiver to turn over property. *See* 11 U.S.C. § 543(b); *In re Petters Co., Inc.*, 401 B.R. 391, 408 (Bankr. D. Minn. 2009). The SEC states that even if the bankruptcy court were to require the Receiver to deliver the property, the Receiver cannot do so because it is not yet clear where the ownership of the assets lie (whether with Ruderman, RCM, RCP, RCP-A), and also under the Court's freeze order, it has no power to deliver property without the Court's authorization. SEC Reply at 12:7-13:15. However, once these issues are resolved, the bankruptcy court would be able to oversee the RCP property and provide for uniformity in bankruptcy administration.

### 4. Prevention of Forum Shopping

The Court also finds that withdrawal will not prevent forum shopping. The PCC Creditors filed the Bankruptcy Case prior to the Commission Action. The SEC's argument that the withdrawal of reference will prevent forum shopping is not sufficiently supported.

### 5. Other Related Factors

Another factor considered by the Court is whether or not the issues in the bankruptcy case are "core" or "non-core." *Security Farms*, 124 F.3d at 1008. Under 28 U.S.C. section 157, "core" proceedings are those in which the bankruptcy court "may enter appropriate orders and judgments." *Id.* "Non-core proceedings" are those "which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for *de novo* review." *Id.* "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Id.* The SEC has not shown that the critical issues in the Bankruptcy case are non-core. Furthermore, the Trustee points to numerous "core" proceedings in the Bankruptcy Case, such as matters concerning the administration of the estate, allowance or disallowance of claims against the estate, orders to turn over property of the estate, proceedings to determine, avoid or recover preferences, motions to determine, avoid and recover fraudulent conveyances, and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. *See* Opp. at 22:15-23:4.

### 6. Preferred Method in Ponzi Schemes

While the SEC and the Trustee dispute whether trustees or receivers are preferred in Ponzi Schemes, neither party provides clear legal authority supporting which one is preferred. Resolving this issue is not necessary for the Court's decision.

MINUTES FORM 90                                          Initials of Deputy Clerk __rs__
CIVIL - GEN

-7-

000 61

# EXHIBIT D

1  Daniel A. Lev (CA Bar No. 129622)
   dlev@sulmeyerlaw.com
2  **Sulmeyer**Kupetz
   A Professional Corporation
3  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
4  Telephone: 213.626.2311
   Facsimile: 213.629.4520
5
   (Proposed) Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee
6

7

8              **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

11  In re                          Case No. 2:09-bk-19539-ER

12  RUDERMAN CAPITAL PARTNERS, LLC,   Chapter 7

13      Debtor.                     **STIPULATION BY AND BETWEEN
                                    CHAPTER 7 TRUSTEE AND DAVID L.
14                                  RAY, FEDERAL COURT RECEIVER, RE
                                    LIQUIDATION AND DIVISION OF
15                                  PROCEEDS OF DEPOSITORY AND
                                    BROKERAGE ACCOUNTS**
16
                                    DATE:
17                                  TIME:     [No Hearing Required]
                                    PLACE:
18

19          **WHEREAS,** on April 23, 2009, an involuntary petition for relief under

20  chapter 7 was filed against the debtor Ruderman Capital Partners, LLC (the "Debtor" or

21  "Ruderman Capital") styled In re Ruderman Capital Partners, LLC, bearing Case No. LA

22  09-19539-ER (the "Bankruptcy Case").

23          **WHEREAS,** on April 28, 2009, the Securities and Exchange Commission

24  (the "SEC") filed a complaint in the United States District Court, Central District of

25  California, Western Division, bearing Case No. CV 09-2974-VBF (JCx) against Bradley L.

26  Ruderman ("Bradley Ruderman"), Ruderman Capital, Ruderman Capital Management,

27  LLC ("RCM"), and Ruderman Capital Partners A, LLC ("RCP-A") seeking, among other

28  remedies, injunctive relief and the appointment of a receiver (the "SEC Action").

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DAL\LIT\527716.1 7/23/2009 (6:44 PM)]          **EXHIBIT  D**          000 62

1     **WHEREAS,** on April 29, 2009, in the SEC Action, the United States District

2  Court, Central District of California, Western Division (the "District Court"), entered its

3  Temporary Restraining Order and orders: (1) Freezing Assets, (2) Prohibiting the

4  Destruction of Documents, (3) and Order to Show Cause re Preliminary Injunction and

5  Appointment of a Permanent Receiver (the "TRO") pursuant to which, amongst other

6  things, an immediate freeze was placed on all monies and assets in all accounts at any

7  bank, financial institution or brokerage firm, all certificates of deposit, and other funds or

8  assets, held in the name of, for the benefit of, or over which account authority is held by

9  Bradley Ruderman, Ruderman Capital, RCM, and RCP-A, or any entity affiliated with any

10  of them, including those accounts at Wells Fargo Bank, N.A. ("Wells Fargo") and

11  Wachovia Securities, LLC ("Wachovia") held in the name of Ruderman Capital, more

12  specifically Wells Fargo Account Nos. 110-1201760 and 747-7661909 and Wachovia

13  Account No. 2553-1576 (Wells Fargo Account Nos. 110-1201760 and 747-7661909,

14  Wachovia Account No. 2553-1576, and any other accounts, funds or assets, held in the

15  name of, for the benefit of, or over which account authority is held by Ruderman Capital

16  are collectively referred to as the "Ruderman Capital Accounts").

17     **WHEREAS,** on or about May 7, 2009, the District Court entered a judgment

18  and order in the SEC Action appointing David L. Ray (the "Receiver") as permanent

19  receiver of Ruderman Capital, RCM, and RCP-A.

20     **WHEREAS,** on May 15, 2009, the United States Department of Justice

21  charged Bradley Ruderman with wire fraud related to the hedge funds alleged in the civil

22  action.  More specifically, in the civil and criminal actions, the SEC and Department of

23  Justice allege that Bradley Ruderman and RCM raised at least $38,000,000.00 from

24  investors through investments in Ruderman Capital and RCP-A, two hedge funds that

25  they controlled.  It is further alleged that Bradley Ruderman diverted funds held in

26  Ruderman Capital and RCP-A's financial accounts into his own personal accounts,

27  spending approximately $8,700,000.00 of investor money on personal expenses.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**000 63**

1      **WHEREAS,** on May 28, 2009, the United States Bankruptcy Court, Central

2  District of California, Los Angels Division (the "Bankruptcy Court") entered an order for

3  relief against the Debtor.

4      **WHEREAS,** on May 27, 2009, the Bankruptcy Court entered its order

5  denying the motion of the SEC to dismiss the Bankruptcy Case.

6      **WHEREAS,** on May 29, 2009, the Office of the United States Trustee

7  appointed Howard M. Ehrenberg (the "Trustee") as chapter 7 trustee for the Debtor's

8  estate and he accepted the appointment on June 5, 2009.

9      **WHEREAS,** on June 24, 2009, the District Court issued its order denying

10  the motion of the SEC to withdraw the reference of the Bankruptcy Case.

11      **WHEREAS,** certain issues have arisen by and between the Trustee and the

12  Receiver regarding the right, title and interest in and to the proceeds from the Ruderman

13  Capital Accounts.

14      **WHEREAS,** in an effort to minimize the expense and time associated with

15  tracing funds into and from the accounts, the Trustee and Receiver have agreed to a

16  compromise of their disputes whereby (1) upon execution of this Stipulation, the Receiver

17  shall immediately petition the District Court for instructions and an order (a) terminating

18  the Receiver's duties as Receiver for Ruderman Capital, (b) approving the compromise

19  herein, and (c) modifying or amending the TRO to permit the immediate liquidation of the

20  Ruderman Capital Accounts according to the terms herein, and (2) upon entry of orders

21  from (a) the Bankruptcy Court approving this Stipulation and (b) the District Court (i)

22  terminating the Receiver's duties as Receiver for Ruderman Capital, (ii) approving the

23  compromise herein, and (iii) modifying or amending the TRO to permit the immediate

24  liquidation of the Ruderman Capital Accounts, the Trustee and Receiver shall cause the

25  liquidation of the Ruderman Capital Accounts with the Trustee and Receiver each

26  receiving fifty percent (50%) of the net proceeds from the Ruderman Capital Accounts.

27      **NOW THEREFORE**, the parties hereto, by and through their undersigned

28  counsel of record, agree as follows:

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

000 64

1     1.     Upon execution of this Stipulation, the Receiver shall immediately

2 petition the District Court for instructions and an order (i) terminating the Receiver's duties

3 as Receiver for Ruderman Capital, (ii) approving the compromise herein, and (iii)

4 modifying or amending the TRO to permit the immediate liquidation of the Ruderman

5 Capital Accounts according to the terms herein.

6     2.     Upon execution of this Stipulation, the Trustee shall immediately

7 seek approval of this Stipulation from the Bankruptcy Court.

8     3.     Upon entry of orders from (i) the Bankruptcy Court approving this

9 Stipulation and (ii) the District Court (a) terminating the Receiver's duties as Receiver for

10 Ruderman Capital, (b) approving the compromise herein, and (c) modifying or amending

11 the TRO to permit the immediate liquidation of the Ruderman Capital Accounts, the

12 Trustee and Receiver shall cause the liquidation of the Ruderman Capital Accounts with

13 the Trustee and Receiver each receiving fifty percent (50%) of the net proceeds from the

14 Ruderman Capital Accounts.

15     4.     The Trustee and Receiver each hereby agree to provide reasonable

16 assistance and cooperation in connection with the liquidation of the Ruderman Capital

17 Accounts.

18

19

20

21

22

23

24

25

26

27

28 **(continued on next page)**

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

000 65

1        5.     This Court and the District Court shall each retain, as needed,

2   jurisdiction to interpret, implement and enforce the provisions of the Orders approving this

3   Stipulation.

4   DATED:  July __, 2009          **SULMEYER**KUPETZ
                                     A Professional Corporation

5

6

7

8                                    By:_____
                                          Daniel A. Lev
9                                         (Proposed ) Attorneys for Howard M. Ehrenberg,
                                          Chapter 7 Trustee

10  DATED:  July 24, 2009          **SALTZBURG, RAY & WEISSMAN LLP**

11

12

13                                   By:_____
                                          Damon Saltzburg
14                                        Attorneys for David L. Ray, Federal Court
                                          Receiver

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DAL\LIT\527716 1 7/23/2009 (6:44 PM)]                    5

1         5.    This Court and the District Court shall each retain, as needed,

2    jurisdiction to interpret, implement and enforce the provisions of the Orders approving this

3    Stipulation.

4    DATED:  July **28** 2009       **SULMEYER**KUPETZ
                                       A Professional Corporation

5

6

7

8                              By:_____
                                 Daniel A. Lev

9                                     (Proposed ) Attorneys for Howard M. Ehrenberg,
                               Chapter 7 Trustee

10   DATED:  July __, 2009       SALTZBURG, RAY & WEISSMAN LLP

11

12

13                             By:_____

14                                    Damon Saltzburg
                                 Attorneys for David L. Ray, Federal Court
                                 Receiver

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

000  67

[DAL\LIT\527716 1 7/23/2009 (6:25 PM)]          5

# EXHIBIT E

NAME _Ruderman Capital Partners A LLC_

2416

16-1506/1220

ACCOUNT NO. _112499571_     _1/16/07_ DATE

PAY TO THE ORDER OF _Ruderman Capital Partners LLC_ | $ _1 000 000.00_

_One Million  T⁰⁰/₁₀₀_     DOLLARS

VOID IF OVER $2500.00

CITY NATIONAL BANK
Head Office
310-553-4262
400 N. Roxbury Dr.
Beverly Hills, CA 90210

FOR

⑈1220160066⑈2416          ⑈0 100000000⑈

112499571   1/16/   40285930   1,000,000.00

01/16/2007    40285930    1220160066   CNB

NAME _Ruderman Capital Partners LLCA_

2745

16-1506/1220

ACCOUNT NO. _112499571_     _2/16/07_ DATE

PAY TO THE ORDER OF _CASH_ | $ _100 000.00_

_One Hundred Thousand Dollars_     DOLLARS

VOID IF OVER $2500.00

CITY NATIONAL BANK
Head Office
310-553-4262
400 N. Roxbury Dr.
Beverly Hills, CA 90210

FOR

⑈1220160066⑈2745          ⑈00 10000000⑈

112499571   2/16/   40881780   100,000.00

EXHIBIT E

0112499571    PAGE

##XXH1309DPCSTM          0929060011249957ı

Page 1    (0)

Account #: 112499571

This statement: September 29, 2006          Contact us:
Last statement: August 31, 2006            213 673-7700

                                           City National Bank
                                           400 N Roxbury Drive
001                           0830N         Beverly Hills CA  90210
RODERMAN CAPITAL PARTNERS A, LLC
9440 SANTA MONICA BLVD SUITE 600            cnb.com
LOS ANGELES CA 90210

SCAN. SEND. DONE. CITY NATIONAL E-DEPOSIT REDUCES THE NEED TO
DELIVER DEPOSITS TO ONE OF OUR BANKING OFFICES VIA COURIER OR IN
PERSON. CALL US TODAY AT (800) 599-0020, OPTION 2, TO SEE IF YOU
QUALIFY.

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 112499571 | Beginning bal | (8/31/2006) | | $400,000.00 |
| Minimum balance | $400,000.16 | Deposits | (0) | + 0.00 | |
| Average balance | $579,301.16 | Electronic cr | (2) | + 900,000.00 | |
| Avg collect bal | $579,301.00 | Other credits | (1) | + 66.60 | |
| | | Total credits | | | +$900,066.60 |
| | | Checks paid | (0) | - 0.00 | |
| | | Electronic db | (2) | - 66.60 | |
| | | Other debits | (2) | - 900,000.00 | |
| | | Total debits | | | - $900,066.60 |
| | | Ending balance | (9/29/2006) | | $400,000.00 |

ELECTRONIC CREDITS

| Date | Description | | Credits | Control Number |
|---|---|---|---|---|
| 9-1 | Incoming Wire-Dom | | 100,000.00 | 60901000006365 |
| 9-7 | Incoming Wire-Dom | | 800,000.00 | 60907000002292 |

OTHER CREDITS

| Date | Description | Reference | Credits | Control Number |
|---|---|---|---|---|
| 9-11 | Credit Memo REV IMPRINTED | | 66.60 | 468000911155435 |

ELECTRONIC DEBITS

| Date | Description | Debits | Control Number |
|---|---|---|---|
| 9-7 | Preauthorized Debit HARLAND CHECKS CHK ORDERS 060904 | 21.05 | 42000013057566 |
| 9-7 | Preauthorized Debit HARLAND CHECKS CHK ORDERS 060904 | 45.55 | 42000013057545 |

000 69

0112499571          PAGE

FFXXH1309DPCSTM          0929060011249957l

RODERMAN CAPITAL PARTNERS A, LLC          Page 2
September 29, 2006                         Account #: 112499571

OTHER DEBITS
Date   Description                                                Reference          Debits  Control Number
9-5    Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101849686                     100,000.00  466000905112530
9-13   Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0112062882                     800,000.00  466000913130248

DAILY BALANCES


Date        Amount  Date          Amount  Date        Amount
08-31   400,000.00  09-05     400,000.00  09-11  1,200,000.00
09-01   500,000.00  09-07   1,199,933.40  09-13    400,000.00

0101849686        PAGE

##XXH1309DPCSTM        05290600101849686

Page 1      (25)

Account #: 101849686

This statement: September 29, 2006        Contact us:
Last statement: August 31, 2006          213 673-7700

City National Bank
400 N Roxbury Drive
001                        0830L          Beverly Hills CA  90210
RUDERMAN CAPITAL MANAGEMENT LLC
9440 SANTA MONICA BL # 600               cnb.com
BEVERLY HILLS CA 90210

SCAN. SEND. DONE. CITY NATIONAL E-DEPOSIT REDUCES THE NEED TO
DELIVER DEPOSITS TO ONE OF OUR BANKING OFFICES VIA COURIER OR IN
PERSON. CALL US TODAY AT (800) 599-0020, OPTION 2, TO SEE IF YOU
QUALIFY.

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 101849686 | Beginning bal | (8/31/2006) | | $8,427.39 |
| Minimum balance | $-105,181.51 | Deposits | (0) | + 0.00 | |
| Average balance | $-2,998.53 | Electronic cr | (0) | + 0.00 | |
| Avg. collect bal | $-2,998.00 | Other credits | (3) | + 175,000.00 | |
| | | Total credits | | | +$175,000.00 |
| | | Checks paid | (25) | - 180,209.30 | |
| | | Electronic db | (1) | - 804.00 | |
| | | Other debits | (0) | - 0.00 | |
| | | Total debits | | | - $181,013.30 |
| | | Ending balance | (9/29/2006) | | $2,414.09 |

OTHER CREDITS

| Date | Description | Reference | Credits | Control Number |
|---|---|---|---|---|
| 9-5 | Transfer Credit TRANSFER FROM DEPOSIT ACCOUNT 0101170128 | | 25,000.00 | 468000905112337 |
| 9-5 | Transfer Credit TRANSFER FROM DEPOSIT ACCOUNT 0112499571 | | 100,000.00 | 468000905112530 |
| 9-21 | Transfer Credit TRANSFER FROM DEPOSIT ACCOUNT 0112062882 | | 50,000.00 | 468000921112404 |

CHECKS PAID

| Number | Date | Amount | Control |
|---|---|---|---|
| 2048 | 09-01 | 24.99 | 00000030424230 |
| 2052 ' | 09-11 | 1,000.00 | 00000030467630 |
| 2053 | 09-01 | 159.91 | 00000030615200 |
| 2054 | 09-01 | 20.00 | 00000030253790 |

' Skip in check sequence

0101849686      PAGE

##XXH1309DPCSTM          09290600101849686

RUDERMAN CAPITAL MANAGEMENT LLC          Page 2
September 29, 2006                       Account #: 101849686

CHECKS PAID (Continued)

| | | | |
|---|---|---|---|
| 2055 | 09-01 | 111,700.00 | 00000040387210 |
| 2056 | 09-01 | 900.00 | 00000040769910 |
| 2057 | 09-11 | 48.09 | 00000080011390 |
| 2058 | 09-07 | 68.00 | 00000010316160 |
| 2059 | 09-12 | 140.00 | 00000010188620 |
| 2060 | 09-13 | 121.46 | 00000040144730 |
| 2061 | 09-20 | 29.49 | 00000040076390 |
| 2062 | 09-14 | 520.65 | 00000030064940 |
| 2063 | 09-12 | 900.00 | 00000040457680 |
| 2064 | 09-20 | 48,500.00 | 00000041049980 |
| 2065 | 09-22 | 40.00 | 00000010168330 |
| 2066 | 09-21 | 400.00 | 00000030111870 |
| 2067 | 09-22 | 4,000.00 | 00000030133530 |
| 2068 | 09-28 | 3,000.00 | 00000040172430 |
| 2069 | 09-26 | 1,600.00 | 00000010432610 |
| 2070 | 09-22 | 200.00 | 00000030143400 |
| 2071 | 09-25 | 2,837.69 | 00000030430070 |
| 2073 * | 09-27 | 1,999.00 | 00000040106920 |
| 2074 | 09-29 | 1,000.00 | 00000040057030 |
| 2075 | 09-28 | 100.00 | 00000010069430 |
| 2076 | 09-25 | 900.00 | 00000040279690 |

* Skip in check sequence

ELECTRONIC DEBITS

| Date | Description | Debits | Control Number |
|---|---|---|---|
| 9-1 | Preauthorized Debit BLUE SHIELD CA INS PREM 069901 | 804.00 | 122000030539952 |

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 08-31 | 8,427.39 | 09-13 | 17,540.92 | 09-26 | 8,513.09 |
| 09-01 | -105,181.51 | 09-14 | 17,020.27 | 09-27 | 6,514.09 |
| 09-05 | 19,818.49 | 09-20 | -31,509.22 | 09-28 | 3,414.09 |
| 09-07 | 19,750.49 | 09-21 | 18,090.78 | 09-29 | 2,414.09 |
| 09-11 | 18,702.40 | 09-22 | 13,850.78 | | |
| 09-12 | 17,662.40 | 09-25 | 10,113.09 | | |

000 72

```
                                           0101849686        PAGE


#ŧXXH1309DPCSTM        10310600101849686

                                           Page 1       (28)

                                           Account #: 101849686


          This statement: October 31, 2006      Contact us:
          Last statement: September 29, 2006     213 673-7700

                                                City National Bank
                                                400 N Roxbury Drive
          001                      0830L        Beverly Hills CA 90210
          RUDERMAN CAPITAL MANAGEMENT LLC
          9440 SANTA MONICA BL # 600            cnb.com
          BEVERLY HILLS CA 90210
```

NEED FUNDS TO EXPAND YOUR OVERSEAS MANUFACTURING FACILITY? CALL THE
EXPERTS AT CITY NATIONAL TO ARRANGE FOR INTERNATIONAL INVESTMENT
CAPITAL. (800) 773-7100

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 101849686 | Beginning bal | (9/29/2006) | | $2,414.09 |
| Minimum balance | $-99,666.31 | Deposits | (0) | + 0.00 | |
| Average balance | $32.84 | Electronic cr | (0) | + 0.00 | |
| Avg. collect bal | $32.00 | Other credits | (3) | + 130,000.00 | |
| | | Total credits | | | +$130,000.00 |
| | | Checks paid | (28) | - 130,094.87 | |
| | | Electronic db | (1) | - 804.00 | |
| | | Other debits | (1) | - 151.78 | |
| | | Total debits | | | - $131,050.65 |
| | | Ending balance | (10/31/2006) | | $1,363.44 |

OTHER CREDITS

| Date | Description | Reference | Credits | Control Number |
|---|---|---|---|---|
| 10-11 | Transfer Credit TRANSFER FROM DEPOSIT ACCOUNT 0112062882 | | 100,000.00 | 468001011104547 |
| 10-13 | Transfer Credit TRANSFER FROM DEPOSIT ACCOUNT 0101170128 | | 10,000.00 | 468001013123653 |
| 10-26 | Transfer Credit TRANSFER FROM DEPOSIT ACCOUNT 0101170128 | | 20,000.00 | 468001026104603 |

CHECKS PAID

| Number | Date | Amount | Control |
|---|---|---|---|
| 2072 | 10-04 | 46.06 | 00000040873780 |
| 2077 * | 10-02 | 858.45 | 00000010015730 |
| 2078 | 10-06 | 52.28 | 00000070003570 |
| 2079 | 10-05 | 20.00 | 00000010058840 |
| 2080 | 10-05 | 159.61 | 00000010364660 |

* Skip in check sequence

0101849686      PAGE

##XXH1309DPCSTM          10310600101849686

RUDERMAN CAPITAL MANAGEMENT LLC          Page 2
October 31, 2006                         Account #: 101849686

CHECKS PAID (Continued)

| | | | |
|---|---|---|---|
| 2081 | 10-30 | 140.00 | 00000030139790 |
| 2082 | 10-12 | 153.96 | 60000030187650 |
| 2083 | 10-10 | 100,000.00 | 00000030508810 |
| 2084 | 10-19 | 41.22 | 00000030067750 |
| 2085 | 10-16 | 65.00 | 00000030106730 |
| 2086 | 10-16 | 520.65 | 00000010073500 |
| 2087 | 10-12 | 900.00 | 00000040987560 |
| 2088 | 10-16 | 35.00 | 60000011105390 |
| 2089 | 10-24 | 374.00 | 00000080069470 |
| 2090 | 10-19 | 400.00 | 00000010241540 |
| 2091 | 10-24 | 4,000.00 | 00000040273070 |
| 2092 | 10-25 | 3,000.00 | 00000040136940 |
| 2093 | 10-23 | 40.00 | 00000010257130 |
| 2094 | 10-23 | 200.00 | 00000010554160 |
| 2095 | 10-24 | 10,085.32 | 00000010521570 |
| 2096 | 10-25 | 435.32 | 00000010093310 |
| 2097 | 10-24 | 35.00 | 00000030234410 |
| 2099 * | 10-27 | 100.00 | 00000010164550 |
| 2100 | 10-27 | 1,600.00 | 00000010285690 |
| 2101 | 10-25 | 3,250.00 | 00000010149620 |
| 2102 | 10-23 | 500.00 | 00000040416590 |
| 2103 | 10-30 | 1,000.00 | 00000010407480 |
| 2104 | 10-30 | 1,683.00 | 00000010043460 |

* Skip in check sequence

ELECTRONIC DEBITS

| Date | Description | | Debits | Control Number |
|---|---|---|---|---|
| 10-2 | Preauthorized Debit BLUE SHIELD CA INS PREM 061001 | | 804.00 | 122000034576008 |

OTHER DEBITS

| Date | Description | Reference | Debits | Control Number |
|---|---|---|---|---|
| 10-18 | Acct Analysis Fees FEE BASED ACTIVITY FOR 09/06 | | 151.78 | 00000000000000 |

0101849686        PAGE

##XXH1309DPCSTM        10310600101849686

RUDERMAN CAPITAL MANAGEMENT LLC        Page 3
October 31, 2006        Account #: 101849686

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 09-29 | 2,414.09 | 10-11 | 333.69 | 10-23 | 6,926.08 |
| 10-02 | 751.64 | 10-12 | -720.27 | 10-24 | -7,568.24 |
| 10-04 | 705.58 | 10-13 | 9,279.73 | 10-25 | -14,253.56 |
| 10-05 | 525.97 | 10-16 | 8,659.08 | 10-26 | 5,746.44 |
| 10-06 | 473.69 | 10-18 | 8,507.30 | 10-27 | 4,046.44 |
| 10-10 | -99,666.31 | 10-19 | 8,066.08 | 10-30 | 1,363.44 |

000 75

0112062882          PAGE

#%XXH1309DPCSTM          09290600112062882

Page 1     (0)

Account #: 112062882

This statement: September 29, 2006          Contact us:
Last statement: August 31, 2006            213 673-7700

City National Bank
400 N Roxbury Drive
001                        0830N          Beverly Hills CA  90210
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600          cnb.com
BEVERLY HILLS CA 90210

SCAN. SEND. DONE. CITY NATIONAL E-DEPOSIT REDUCES THE NEED TO
DELIVER DEPOSITS TO ONE OF OUR BANKING OFFICES VIA COURIER OR IN
PERSON. CALL US TODAY AT (800) 559-0020, OPTION 2, TO SEE IF YOU
QUALIFY.

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 112062882 | Beginning bal | (8/31/2006) | | $5,265,872.69 |
| Minimum balance | $45,222.69 | Deposits | (0) | + 0.00 | |
| Average balance | $1,418,403.97 | Electronic cr | (0) | + 0.00 | |
| Avg. collect bal | $1,418,403.00 | Other credits | (1) | + 800,000.00 | |
| | | Total credits | | | +$800,000.00 |
| | | Checks paid | (0) | - 0.00 | |
| | | Electronic db | (6) | - 5,970,650.00 | |
| | | Other debits | (1) | - 50,000.00 | |
| | | Total debits | | | - $6,020,650.00 |
| | | Ending balance | (9/29/2006) | | $45,222.69 |

OTHER CREDITS

| Date | Description | Reference | Credits | Control Number |
|---|---|---|---|---|
| 9-13 | Transfer Credit TRANSFER FROM DEPOSIT ACCOUNT 0112499571 | | 800,000.00 | 468000913130248 |

ELECTRONIC DEBITS

| Date | Description | Debits | Control Number |
|---|---|---|---|
| 9-7 | Domestic Wire | 794,613.00 | 60907000002007 |
| 9-8 | Domestic Wire | 8,764.00 | 60908000002123 |
| 9-8 | Domestic Wire | 20,000.00 | 60908000001643 |
| 9-8 | Domestic Wire | 358,341.00 | 60908000002113 |
| 9-8 | Domestic Wire | 3,304,468.00 | 60908000001765 |
| 9-13 | Domestic Wire | 1,484,464.00 | 60913000002565 |

000 76

0112062882      PAGE

ⁿⁿXXH1309DPCSTⁿ          09290600112062882

RUDERMAN CAPITAL PARTNERS, LLC          Page 2
September 29, 2006                       Account #: 112062882


OTHER DEBITS
Date    Description                                          Reference           Debits  Control Number
9-21    Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101849686                  50,000.00  468000921112404

DAILY BALANCES


Date         Amount   Date         Amount   Date        Amount
08-31   5,265,872.69  09-08   779,686.69  09-21     45,222.69
09-07   4,471,259.69  09-13    95,222.69

0112062852        PAGE

##XXH1309DPCSTM        10310600112062882

Page 1        (0)

Account #: 112062882

This statement: October 31, 2006        Contact us:
Last statement: September 29, 2006        213 673-7100

City National Bank
400 N Roxbury Drive
001                        0830N        Beverly Hills CA 90210
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600        cnb.com
BEVERLY HILLS CA 90210

NEED FUNDS TO EXPAND YOUR OVERSEAS MANUFACTURING FACILITY? CALL THE
EXPERTS AT CITY NATIONAL TO ARRANGE FOR INTERNATIONAL INVESTMENT
CAPITAL. (800) 773-7100

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 112062882 | Beginning bal | (9/29/2006) | | $45,222.69 |
| Minimum balance | $130,222.69 | Deposits | (0) | + 0.00 | |
| Average balance | $153,285.19 | Electronic cr | (2) | - 285,000.00 | |
| Avg. collect bal | $153,285.00 | Other credits | (0) | - 0.00 | |
| | | Total credits | | | +$285,000.00 |
| | | Checks paid | (0) | - 0.00 | |
| | | Electronic db | (1) | - 94,500.00 | |
| | | Other debits | (1) | - 100,000.00 | |
| | | Total debits | | | - $194,500.00 |
| | | Ending balance | (10/31/2006) | | $135,722.69 |

ELECTRONIC CREDITS
| Date | Description | | Credits | Control Number |
|---|---|---|---|---|
| 10-2 | Incoming Wire-Dom | | 85,000.00 | 61002000000182 |
| 10-3 | Incoming Wire-Dom | | 200,000.00 | 61003000004114 |

ELECTRONIC DEBITS
| Date | Description | | Debits | Control Number |
|---|---|---|---|---|
| 10-16 | Domestic Wire | | 94,500.00 | 61016000001491 |

OTHER DEBITS
| Date | Description | Reference | Debits | Control Number |
|---|---|---|---|---|
| 10-11 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101849686 | | 100,000.00 | 468001011104547 |

000 78

0112062882        PAGE

⌖XXH1309DPCSTM        10310600112062882

RUDERMAN CAPITAL PARTNERS, LLC        Page 2
October 31, 2006        Account #: 112062882

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 09-29 | 45,222.69 | 10-03 | 330,222.69 | 10-16 | 135,722.69 |
| 10-02 | 130,222.69 | 10-11 | 330,222.69 | | |

0112062882        PAGE

##XXH1309DPCSTM        04300E00112062882

Page 1      (1)

Account #: 112062882

This statement: April 30, 2008          Contact us:
Last statement: March 31, 2008          213 673-7700

City National Bank
400 N Roxbury Drive
001                        0830L        Beverly Hills CA 90210
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600         cnb.com
BEVERLY HILLS CA 90210

NOVA INFORMATION SYSTEMS, CITY NATIONAL'S PAYMENT PROCESSING
PARTNER IS NOW ALIGNED UNDER ONE GLOBAL BRAND, ELAVON  ELAVON
LEVERAGES THE COLLECTIVE STRENGTH OF ITS BUSINESS TO DELIVER A FULL SUITE
OF PAYMENT AND VALUE-ADDED SOLUTIONS AND SERVICES POWERED BY A GLOBAL
NETWORK  FOR MORE INFORMATION, PLEASE CONTACT YOUR RELATIONSHIP
MANAGER OR CALL ELAVON DIRECTLY AT 1-888-455-5050

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 112062882 | Beginning bal | (3/31/2008) | | $26,444.05 |
| Minimum balance | $8,444.05 | Deposits | (0) | + 0.00 | |
| Average balance | $724,687.90 | Electronic cr | (1) | + 1,350,000.00 | |
| Avg. collect bal | $724,687.00 | Other credits | (1) | + 28,000.00 | |
| | | Total credits | | | +$1,378,000.00 |
| | | Checks paid | (1) | - 800.00 | |
| | | Electronic db | (1) | - 300,000.00 | |
| | | Other debits | (7) | - 348,120.51 | |
| | | Total debits | | | - $648,920.51 |
| | | Ending balance | (4/30/2008) | | $757,523.54 |

ELECTRONIC CREDITS
| Date | Description | | Credits | Control Number |
|---|---|---|---|---|
| 4-9 | Incoming Wire-Dom | | 1,350,000.00 | 80409000003187 |

OTHER CREDITS
| Date | Description | Reference | Credits | Control Number |
|---|---|---|---|---|
| 4-3 | Transfer Credit TRANSFER FROM DEPOSIT ACCOUNT 0101170128 | | 28,000.00 | 468000403171646 |

CHECKS PAID

| Number | Date | Amount | Control |
|---|---|---|---|
| 1009 | 04-29 | 800.00 | 00000080065590 |

000 80

0112062882          PAGE

§#XXH1309DPCSTM          04300800112062882

RUDERMAN CAPITAL PARTNERS, LLC          Page 2
April 30, 2008                          Account #: 112062882

ELECTRONIC DEBITS

| Date | Description | | Debits | Control Number |
|------|-------------|--|--------|----------------|
| 4-15 | Domestic Wire | | 300,000.00 | 80415000001564 |

OTHER DEBITS

| Date | Description | Reference | Debits | Control Number |
|------|-------------|-----------|--------|----------------|
| 4-3 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 20,000.00 | 468000403171837 |
| 4-3 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 28,000.00 | 468000403170815 |
| 4-11 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 100,000.00 | 468000411123432 |
| 4-21 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 100,000.00 | 468000421113313 |
| 4-22 | Acct Analysis Chg ANALYSIS ACTIVITY FOR 03/08 | | 120.51 | 00000000000000 |
| 4-25 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 50,000.00 | 468000425121643 |
| 4-28 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 50,000.00 | 468000428120527 |

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 03-31 | 28,444.05 | 04-15 | 958,444.05 | 04-28 | 758,323.54 |
| 04-03 | 8,444.05 | 04-21 | 858,444.05 | 04-29 | 757,523.54 |
| 04-09 | 1,358,444.05 | 04-22 | 858,323.54 | | |
| 04-11 | 1,258,444.05 | 04-25 | 808,323.54 | | |

000 81

0112062882     PAGE

##XXH1309DPCSTM          05300960112062882

Page 1     (1)

Account #: 112062882

This statement: May 30, 2008          Contact us:
Last statement: April 30, 2008        213 673-7700

                                       City National Bank
                                       400 N Roxbury Drive
001                         0830L      Beverly Hills CA  90210
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600       cnb com
BEVERLY HILLS CA 90210

A CITY NATIONAL VISA GIFT CARD MAKES A GREAT GIFT FOR FATHER'S DAY,
GRADUATION, WEDDINGS AND MORE! USE IT ANYWHERE VISA DEBIT CARDS ARE
ACCEPTED. CONTACT YOUR CITY NATIONAL BANKER OR CALL US TODAY AT
(800) 773-7100.

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 112062882 | Beginning bal | (4/30/2008) | | $757,523.54 |
| Minimum balance | $387,673.75 | Deposits | (0) | + 0.00 | |
| Average balance | $515,967.03 | Electronic cr | (0) | + 0.00 | |
| Avg  collect bal | $515,967.00 | Other credits | (1) | + 150.21 | |
| | | Total credits | | | +$150.21 |
| | | Checks paid | (1) | - 170,000.00 | |
| | | Electronic db | (0) | - 0.00 | |
| | | Other debits | (3) | - 200,000.00 | |
| | | Total debits | | | - $370,000.00 |
| | | Ending balance | (5/30/2008) | | $387,673.75 |

OTHER CREDITS

| Date | Description | Reference | Credits | Control Number |
|---|---|---|---|---|
| 5-9 | Credit Memo AAS MONTHLY | | 150.21 | 468000509170343 |

CHECKS PAID

| Number | Date | Amount | Control |
|---|---|---|---|
| 1190 | 05-16 | 170,000.00 | 00000040828960 |

OTHER DEBITS

| Date | Description | Reference | Debits | Control Number |
|---|---|---|---|---|
| 5-1 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 50,000 00 | 468000501141700 |
| 5-8 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 100,000 00 | 468000508140211 |
| 5-13 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 50,000 00 | 468000513125633 |

0112062882          PAGE

#£XXE1309DPCSTM          05300800112062882

RUDERMAN CAPITAL PARTNERS, LLC          Page 2
May 30, 2008                            Account #: 112062882

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 04-30 | 757,523.54 | 05-08 | 607,523.54 | 05-13 | 557,673.75 |
| 05-01 | 707,523.54 | 05-09 | 607,673.75 | 05-16 | 387,673.75 |

0112062882      PAGE

##XXH3509DPCSTM         06300800112062882

Page 1      (0)

Account #: 112062882

This statement: June 30, 2008          Contact us:
Last statement: May 30, 2008           213 673-7700

City National Bank
400 N Roxbury Drive
001                    0830N           Beverly Hills CA  90210
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600        cnb com
BEVERLY HILLS CA 90210

A CITY NATIONAL VISA GIFT CARD MAKES A GREAT GIFT FOR FATHER'S DAY,
GRADUATION, WEDDINGS AND MORE! USE IT ANYWHERE VISA DEBIT CARDS ARE
ACCEPTED. CONTACT YOUR CITY NATIONAL BANKER OR CALL US TODAY AT
(800) 773-7100.

Analyzed Business Checking

| Account Summary | | Account Activity | | | | |
|---|---|---|---|---|---|---|
| Account number | 112062882 | Beginning bal | (5/30/2008) | | $387,673 75 | |
| Minimum balance | $37,633.00 | Deposits | (0) | + 0.00 | | |
| Average balance | $218,309.71 | Electronic cr | (2) | + 700,000.00 | | |
| Avg  collect bal | $218,309.00 | Other credits | (0) | + 0.00 | , | |
| | | Total credits | | | +$700,000.00 | |
| | | Checks paid | (0) | - 0.00 | | |
| | | Electronic db | (0) | - 0.00 | | |
| | | Other debits | (5) | - 550,040.75 | | |
| | | Total debits | | | - $550,040.75 | |
| | | Ending balance | (6/30/2008) | | $537,633.00 | |

ELECTRONIC CREDITS

| Date | Description | | | Credits | Control Number |
|---|---|---|---|---|---|
| 6-2 | Incoming Wire-Dom | | | 200,000.00 | 80602060002805 |
| 6-27 | Incoming Wire-Dom | | | 500,000 00 | 80627000001656 |

OTHER DEBITS

| Date | Description | Reference | Debits | Control Number |
|---|---|---|---|---|
| 6-2 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101849686 | | 30,000.00 | 468000602133012 |
| 6-2 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 170,000.00 | 468000602132936 |
| 6-10 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 250,000.00 | 468000610132842 |
| 6-11 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 100,000.00 | 468000611141301 |
| 6-24 | Acct Analysis Chg ANALYSIS ACTIVITY FOR 05/08 | | 40.75 | 00000000000000 |

000 84

0112062882      PAGE

##XXH1309DPCSTM      06300800112062882

RUDERMAN CAPITAL PARTNERS, LLC          Page 2
June 30. 2008                           Account #: 112062882

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 05-30 | 387,673 75 | 06-10 | 137,673 75 | 06-24 | 37,633 00 |
| 06-02 | 387,673 75 | 06-11 | 37,673 75 | 06-27 | 537.633 00 |

0112062882        PAGE

##XXH1309DPCSTM          07310600112062882

Page 1      (0)

Account #: 112062882

This statement: July 31, 2008          Contact us:
Last statement: June 30, 2008          213 673-7700

City National Bank
400 N Roxbury Drive
001                          0830N     Beverly Hills CA  90210
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600        cnb.com
BEVERLY HILLS CA 90210

YOU'RE TRAVELING ABROAD AND NEED FOREIGN CURRENCY. NOW WHAT? WE MAKE
IT EASY TO GET MANY POPULAR FOREIGN CURRENCIES, OFTEN IN THE SAME DAY
CALL (800) 447-4133 TODAY FOR RATES AND DETAILS

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 112062882 | Beginning bal | (6/30/2008) | | $537,633.00 |
| Minimum balance | $257,545.59 | Deposits | (0) | + 0.00 | |
| Average balance | $644,701.58 | Electronic cr | (2) | + 900,000.00 | |
| Avg  collect bal | $644,701.00 | Other credits | (0) | + 0.00 | |
| | | Total credits | | | +$900,000.00 |
| | | Checks paid | (0) | - 0.00 | |
| | | Electronic db | (4) | - 1,150,000.00 | |
| | | Other debits | (2) | - 30,087.41 | |
| | | Total debits | | | - $1,180,087.41 |
| | | Ending balance | (7/31/2008) | | $257,545.59 |

ELECTRONIC CREDITS
| Date | Description | Credits | Control Number |
|---|---|---|---|
| 7-2 | Incoming Wire-Dom | 400,000.00 | 80702000002877 |
| 7-2 | Incoming Wire-Dom | 500,000.00 | 80702000002902 |

ELECTRONIC DEBITS
| Date | Description | Debits | Control Number |
|---|---|---|---|
| 7-10 | Domestic Wire | 200,000.00 | 80710000002567 |
| 7-10 | Domestic Wire | 500,000.00 | 80710000002431 |
| 7-15 | Domestic Wire | 150,000.00 | 80715000001825 |
| 7-15 | Domestic Wire | 300,000.00 | 80715000001830 |

OTHER DEBITS
| Date | Description | Reference | Debits | Control Number |
|---|---|---|---|---|
| 7-11 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 30,000.00 | 468000711192449 |
| 7-22 | Acct Analysis Chg ANALYSIS ACTIVITY FOR 06/08 | | 87.41 | 00000000000000 |

000 86

 f#XXH1309DPCSTM          07310F00112062882

RUDERMAN CAPITAL PARTNERS, LLC          Page 2
July 31, 2008          Account #: 112062882

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 06-30 | 537,633.00 | 07-10 | 737,633.00 | 07-15 | 257,633.00 |
| 07-02 | 1,437,633.00 | 07-11 | 707,633.00 | 07-22 | 257,545.59 |

000 87

0112062982          PAGE

≣≣XXH1309DPCSTM          06290800112062882

Page 1          (0)

Account #: 112062882

This statement: August 29, 2008
Last statement: July 31, 2008

Contact us:
213 673-7700

City National Bank
400 N Roxbury Drive
Beverly Hills CA 90210

001          0630N
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600
BEVERLY HILLS CA 90210

cnb.com

YOU'RE TRAVELING ABROAD AND NEED FOREIGN CURRENCY  NOW WHAT? WE
MAKE IT EASY TO GET MANY POPULAR FOREIGN CURRENCIES, OFTEN IN THE
SAME DAY. CALL (800) 447-4133 TODAY FOR RATES AND DETAILS

Analyzed Business Checking

| Account Summary | | Account Activity | | | | |
|---|---|---|---|---|---|---|
| Account number | 112062882 | Beginning bal | (7/31/2008) | | $257,545.59 | |
| Minimum balance | $108,545.59 | Credits | | + $0.00 | | |
| Average balance | $187,476.62 | Checks paid | (0) | - 0.00 | | |
| Avg. collect bal | $187,476.00 | Electronic db | (0) | - 0.00 | | |
| | | Other debits | (3) | - 149,000.00 | | |
| | | Total debits | | | - $149,000.00 | |
| | | Ending balance | (8/29/2008) | | $108,545.59 | |

OTHER DEBITS

| Date | Description | Reference | Debits | Control Number |
|---|---|---|---|---|
| 8-12 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101849686 | | 24,000.00 | 468000812120905 |
| 8-12 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 75,000.00 | 468000812120829 |
| 8-25 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 50,000.00 | 468000825111643 |

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 07-31 | 257,545.59 | 08-12 | 158,545.59 | 08-25 | 108,545.59 |

000 88

0112062882        PAGE

##XXH13O9DPCSTM          05300800112062882

Page 1        (0)

Account #: 112062882

This statement: September 30, 2008          Contact us:
Last statement: August 29, 2008            213 673-7700

City National Bank
400 N Roxbury Drive
001                      0830N            Beverly Hills CA 90210
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600           cnb.com
BEVERLY HILLS CA 90210


EARN POINTS FOR ALL QUALIFYING PURCHASES USING YOUR CITY NATIONAL
VISA CREDIT CARD OR CHECK CARD WITH CITY NATIONAL REWARDS. POINTS CAN BE
REDEEMED FOR AIRLINE TICKETS, TRAVEL PACKAGES, GIFT CARDS OR CHOOSE FROM
A BROAD ARRAY OF PREMIUM MERCHANDISE. VISIT CNB.COM/REWARDS
FOR DETAILS OR CALL US AT (800) 773-7100.

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 112062882 | Beginning bal | (8/29/2008) | | $108,545.59 |
| Minimum balance | $38,545.59 | Deposits | (0) | + 0.00 | |
| Average balance | $377,903.36 | Electronic cr | (1) | + 850,000.00 | |
| Avg. collect bal | $377,903.00 | Other credits | (1) | + 60,000.00 | |
| | | Total credits | | | +$910,000.00 |
| | | Checks paid | (0) | - 0.00 | |
| | | Electronic db | (1) | - 500,000.00 | |
| | | Other debits | (6) | - 170,068.92 | |
| | | Total debits | | | - $670,068.92 |
| | | Ending balance | (9/30/2008) | | $348,476.67 |

ELECTRONIC CREDITS
| Date | Description | | | Credits | Control Number |
|---|---|---|---|---|---|
| 9-18 | Incoming Wire-Dom | | | 850,000.00 | 80918000001389 |

OTHER CREDITS
| Date | Description | | Reference | Credits | Control Number |
|---|---|---|---|---|---|
| 9-11 | Transfer Credit TRANSFER FROM DEPOSIT ACCOUNT 0101170128 | | | 60,000.00 | 468000911151750 |

ELECTRONIC DEBITS
| Date | Description | | | Debits | Control Number |
|---|---|---|---|---|---|
| 9-29 | Domestic Wire | | | 500,000.00 | 80929000004612 |

0112062882          PAGE

§EXXH1309DPCSTM          093008C0112062882

RUDERMAN CAPITAL PARTNERS, LLC          Page 2
September 30, 2008          Account #: 112062882

OTHER DEBITS

| Date | Description | Reference | Debits | Control Number |
|------|-------------|-----------|--------|----------------|
| 9-12 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 60,000.00 | 468000912122437 |
| 9-12 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 60,000.00 | 468000912140908 |
| 9-16 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 10,000.00 | 468000916130359 |
| 9-23 | Acct Analysis Chg ANALYSIS ACTIVITY FOR 08/08 | | 68.92 | 00000000000000 |
| 9-26 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 10,000.00 | 468000926162253 |
| 9-26 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101849686 | | 30,000.00 | 468000926162356 |

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 08-29 | 108,545.59 | 09-16 | 38,545.59 | 09-26 | 848,476.67 |
| 09-11 | 168,545.59 | 09-18 | 888,545.59 | 09-29 | 348,476.67 |
| 09-12 | 48,545.59 | 09-23 | 888,476.67 | | |

0112062882       PAGE

ff4XXH1309DPCSTM        10310800112062882

Page 3       (0)

Account #: 112062882

This statement: October 31, 2008          Contact us:
Last statement: September 30, 2008        213 673-7700

City National Bank
400 N Roxbury Drive
001                    0630N            Beverly Hills CA  90210
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600          cnb com
BEVERLY HILLS CA 90210

CITY NATIONAL CAN HELP BUSINESSES MANAGE DAY-TO-DAY CASH FLOW NEEDS
EFFICIENTLY WITH TOOLS LIKE CITY NATIONAL TREASURY NET, E-DEPOSIT,
BALANCE ALERTS AND BUSINESS BILL PAYMENTS  LEARN MORE BY CALLING YOUR
RELATIONSHIP MANAGER OR (800) 599-0020, OPTION 2

Analyzed Business Checking

Account Summary              Account Activity
Account number     112062882  Beginning bal   (9/30/2008)          $348,476 67
Minimum balance    $48,476.67  Deposits        (0)         + 0 00
Average balance    $90,412 15  Electronic cr   (1)     + 200,000 00
Avg  collect bal   $90,412 00  Other credits   (0)         + 0 00
                              Total credits                     +$200,000 00
                              Checks paid     (0)         - 0.00
                              Electronic db   (1)     - 200,000.00
                              Other debits    (1)     - 100,000.00
                              Total debits                      - $300,000 00
                              Ending balance  (10/31/2008)        $248,476 67

ELECTRONIC CREDITS
Date   Description                                             Credits  Control Number
10-31  Incoming Wire-Dom                                     200,000 00  81031000003661

ELECTRONIC DEBITS
Date   Description                                             Debits  Control Number
10-6   Domestic Wire                                         200,000 00  81006000003518

OTHER DEBITS
Date   Description                              Reference      Debits  Control Number
10-2   Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101849686  100,000 00  468001002110335

000 91

0112062882      PAGE

##XXE1309DPCSTM           10310809112062882

RUDERMAN CAPITAL PARTNERS, LLC          Page 2
October 31, 2008                        Account #: 112062882

DAILY BALANCES

| Date  | Amount     | Date  | Amount     | Date | Amount |
|-------|------------|-------|------------|------|--------|
| 09-30 | 348,476 67 | 10-06 | 48,476 67  |      |        |
| 10-02 | 248,476 67 | 10-31 | 248,476 67 |      |        |

000 92

01120E2882      PAGE

##XXH-309DPCSTM          112E0800112062862

Page 1      (1)

Account #: 112062882

This statement: November 26, 2008         Contact us:
Last statement: October 31, 2008          213 673-7700

City National Bank
400 N Roxbury Drive
001                          0630L         Beverly Hills CA  90210
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600           cnb con
BEVERLY HILLS CA 90210

A CITY NATIONAL GIFT CARD MAKES A GREAT GIFT FOR EMPLOYEES OR CLIENTS.
USE IT AS A THANK YOU, OR ANNUAL BONUS. LOAD IT FROM $25-$750. IT
CAN BE USED ANYWHERE VISA DEBIT CARDS ARE ACCEPTED. YOU CAN ALSO
PERSONALIZE THE CARDS! TALK TO YOUR LOCAL CITY NATIONAL BANKER OR CALL
US TODAY AT (800) 773-7100

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 112062882 | Beginning bal | (10/31/2008) | | $248,476.67 |
| Minimum balance | $11,234.77 | Deposits | (0) | + 0.00 | |
| Average balance | $74,766.06 | Electronic cr | (1) | + 250,000.00 | |
| Avg collect bal | $74,766.00 | Other credits | (0) | + 0.00 | |
| | | Total credits | | | +$250,000.00 |
| | | Checks paid | (1) | - 20.00 | |
| | | Electronic db | (1) | - 140,000.00 | |
| | | Other debits | (6) | - 107,241.90 | |
| | | Total debits | | | - $247,261.90 |
| | | Ending balance | (11/28/2008) | | $251,214.77 |

ELECTRONIC CREDITS
| Date | Description | | Credits | Control Number |
|---|---|---|---|---|
| 11-26 | Incoming Wire-Dom | | 250,000.00 | 81126000004554 |

CHECKS PAID

| Number | Date | Amount | Control |
|---|---|---|---|
| 1010 | 11-21 | 20.00 | 00000080026010 |

ELECTRONIC DEBITS
| Date | Description | | Debits | Control Number |
|---|---|---|---|---|
| 11-3 | Domestic Wire | | 140,000.00 | 8110300001909 |

000 93

0112062882        PAGE

‡‡XXH1309DPCSTM        11280800112062882

RUDERMAN CAPITAL PARTNERS, LLC        Page 2
November 28, 2008        Account #: 112062882

OTHER DEBITS
| Date | Description | Reference | Debits | Control Number |
|------|-------------|-----------|--------|----------------|
| 11-6 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 52,000.00 | 468001106112115 |
| 11-10 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 15,000.00 | 468001110145651 |
| 11-13 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 30,000.00 | 468001113114556 |
| 11-20 | Acct Analysis Chg ANALYSIS ACTIVITY FOR 10/08 | | 261.90 | 00000000000000 |
| 11-28 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101849686 | | 5,000.00 | 468001128124046 |
| 11-28 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 5,000.00 | 468001128124324 |

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 10-31 | 248,476.67 | 11-10 | 41,476.67 | 11-21 | 11,214.77 |
| 11-03 | 108,476.67 | 11-13 | 11,476.67 | 11-26 | 261,214.77 |
| 11-06 | 56,476.67 | 11-20 | 11,234.77 | 11-28 | 251,214.77 |

000 94

0112062882        PAGE

##XXH1509DPCSTM        123108001120e2882

Page 1        (1)

Account #: 112062882

This statement: December 31, 2008        Contact us:
Last statement: November 28, 2008        213 673-7700

City National Bank
400 N Roxbury Drive
001                          0830L        Beverly Hills CA 90210
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600          cnb com
BEVERLY HILLS CA 90210

ALL OF US AT CITY NATIONAL BANK WISH YOU AND YOURS A WONDERFUL HOLIDAY
SEASON AND ALL THE BEST IN THE NEW YEAR.

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 112062882 | Beginning bal | (11/28/2008) | | $251,214.77 |
| Minimum balance | $175,786.54 | Credits | | + $0.00 | |
| Average balance | $187,465.25 | Checks paid | (1) | - 20.00 | |
| Avg collect bal | $187,465.00 | Electronic db | (1) | - 20,000.00 | |
| | | Other debits | (3) | - 55,408.23 | |
| | | Total debits | | | - $75,428.23 |
| | | Ending balance | (12/31/2008) | | $175,786.54 |

CHECKS PAID

| Number | Date | Amount | Control |
|---|---|---|---|
| 1011 | 12-29 | 20 00 | 0000001011373D |

ELECTRONIC DEBITS

| Date | Description | | | Debits | Control Number |
|---|---|---|---|---|---|
| 12-9 | Domestic Wire | | | 20,000.00 | 81209000002027 |

OTHER DEBITS

| Date | Description | Reference | Debits | Control Number |
|---|---|---|---|---|
| 12-2 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 50,000 00 | 468001202113414 |
| 12-4 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101849686 | | 5,000 00 | 468001204184225 |
| 12-23 | Acct Analysis Chg ANALYSIS ACTIVITY FOR 11/08 | | 408 23 | 00000000000000 |

000 95

F‡XXH1305DPCSTN        12310800112062882

                RUDELMAN CAPITAL PARTNERS, LLC        Page 2
                December 31, 2008                     Account #: 112062882

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 11-26 | 251,214.77 | 12-04 | 196,214.77 | 12-23 | 175,806.54 |
| 12-02 | 201,214.77 | 12-09 | 176,214.77 | 12-29 | 175,786.54 |

000 96

0112062882      PAGE

ff5XXH1309DPCSTM      0130090012062882

Page 1      (0)

Account #: 112062882

This statement: January 30, 2009          Contact us:
Last statement: December 31, 2008          213 673-7700

                                          City National Bank
                                          400 N Roxbury Drive
001                          0830N          Beverly Hills CA  90210
RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD SUITE 600          cnb com
BEVERLY HILLS CA 90210

CITY NATIONAL CAN HELP BUSINESSES MANAGE DAY-TO-DAY CASH FLOW NEEDS
EFFICIENTLY WITH TOOLS LIKE CITY NATIONAL TREASURY NET, CITY NATIONAL
E-DEPOSIT, BALANCE ALERTS AND BUSINESS BILL PAYMENTS. LEARN MORE
BY CALLING YOUR RELATIONSHIP MANAGER OR (800) 559-0020, OPTION 2

Analyzed Business Checking

| Account Summary | | Account Activity | | | |
|---|---|---|---|---|---|
| Account number | 112062882 | Beginning bal | (12/31/2008) | | $175,786 54 |
| Minimum balance | $518 12 | Deposits | (0) | - 0.00 | |
| Average balance | $128,030 40 | Electronic cr | (2) | + 800,000 00 | |
| Avg collect bal | $128,030 00 | Other credits | (1) | + 45,000 00 | |
| | | Total credits | | | +$845,000 00 |
| | | Checks paid | (0) | - 0.00 | |
| | | Electronic db | (4) | - 975,000.00 | |
| | | Other debits | (3) | - 20,268 42 | |
| | | Total debits | | | - $995,268.42 |
| | | Ending balance | (1/30/2009) | | $25,518 12 |

ELECTRONIC CREDITS
| Date | Description | | Credits | Control Number |
|---|---|---|---|---|
| 1-20 | Incoming Wire-Dom | | 500,000 00 | 9012000004769 |
| 1-23 | Incoming Wire-Dom | | 300,000 00 | 9012300001428 |

OTHER CREDITS
| Date | Description | Reference | Credits | Control Number |
|---|---|---|---|---|
| 1-21 | Transfer Credit TRANSFER FROM DEPOSIT ACCOUNT 0112499571 | | 45,000 00 | 468000121140511 |

ELECTRONIC DEBITS
| Date | Description | | Debits | Control Number |
|---|---|---|---|---|
| 1-21 | Domestic Wire | | 200,000 00 | 9012100001637 |
| 1-21 | Domestic Wire | | 500,000 00 | 9012100001623 |
| 1-23 | Domestic Wire | | 25,000 00 | 9012300002071 |
| 1-23 | Domestic Wire | | 250,000 00 | 9012300002064 |

0112062882        PAGE

##XXH1309DPCSTM        (1300900112062882

RUDERMAN CAPITAL PARTNERS, LLC          Page 2
January 30, 2009                        Account #: 112062882

OTHER DEBITS

| Date | Description | Reference | Debits | Control Number |
|------|-------------|-----------|--------|----------------|
| 1-2 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101170128 | | 10,000.00 | 468000102124134 |
| 1-2 | Transfer Debit TRANSFER TO DEPOSIT ACCOUNT 0101849686 | | 10,000.00 | 468000102124217 |
| 1-21 | Acct Analysis Chg ANALYSIS ACTIVITY FOR 12/08 | | 268.42 | 000000000000000 |

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 12-31 | 175,786.54 | 01-20 | 655,786.54 | 01-23 | 25,518.12 |
| 01-02 | 155,786.54 | 01-21 | 518.12 | | |

000 98

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 12121 Wilshire Boulevard, Suite 600, Los Angeles, California 90025-1166.

A true and correct copy of the foregoing document described as **NOTICE OF PETITION AND PETITION FOR INSTRUCTIONS OF RECEIVER FOR AN ORDER (1) APPROVING STIPULATION BETWEEN RECEIVER AND THE BANKRUPTCY TRUSTEE FOR RUDERMAN CAPITAL PARTNERS, LLC, ON THE LIQUIDATION AND DIVISION OF PROCEEDS OF DEPOSITORY AND BROKERAGE ACCOUNTS; (2) TERMINATING RECEIVER'S DUTIES FOR RUDERMAN CAPITAL PARTNERS, LLC; AND (3) MODIFYING THE CURRENT ASSET FREEZE ORDERS TO ALLOW THE LIQUIDATION OF ACCOUNTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DAVID L. RAY** will be served or was served **(a)** on the judge in chambers in the form and manner required and **(b)** in the manner indicated below:

☒      **SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**

On July 29, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this case by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

☒      **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:**

On July 29, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

☒      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING:**

The foregoing document will be served by the court via NEF and hyperlink to the document. On July 29, 2009, I checked the CM/ECF docket for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

☒      (Federal)   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 29, 2009, at Los Angeles, California.

CHERYLEIGH BULLOCK

# SERVICE LIST

## SERVED ELECTRONICALLY BY THE COURT:

ATTORNEY FOR PLAINTIFF SEC
Gregory C. Glynn, Esq.
Morgan B. Ward Doran, Esq,
Branch Chief, Office of Enforcement
Securities and Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036-3648

ATTORNEYS FOR INVESTOR PACIFIC CREDIT CORP.
Steven T. Gubner, Esq.
Corey R. Weber, Esq.
Ezra Brutzkus Gubner LLP
21650 Oxnard St.
Suite 500
Woodland Hills, CA 91367

## SERVED VIA EMAIL:

DEFENDANT
Bradley L. Ruderman

CRIMINAL ATTORNEY FOR DEFENDANT, BRADLEY RUDERMAN
James D. Riddet, Esq.
Stokke & Riddet
3 MacArthur Pl., Suite 750
Santa Ana, CA 92707
**jriddet@stokkeriddet.com**

ATTORNEYS FOR HOWARD EHRENBERG, CHAPTER 7 TRUSTEE FOR RUDERMAN CAPITAL PARTNERS, LLC
Daniel A. Lev, Esq.
SulmeyerKupetz, APC
333 S. Hope St.
Thirty-Fifth Floor
Los Angeles, CA 90071
**dlev@sulmeyerlaw.com**

## SERVED VIA U.S. MAIL:

Hon. Valerie B. Fairbanks
U.S. District Court
Courtroom 9
312 N. Spring St.
Los Angeles, CA 90012

125461 1  5755 000

## CREDITORS LIST

**SERVED BY U.S. MAIL**

Larry Abramson

Tony Brown

Jenny and Steve Dolins

Edward Friedman

Ira Halpern

Dori and Jordan Katz

Jordan and Dori Katz Family Trust of 2006

Austin Katz

Nancy and Richard Katz

Howard Koff

LMA 7, Ltd

Larry Noggle

Pacific Credit Corp.
c/o Thomas A. Waldman

Mihir Parikh

Stephanie and Mark Radis

Ryan Wald

**SERVICE BY EMAIL**

Alan Abramson

Larry Elins

Janaki & Dr. Prabhakar Guniganti

Dayakar Puskoor

Richard and Terry Rothbard