1 | **DAMON G. SALTZBURG, State Bar No. 162148**
**SALTZBURG, RAY & WEISSMAN, LLP**
2 | **12121 Wilshire Boulevard**
**Suite 600**
3 | **Los Angeles, California 90025-1166**
**(310) 481-6700 – Fax: (310) 481-6720**
4 |
5 | **Attorneys for David L. Ray, Federal Court Receiver**
6 |
7 |
8 | UNITED STATES DISTRICT COURT
9 | CENTRAL DISTRICT OF CALIFORNIA
10 |
11 | SECURITIES AND EXCHANGE COMMISSION,

Case No. CV 09-2974 VBF (JCx)

12 |        Plaintiff,

ORDER ON PETITION FOR
13 | vs.

INSTRUCTIONS OF RECEIVER FOR
AN ORDER (1) APPROVING
14 |

STIPULATION BETWEEN
RECEIVER AND THE
15 | BRADLEY L. RUDERMAN;
RUDERMAN CAPITAL
MANAGEMENT, LLC; RUDERMAN

BANKRUPTCY TRUSTEE FOR
RUDERMAN CAPITAL PARTNERS,
LLC, ON THE LIQUIDATION AND
16 | CAPITAL PARTNERS, LLC; and
RUDERMAN CAPITAL PARTNERS A,

DIVISION OF PROCEEDS OF
DEPOSITORY AND BROKERAGE
17 | LLC,

ACCOUNTS; (2) TERMINATING
RECEIVER'S DUTIES FOR
18 |        Defendants.

RUDERMAN CAPITAL PARTNERS,
LLC; AND (3) MODIFYING THE
19 |

CURRENT ASSET FREEZE ORDERS
TO ALLOW THE LIQUIDATION OF
20 |

ACCOUNTS
21 |
22 |

DATE:      August 31, 2009
TIME:      2:00 p.m.
23 |

CTRM:   9
        312 Spring Street
24 |

        Los Angeles, CA 90012
25 |       On August 31, 2009, at 2:00 p.m., a hearing was held before this court on the
26 | petition filed by David L. Ray, Federal Court Receiver appointed herein ("Receiver"),
27 | bearing Docket No. 49, entitled "Notice of Petition and Petition for Instructions of
28 | Receiver for an Order (1) Approving Stipulation Between Receiver and the

Bankruptcy Trustee For Ruderman Capital Partners, LLC, on the Liquidation and Division of Proceeds of Depository and Brokerage Accounts; (2) Terminating Receiver's Duties for Ruderman Capital Partners, LLC; and (3) Modifying the Current Asset Freeze Orders to Allow the Liquidation of Accounts; Memorandum of Points and Authorities in Support Thereof; Declaration of David L. Ray" (the "Petition"). The Receiver appeared on his own behalf. The Receiver also appeared at the hearing by and through his proposed attorneys, Saltzburg, Ray & Weissman. LLP, by Damon G. Saltzburg, Esq. All the appearances are duly noted in the Court's records.

The Court, having reviewed and considered the Petition; having reviewed and considered any and all papers filed in response or in opposition to the Petition; having listened to any and all arguments made at the time of hearing and having reviewed all evidence on file with the Court, and good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1.      The Petition is granted.

2.      The Stipulation by and between the Receiver and Howard M. Ehrenberg, the Chapter 7 trustee appointed in the bankruptcy of Ruderman Capital Partners, LLC ("RCP"), a copy of which stipulation is attached as Exhibit "D" to the Petition (the "Stipulation"), is approved except as otherwise modified in Paragraph 5 of this Order.

3.      The Receiver is authorized to execute any and all documents that may be necessary to carry out the terms and conditions of the Stipulation.

4.      RCP is removed as an entity in the Receivership Estate and the Receiver's duties as to RCP are terminated. The appointment of permanent receiver as provided for in Section IV of the Judgment and Order of this Court filed May 7, 2009, Docket No. 29 (the "Appointment Order"), is modified to remove RCP as one of the entities for which the Receiver was appointed as receiver.

5.      The asset freeze currently in place on all accounts of RCP, as originally provided in Section V of the Temporary Restraining Order of this Court filed on April 29, 2009, Docket No. 12 (the "TRO"), which TRO has now expired, and then made

2

permanent and continued in full force and effect as provided in Section XV of the Appointment Order, is modified and lifted as to all accounts held in the name of, for the benefit of, or over which authority is held by RCP, including but not limited to the accounts in the name of RCP at Wells Fargo Bank and at Wachovia Securities identified in the TRO (the "RCP Accounts"), so that the assets in the RCP Accounts can be liquidated by the Receiver and the Trustee.

6.     Upon the liquidation of the assets in the RCP Accounts, the Receiver and the Trustee, as provided for in the Stipulation, shall each receive fifty percent (50%) of the net proceeds from all such RCP Accounts.

7.     The Bankruptcy Court in the RCP Bankruptcy and this Court shall each retain, as needed, jurisdiction to interpret, implement and enforce the provisions of the orders approving the Stipulation.

Dated:   September 9, 2009

Valerie Baker Fairbank

126488.1  5755.000