1  DAMON G. SALTZBURG, State Bar No. 162148
   SALTZBURG, RAY & WEISSMAN, LLP
2  12121 Wilshire Boulevard
   Suite 600
3  Los Angeles, California 90025-1166
   (310) 481-6700 – Fax: (310) 481-6720
4
   Attorneys for David L. Ray, Federal Court Receiver
5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11 | SECURITIES AND EXCHANGE            | Case No. CV 09-2974 VBF (JCx)
   | COMMISSION,                        |
12 |                                    | REQUEST OF RECEIVER FOR AN
   |            Plaintiff                | ORDER MODIFYING THE
13 | vs.                                | RECEIVER'S DUTIES;
   |                                    | MEMORANDUM OF POINTS AND
14 | BRADLEY L. RUDERMAN;               | AUTHORITIES IN SUPPORT
   | RUDERMAN CAPITAL               | THEREOF; DECLARATION OF
15 | MANAGEMENT, LLC; RUDERMAN      | DAVID L. RAY
   | CAPITAL PARTNERS, LLC; and      |
16 | RUDERMAN CAPITAL PARTNERS A,   | [Request Submitted For Determination
   | LLC,                            | Without Hearing Along With Proposed
17 |                                    | Order]
   |            Defendants.              |
18

19

20

21

22 TO THE HONORABLE VALERIE BAKER FAIRBANK, UNITED STATES

23 DISTRICT JUDGE, AND TO ALL PARTIES AND INTERESTS HEREIN AND

24 THEIR ATTORNEYS OF RECORD, IF ANY:

25       PLEASE TAKE NOTICE that David L. Ray, Federal Court Receiver appointed

26 in this action now as receiver of Ruderman Capital Management, LLC ("RCM") and

27 Ruderman Capital Partners A, LLC ("RCP-A") (RCM and RCP-A may be referred to

28

134252 1  5755 000

1    hereinafter collectively as the "Receivership Entities"), hereby moves the court to

2    request an order modifying the Receiver's duties as to the Receivership Entities.

3        The Receiver believes that the request to modify the Receiver's duties for the

4    Receivership Entities as provided herein is reasonable and in the best interests of the

5    Receivership Estate and its economical administration.

6        The Request herein is based on the attached Memorandum of Points and

7    Authorities, the Declaration of David L. Ray annexed hereto and the records on file in

8    this action.

9        The Request is being made in accordance with the court's instructions at the

10   status conference recently held on August 16, 2010.  The Receiver seeks to have the

11   Request submitted for determination by the court without a hearing and

12   contemporaneously submits a proposed order on the Request.

13

14   Dated: August 26, 2010               Respectfully submitted,

15                                        SALTZBURG, RAY & WEISSMAN, LLP

16                                        By: _____

17                                             DAMON G. SALTZBURG

18                                             Attorneys for David L. Ray,
                                               Federal Court Receiver

19

20

21

22

23

24

25

26

27

28

134252 1  5755 000

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3

## I.   INTRODUCTION AND STATEMENT OF FACTS.

4    On or about April 28, 2009, the SEC filed its Complaint herein against
5 Bradley L. Ruderman, Ruderman Capital Partners, LLC ("RCP"), and the two
6 Receivership Entities.  In the Complaint, the SEC charged the Defendants with
7 operating a fraudulent scheme involving two hedge funds consisting of RCP and
8 RCP-A. On April 29, 2009, this Court issued a modified temporary restraining order
9 enjoining the Defendants from further violations of federal securities laws and
10 imposed an asset freeze as to all the Defendants.

11    As to RCP, on April 23, 2009, an involuntary Chapter 7 bankruptcy petition
12 was filed by certain investors, Case No. 2:09-bk-19539-ER (the "RCP Bankruptcy").
13 The Bankruptcy Court entered an order for relief concerning the RCP Bankruptcy on
14 May 27, 2009 and thereafter Howard M. Ehrenberg was appointed as the Chapter 7
15 Trustee (the "Trustee").

16    In this action, on May 7, 2009, the Court entered the judgment of permanent
17 injunction, order of disgorgement, appointment of permanent receiver and other relief
18 as to the Defendants (the "Appointment Order").  A true and correct copy of the
19 Appointment Order is attached hereto as **Exhibit "A"** and is incorporated herein by
20 this reference. As provided in the Appointment Order, the Receiver was appointed as
21 permanent receiver over RCM, RCP and RCP-A and their subsidiaries and affiliates
22 and was provided the full power as the equity receiver over all funds and assets of
23 such entities.

24    Thereafter, the Receiver and the Trustee entered into a stipulation concerning
25 the liquidation and division of proceeds of certain depository and brokerage accounts
26 in the name of RCP (the "Stipulation").  As provided in the Stipulation, it was agreed
27 that the Receiver would request that RCP be removed as one of the entities in the
28 Receivership Estate and the Receiver's duties for RCP would be terminated.  The

134252 1  5755 000

1    Receiver filed a petition for instructions approving the Stipulation, which petition was

2    approved by the order of this court entered on or about September 9, 2009 (the

3    "Modification Order").  A true and correct copy of the Modification Order is attached

4    hereto as **Exhibit "B"** and is incorporated herein by this reference.  As provided for in

5    the Modification Order, the Stipulation was approved and RCP was removed as an

6    entity in the Receivership Estate and the Receiver's duties as to RCP were terminated.

7    In addition, the Appointment Order was modified to remove RCP as one of the

8    entities for which the Receiver was appointed.

9         Recently, the Court set a status conference for August 16, 2010, concerning the

10    status of the receivership (the "Status Conference").  In connection with the Status

11    Conference, the Receiver filed a report with the court on August 9, 2010 on the status

12    of the receivership (the "Report").  A true and correct copy of the Report is attached

13    hereto as **Exhibit "C"** and is incorporated herein by this reference.  In the Report, the

14    Receiver indicates areas for which he believes that his duties should be modified.  At

15    the Status Conference, the Court listened to both the SEC and the Receiver concerning

16    the status of the receivership and concerning the proposed modifications to Receiver's

17    duties.  At that time, the Court granted the request for quarterly status reports by the

18    Receiver concerning the Receivership rather than monthly ones.  As to the remaining

19    requests for modification of the Receiver's duties provided in the Report, the Court

20    invited the Receiver to file a request seeking a modification of his duties.

21         As such, the Receiver herein is requesting the modification of his duties as

22    follows: (1) that his appointment and duties over RCM as reflected in the

23    Appointment Order be limited in scope to matters after RCP-A was initially formed

24    on January 24, 2005; and (2) that the Appointment Order be modified such that the

25    Receiver be provided the authority to seek to retain the services of counsel to

26    investigate and, pursue if appropriate, all possible viable claims and avoidance actions

27    as set forth in the Report with the proviso that if counsel is actually engaged, the

28

134252 1  5755 000

Receiver be required to seek Court approval on the terms for which such counsel is retained.

The Receiver believes that the modification of his duties requested herein is in the best interests of the estate and its economical administration and should be approved by the Court. Submitted concurrently and also attached hereto as **Exhibit "D"** is a true and correct copy of the proposed order on the Receiver's Request herein (the "Proposed Order").

By the Appointment Order, as modified by the Modification Order, the Receiver was authorized to take control and possession of all of the assets and property of the Receivership Entities and was authorized and directed to take control of all accounts of the Receivership Entities. Further, pursuant to the Appointment Order, the Receiver was directed to conduct an investigation and discovery as may be necessary to locate and account for all the assets managed by the Receivership Entities, and to engage and employ attorneys, accountants, employees and other persons to assist in such investigation and discovery. In addition, pursuant to the Appointment Order in Section G, on proper written application and order of the Court, the Receiver was authorized to employ attorneys, accountants and others to investigate, and where appropriate, to institute, pursue and prosecute all claims and causes of action of whatever kind or nature which may now or hereafter exist as a result of the activities of the Receivership Entities, including but not limited to, any possible claims and causes of actions for "claw-back" claims for profits made by any investors of RCP-A.

Herein, the Receiver seeks to request a modification of his current duties as provided for under the Appointment Order as such duties relate to the administration of the Receivership Estate. First, the Receiver seeks a modification of his duties as to RCM such that his duties be limited in scope to matters after RCP-A was initially formed. As provided in the Report, the Receiver believes that such a modification of his duties is appropriate and is in compliance with the purpose behind the appointment

6

1    of the Receiver.  Second, the Receiver seeks modification of his duties, particularly a

2    modification of paragraph G of the Appointment Order, such that as provided in the

3    Report, the Receiver be provided the authority to engage counsel to investigate and

4    pursue, if appropriate, all possible viable claims and avoidance actions of the

5    Receivership Estate including those set forth in the Report.  As to the terms and

6    conditions for which any counsel is retained to perform such duties, the Receiver

7    would seek court approval of the same once counsel is formally engaged.

9    **II.    RECEIVER BELIEVES THAT THE REQUESTED MODIFICATION**

10   **OF HIS DUTIES IS IN THE BEST INTERESTS OF THE**

11   **RECEIVERSHIP ESTATE AND SHOULD BE APPROVED.**

12          The Receiver is an officer and agent of the court and the receivership estate is

13   subject to the continuous supervision and control of the court.  See, 13 Moore's

14   Federal Practice, § 66.03[3] (3d ed. 2000); See also, Steinberg v. Goldstein (1954)

15   129 Cal.App.2d 682, 685, 279 P.2d 22; Turner v. Superior Court (1977) 72

16   Cal.App.3d 804, 813, 140 Cal. Rptr. 475.  The Receiver's "functions and powers" are

17   controlled by statute, by the order appointing and by the court's subsequent orders and

18   the court has extremely broad discretion in its directions in overseeing the receivership

19   estate.  See, SEC v. Hardy, 803 F.2d 1034, 1037 (9th Cir. 1986); SEC v. Lincoln

20   Thrift Association, 577 F.2d 600, 606 (9th Cir. 1978); See also, Hillman v. Stults

21   (1968) 263 Cal.App. 2d 848, 876, 70 Cal. Rptr. 295.

22          This Court has extremely broad discretion in its directions in overseeing the

23   Receivership Estate and the Receiver believes that the modification of the Receiver's

24   duties requested herein is appropriate and should be approved.  SEC v. Hardy, 803 F.

25   2d at 1037.

26   ///

27   ///

28   ///

134252 1  5755 000

1    **III.   <u>CONCLUSION</u>.**

2          For the reasons set forth above, the Receiver respectfully requests the Court

3    issue an order, substantially in the form of the Proposed Order, modifying the

4    Receiver's duties as requested herein.

5

6    Dated: August _26_, 2010          Respectfully submitted,

7                                       SALTZBURG, RAY & WEISSMAN, LLP

8

9                                       By:   _____

10                                            DAMON G. SALTZBURG

11                                            Attorneys for David L. Ray,
                                              Federal Court Receiver
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

# DECLARATION OF DAVID L. RAY

I, David L. Ray, declare as follows:

1.      I am the duly appointed, qualified and acting permanent Federal Court Receiver appointed in this action entitled Securities and Exchange Commission v. Bradley L. Ruderman, etc., et al., United States District Court Case No. CV 09-2974 VBF (JCx), having been initially appointed pursuant to the judgment and order of this court filed May 7, 2009 ("Appointment Order"). I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify thereto.

2.      Pursuant to the Appointment Order, I was appointed permanent receiver of Ruderman Capital Management, LLC ("RCM"), Ruderman Capital Partners, LLC ("RCP") and Ruderman Capital Partners A, LLC ("RCP-A") and their subsidiaries and affiliates (collectively, the "Defendant Entities"). Pursuant to the Appointment Order, I was provided the full powers of an equity receiver including full power over all the funds, assets, causes of action, records, papers and other property belonging to and being managed by or in the possession of the Defendant Entities. A true and correct copy of the Appointment Order is attached hereto as **Exhibit "A"** and is incorporated herein by this reference.

3.      Prior to my appointment, on April 29, 2009, in this action, the Court issued a modified temporary restraining order enjoining the Defendants from further violations of federal securities laws and imposed an asset freeze as to all the Defendants.

4.      On April 23, 2009, an involuntary Chapter 7 Bankruptcy Petition was filed as to RCP (the "RCP Bankruptcy"), given Case No. 2:09-bk-19539-ER, by certain investors of RCP. Thereafter, the Bankruptcy Court enter an order for a relief concerning the RCP Bankruptcy on May 27, 2009, and Howard M. Ehrenberg was appointed as Chapter 7 Trustee ("Trustee").

9

5. Thereafter, I entered into a stipulation with the Trustee concerning the liquidation and division of proceeds of certain depository and brokerage accounts in the name of RCP (the "Stipulation"). As provided in the Stipulation, it was agreed that I as Receiver would request that RCP be removed as one of the entities in the Receivership Estate and that my duties for RCP would be terminated. I filed a petition for instructions for an order approving the Stipulation for which petition a hearing was held before the court on August 31, 2009. The Petition was approved and an order on the Stipulation was entered on or about September 9, 2009 (the "Modification Order"). A true and correct copy of the Modification Order is attached hereto as **Exhibit "B"** and is incorporated herein by this reference. As provided for in the Modification Order, the Stipulation was approved and RCP was removed as an entity in the Receivership Estate and my duties as to RCP were terminated. In addition, the Appointment Order was modified to remove RCP as one of the entities for which I was appointed as Receiver.

6. As such, since the date of the Modification Order, I am now the Receiver over the remaining two entities consisting of RCM and RCP-A. Hereinafter, RCM and RCP-A may be collectively referred to as the "Receivership Entities".

7. The Court in this action set a status conference concerning the Receivership for August 16, 2010. In regard to the Status Conference, on August 9, 2010, I filed my report on the status of the Receivership (the "Report"), a true and correct copy of which is attached hereto as **Exhibit "C"** and is incorporated herein by this reference. Included in the Report, I addressed the Court's concerns regarding possible modifications of my duties in this case.

8. I appeared at the Status Conference held on August 16, 2010. At the time of the Status Conference, the Court granted the request that I submit quarterly status reports rather than monthly reports to the Court and the parties. In addition, as to the remaining requests for the modification of my duties as provided in the Report, the Court invited me to file a request seeking a modification of my duties.

9.    In the Request herein, I am seeking such a modification of my duties as
Receiver as indicated in the Report.  I believe that such a modification of my duties is
in the best interests of the estate and its economical administration and should be
approved.

10.    I believe it is appropriate for the Court to consider my request without a
hearing and as such I have submitted my request accordingly for determination by the
Court along with a proposed order on the same which is being submitted
contemporaneously hereto and a true and correct copy of which is attached hereto as
**Exhibit "D"** and is incorporated herein by this reference.

I declare under the penalty of perjury under the laws of the United States that
the foregoing is true and correct.

Executed this _26_ day of August, 2010, at Los Angeles, California.

DAVID L. RAY

134252 1  5755 000

# EXHIBIT A

1  GREGORY C. GLYNN, Cal Bar. No. 39999
   Email: glynng@sec.gov
2  MORGAN B. WARD DORAN, Cal. Bar No. 246107
   Email: warddoranm@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
5  Andrew G. Petillon, Associate Regional Director
   John M. McCoy III, Regional Trial Counsel
6  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036-3648
7  Telephone:  (323) 965-3998
   Facsimile:  (323) 965-3908
8

```
┌─────────────────────────────────┐
│              FILED              │
│    CLERK, U.S. DISTRICT COURT    │
│                                 │
│         MAY - 7 2009            │
│                                 │
│  CENTRAL DISTRICT OF CALIFORNIA  │
│  BY                     DEPUTY   │
└─────────────────────────────────┘
```

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  SECURITIES AND EXCHANGE            Case No. CV-09-2974 VBF (JCx)
    COMMISSION,
13                                     [PROPOSED] JUDGMENT OF
                 Plaintiff,            PERMANENT INJUNCTION,
14                                     ORDER OF DISGORGEMENT,
          vs.                          APPOINTMENT OF PERMANENT
15                                     RECEIVER, AND OTHER RELIEF
    BRADLEY L. RUDERMAN;               AS TO DEFENDANTS BRADLEY L.
16  RUDERMAN CAPITAL                   RUDERMAN, RUDERMAN
    MANAGEMENT, LLC; RUDERMAN          CAPITAL MANAGEMENT, LLC,
17  CAPITAL PARTNERS, LLC; and         RUDERMAN CAPITAL PARTNERS
    RUDERMAN CAPITAL                   LLC, AND RUDERMAN CAPITAL
18  PARTNERS A, LLC;                   PARTNERS A, LLC

19               Defendants.

20

21        The Securities and Exchange Commission having filed a Complaint and

22  Bradley L. Ruderman, Ruderman Capital Management, LLC ("RCM"), Ruderman

23  Capital Partners, LLC ("RCP"), and Ruderman Capital Partners A, LLC

24  ("RCP-A") (collectively, "Defendants") having entered a general appearance;

25  consented to the Court's jurisdiction over them and the subject matter of this

26  action; consented to the entry of this Judgment without admitting or denying the

27  allegations of the Complaint (except as to jurisdiction); waived findings of fact and

28  conclusions of law; and waived any right to appeal from this Judgment:

000012

EXHIBIT A

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the offer or sale of any security:

          (a)    to employ any device, scheme, or artifice to defraud;

          (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

          (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

          (a)    to employ any device, scheme, or artifice to defraud;

          (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the

000013

Case 2:09-cv-02974-VBF-JC   Document 104   Filed 08/30/10   Page 14 of 40   Page ID
#:1639
Case 2:09-cv-02974-VBF-JC   Document 31   Filed 05/07/2009   Page 3 of 10

1    circumstances under which they were made, not misleading; or

2            (c)    to engage in any act, practice, or course of business which
3    operates or would operate as a fraud or deceit upon any person.

### III.

5        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
6    Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest
7    thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15
8    U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).
9    The Court shall determine the amounts of the disgorgement and civil penalty upon
10   the motion of the Commission.  Prejudgment interest shall be calculated pursuant
11   to 28 U.S.C. § 1961 based on the date of entry of the order fixing the amount of
12   disgorgement.  In connection with the Commission's motion for disgorgement
13   and/or civil penalties, and at any hearing held on such a motion:

14           (a)    Defendants will be precluded from arguing that they did not
15   violate the federal securities laws as alleged in the Complaint;

16           (b)    Defendants may not challenge the validity of this Consent or
17   the Judgment;

18           (c)    solely for purposes of such motion, the allegations of the
19   Complaint shall be accepted as and deemed true by the Court; and

20           (d)    the Court may determine the issues raised in the motion on the
21   basis of affidavits, declarations, excerpts of sworn testimony or investigative
22   testimony, and documentary evidence, without regard to the standards for
23   summary judgment contained in Rule 56(c) of the Federal Rules of Civil
24   Procedure.  In connection with the Commission's motion for disgorgement and/or
25   civil penalties, the parties may take discovery, including discovery from
26   appropriate non-parties.

27

28

000014

Case 2:09-cv-02974-VBF-JC   Document 104   Filed 08/30/10   Page 15 of 40   Page ID
#:1640
Case 2:09-cv-02974-VBF-JC      Document 31      Filed 05/07/2009      Page 4 of 10

**IV.**

IT IS FURTHER ORDERED that David L. Ray is appointed as permanent receiver of RCM, RCP, and RCP-A, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of RCM, RCP, and RCP-A, and their subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.   to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendants and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such property, and that of their subsidiaries and affiliates);

    B.   to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of Defendants, and their subsidiaries and affiliates, or which maintains accounts over which Defendants, and their subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

    C.   to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendants,

00015

1    and any subsidiaries and affiliates, and to engage and employ

2    attorneys, accountants and other persons to assist in such investigation

3    and discovery;

     *With prior court approval,*

4    D.    to take such action as is necessary and appropriate to preserve and

5    take control of and to prevent the dissipation, concealment, or

6    disposition of any assets of or managed by Defendants, and any

7    subsidiaries and affiliates;

                                    *within 30 days*

8    E.    to make an accounting, ~~as soon as practicable,~~ to this Court, ~~the~~

9    ~~Commission, and any interested government agencies,~~ of the assets

10   and financial condition of Defendants, and to file the accounting with

11   the Court and deliver copies thereof to all parties; *and to make reports to the Court every 30 days thereafter, unless otherwise directed,*

12   F.    to make such payments and disbursements from the funds and assets

13   taken into custody, control, and possession or thereafter received by

14   him or her, and to incur, or authorize the making of, such agreements

15   as may be necessary and advisable in discharging his or her duties as

16   permanent receiver; *on proper written application and order of the court*

17   G.    to employ attorneys, accountants, and others to investigate and, where

18   appropriate, to institute, pursue, and prosecute all claims and causes of

19   action of whatever kind and nature which may now or hereafter exist

20   as a result of the activities of present or past employees or agents of

21   Defendants, and any subsidiaries and affiliates; and

22   H.    to have access to and monitor all mail, electronic mail, and video

23   phone of the entities in receivership in order to review such mail,

24   electronic mail, and video phone which he or she deems relates to

25   their business and the discharging of his or her duties as permanent

26   receiver.

27

28

00016

Case 2:09-cv-02974-VBF-JC   Document 104   Filed 08/30/10   Page 17 of 40   Page ID
#:1642
Case 2:09-cv-02974-VBF-JC   Document 31   Filed 05/07/2009   Page 6 of 10

**V.**

IT IS FURTHER ORDERED that Defendants, their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, and employees, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

**VI.**

IT IS FURTHER ORDERED that no officer, agent, servant, or employee of Defendants shall take any action or purport to take any action, in the name of or on behalf of RCM, RCP, and RCP-A without the written consent of the permanent receiver or order of this Court.

**VII.**

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Defendants, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, and employees, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

A.   commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

B.   using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or

000017

Case 2:09-cv-02974-VBF-JC   Document 104   Filed 08/30/10   Page 18 of 40   Page ID
#:1643
Case 2:09-cv-02974-VBF-JC   Document 31   Filed 05/07/2009   Page 7 of 10

property interests owned by or in the possession of Defendants; and

C.   doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendants, or in any way to interfere with or harass the permanent receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## VIII.

IT IS FURTHER ORDERED that Defendants, and their subsidiaries, affiliates, officers, agents, servants, and employees, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees, or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## IX.

IT IS FURTHER ORDERED that Defendants, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out his or her duties and obligations.  All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

000018

Case 2:09-cv-02974-VBF-JC   Document 104   Filed 08/30/10   Page 19 of 40   Page ID
#:1644
Case 2:09-cv-02974-VBF-JC   Document 31   Filed 05/07/2009   Page 8 of 10

## X.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver.  Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, and employees or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

## XI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants, and their officers, agents, servants, employees, subsidiaries and affiliates, including the other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants, and their subsidiaries and affiliates.

## XII.

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, subsidiaries and affiliates, including the other entities in receivership, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the permanent receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business.  In the case

G00019

Case 2:09-cv-02974-VBF-JC   Document 104   Filed 08/30/10   Page 20 of 40   Page ID
#:1645
Case 2:09-cv-02974-VBF-JC   Document 31   Filed 05/07/2009   Page 9 of 10

1  of defendant Ruderman, he shall, within 24 hours of the issuance of this Order,

2  prepare and deliver to the permanent receiver, a detailed and complete schedule of

3  all desktop computers, laptop computers, and/or PDA's owned, controlled or used

4  by him for any purpose.  The schedules required by this section shall include at a

5  minimum the make, model and description of each computer and/or PDA, along

6  with its location, the name of the person primarily assigned to use the computer

7  and/or PDA, all passwords necessary to access the computer and/or PDA, and all

8  passwords necessary to access and use the software contained on the computer

9  and/or PDA. The permanent receiver shall be authorized to make an electronic,

10  digital or hard copy of all of the data contained on the computers and/or PDAs.

11  ### XIII.

12      IT IS FURTHER ORDERED that Defendants, and their officers, agents,

13  servants, employees, subsidiaries and affiliates, including the other entities in

14  receivership, shall, within 24 hours of the issuance of this Order, cause to be

15  prepared and delivered to the permanent receiver, a detailed and complete schedule

16  of all passwords, usernames, and identification numbers for all web sites, email

17  accounts, and all accounts at any bank, financial institution or brokerage firm

18  operated by or to which Defendants have access.

19  ### XIV.

20      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

21  Consent is incorporated herein with the same force and effect as if fully set forth

22  herein, and that Defendants shall comply with all of the undertakings and

23  agreements set forth herein.

24

25

26

27

28

000020

Case 2:09-cv-02974-VBF-JC    Document 104    Filed 08/30/10    Page 21 of 40    Page ID
#:1646
Case 2:09-cv-02974-VBF-JC    Document 31    Filed 05/07/2009    Page 10 of 10

## XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all asset freeze orders previously issued by this Court should remain in full force and effect until further order of this Court.  This Court shall retain jurisdiction over this action to disburse previously frozen funds to investors and to disburse to investors any sums paid in disgorgement by Defendants and otherwise to implement and to enforce the terms of this Judgment and all other orders and decrees that may be entered herein, and to grant such other relief as the Court may deem necessary and just.

## XVI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

*The SEC is Ordered to give notice to Defendants of this Judgment within one court day by personal delivery and by email, fax or mail. So*

Presented by:

_____

Morgan B. Ward Doran
SECURITIES & EXCHANGE COMMISSION
Los Angeles Regional Office
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Dated this 7 day of May, 2009.

_____
HON. VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

000021

# EXHIBIT B

Case 2:09-cv-02974-VBF-JC   Document 62   Filed 09/09/2009   Page 1 of 3

1    **DAMON G. SALTZBURG, State Bar No. 162148**
     **SALTZBURG, RAY & WEISSMAN, LLP**
2    **12121 Wilshire Boulevard**
     **Suite 600**
3    **Los Angeles, California 90025-1166**
     **(310) 481-6700 – Fax: (310) 481-6720**
4

   **Attorneys for David L. Ray, Federal Court Receiver**
5

6

7

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 09-2974 VBF (JCx) |
| 12          Plaintiff, | ORDER ON PETITION FOR INSTRUCTIONS OF RECEIVER FOR |
| 13   vs. | AN ORDER (1) APPROVING STIPULATION BETWEEN |
| 14   BRADLEY L. RUDERMAN; | RECEIVER AND THE BANKRUPTCY TRUSTEE FOR |
| 15   RUDERMAN CAPITAL MANAGEMENT, LLC; RUDERMAN | RUDERMAN CAPITAL PARTNERS, LLC, ON THE LIQUIDATION AND |
| 16   CAPITAL PARTNERS, LLC; and RUDERMAN CAPITAL PARTNERS A, | DIVISION OF PROCEEDS OF DEPOSITORY AND BROKERAGE |
| 17   LLC, | ACCOUNTS; (2) TERMINATING RECEIVER'S DUTIES FOR |
| 18          Defendants. | RUDERMAN CAPITAL PARTNERS, LLC; AND (3) MODIFYING THE |
| 19 | CURRENT ASSET FREEZE ORDERS TO ALLOW THE LIQUIDATION OF |
| 20 | ACCOUNTS |
| 21 | DATE:    August 31, 2009 |
| 22 | TIME:    2:00 p.m. |
| 23 | CTRM:    9 |
| |           312 Spring Street |
| 24 |           Los Angeles, CA 90012 |

25       On August 31, 2009, at 2:00 p.m., a hearing was held before this court on the

26   petition filed by David L. Ray, Federal Court Receiver appointed herein ("Receiver"),

27   bearing Docket No. 49, entitled "Notice of Petition and Petition for Instructions of

28   Receiver for an Order (1) Approving Stipulation Between Receiver and the

**EXHIBIT B**

     000022

Case 2:09-cv-02974-VBF-JC   Document 104   Filed 08/30/10   Page 24 of 40   Page ID
#:1649
Case 2:09-cv-02974-VBF-JC   Document 62   Filed 09/09/2009   Page 2 of 3

1  Bankruptcy Trustee For Ruderman Capital Partners, LLC, on the Liquidation and

2  Division of Proceeds of Depository and Brokerage Accounts; (2) Terminating

3  Receiver's Duties for Ruderman Capital Partners, LLC; and (3) Modifying the Current

4  Asset Freeze Orders to Allow the Liquidation of Accounts; Memorandum of Points

5  and Authorities in Support Thereof; Declaration of David L. Ray" (the "Petition").

6  The Receiver appeared on his own behalf. The Receiver also appeared at the hearing

7  by and through his proposed attorneys, Saltzburg, Ray & Weissman. LLP, by Damon

8  G. Saltzburg, Esq. All the appearances are duly noted in the Court's records.

9       The Court, having reviewed and considered the Petition; having reviewed and

10  considered any and all papers filed in response or in opposition to the Petition; having

11  listened to any and all arguments made at the time of hearing and having reviewed all

12  evidence on file with the Court, and good cause appearing,

13       **IT IS HEREBY ORDERED** as follows:

14       1.    The Petition is granted.

15       2.    The Stipulation by and between the Receiver and Howard M. Ehrenberg,

16  the Chapter 7 trustee appointed in the bankruptcy of Ruderman Capital Partners, LLC

17  ("RCP"), a copy of which stipulation is attached as Exhibit "D" to the Petition (the

18  "Stipulation"), is approved except as otherwise modified in Paragraph 5 of this Order.

19       3.    The Receiver is authorized to execute any and all documents that may be

20  necessary to carry out the terms and conditions of the Stipulation.

21       4.    RCP is removed as an entity in the Receivership Estate and the

22  Receiver's duties as to RCP are terminated. The appointment of permanent receiver

23  as provided for in Section IV of the Judgment and Order of this Court filed May 7,

24  2009, Docket No. 29 (the "Appointment Order"), is modified to remove RCP as one

25  of the entities for which the Receiver was appointed as receiver.

26       5.    The asset freeze currently in place on all accounts of RCP, as originally

27  provided in Section V of the Temporary Restraining Order of this Court filed on April

28  29, 2009, Docket No. 12 (the "TRO"), which TRO has now expired, and then made

     2            (:00023

1  permanent and continued in full force and effect as provided in Section XV of the

2  Appointment Order, is modified and lifted as to all accounts held in the name of, for

3  the benefit of, or over which authority is held by RCP, including but not limited to the

4  accounts in the name of RCP at Wells Fargo Bank and at Wachovia Securities

5  identified in the TRO (the "RCP Accounts"), so that the assets in the RCP Accounts

6  can be liquidated by the Receiver and the Trustee.

7      6.    Upon the liquidation of the assets in the RCP Accounts, the Receiver and

8  the Trustee, as provided for in the Stipulation, shall each receive fifty percent (50%)

9  of the net proceeds from all such RCP Accounts.

10      7.    The Bankruptcy Court in the RCP Bankruptcy and this Court shall each

11  retain, as needed, jurisdiction to interpret, implement and enforce the provisions of the

12  orders approving the Stipulation.

13

14  Dated:   September 9, 2009                  *Valerie Baker Fairbank*

15                                        Valerie Baker Fairbank

16

17

18

19

20

21

22

23

24

25

26

27

28

600024

# EXHIBIT C

1  DAMON G. SALTZBURG, State Bar No. 162148
   SALTZBURG, RAY & WEISSMAN, LLP
2  12121 Wilshire Boulevard
   Suite 600
3  Los Angeles, California 90025-1166
   (310) 481-6700 – Fax: (310) 481-6720
4
   Attorneys for David L. Ray, Federal Court Receiver
5

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  SECURITIES AND EXCHANGE          Case No. CV 09-2974 VBF (JCx)
    COMMISSION,
12                                   REPORT OF RECEIVER ON
              Plaintiff,             STATUS OF RECEIVERSHIP IN
13                                   RESPONSE TO COURT ORDER
    vs.                              SETTING STATUS CONFERENCE
14                                   RE RECEIVERSHIP
    BRADLEY L. RUDERMAN;
15  RUDERMAN CAPITAL             Date:    August 16, 2010
    MANAGEMENT, LLC; RUDERMAN     Time:    1:30 p.m.
16  CAPITAL PARTNERS, LLC; and    Ctrm:    9
    RUDERMAN CAPITAL PARTNERS A,           312 Spring Street
17  LLC,                                   Los Angeles, CA  90012

18              Defendants.

19

20  TO THE HONORABLE VALERIE BAKER FAIRBANK, UNITED STATES

21  DISTRICT JUDGE, AND TO ALL PARTIES IN INTEREST HEREIN AND THEIR

22  ATTORNEYS OF RECORD, IF ANY:

23       David L. Ray, federal court receiver (the "Receiver") appointed in this action

24  now as receiver of Ruderman Capital Management, LLC ("RCM") and Ruderman

25  Capital Partners A, LLC ("RCP-A") (RCM and RCP-A may be referred to hereinafter

26  collectively as the "Receivership Entities"), hereby submits his report on the status of

27  the receivership in response to the court's minute order setting status conference re

28  receivership of July 13, 2010, as follows:

133854.1  5755.000                **EXHIBIT. C**                    : 00025

Case 2:09-cv-02974-VBF-JC   Document 104   Filed 08/30/10   Page 28 of 40   Page ID
#:1653
Case 2:09-cv-02974-VBF-JC   Document 102   Filed 08/09/10   Page 2 of 9   Page ID #:1617

I.      INTRODUCTION AND STATUS OF RECEIVERSHIP.

On or about April 28, 2009, the SEC filed its Complaint herein against Bradley L. Ruderman ("Ruderman"), Ruderman Capital Partners, LLC ("RCP") and the two Receivership Entities. In the Complaint, the SEC charged the Defendants with operating a fraudulent scheme involving two hedge funds consisting of RCP and RCP-A. On April 29, 2009, this Court issued a modified temporary restraining order enjoining the Defendants from further violations of federal securities laws and imposed an asset freeze as to all the Defendants including RCP and the Receivership Entities.

As to RCP, on April 23, 2009, an involuntary Chapter 7 bankruptcy petition was filed by certain investors, Case No. 2:09-bk-19539-ER (the "RCP Bankruptcy"). The Bankruptcy Court entered an order for relief concerning the RCP Bankruptcy on May 27, 2009 and thereafter Howard M. Ehrenberg was appointed as the Chapter 7 Trustee (the "Trustee").

In this action, on May 7, 2009, this Court entered the judgment herein of permanent injunction, order of disgorgement, appointment of permanent receiver and other relief as to the Defendants (the "Appointment Order"). As provided in the Appointment Order, the Receiver was appointed as permanent receiver over RCP and the two Receivership Entities and their subsidiaries and affiliates and was provided the full power as the equity receiver over all funds and assets of the RCP and the Receivership Entities.

A.      Asset Disposition and Removal of RCP From Receivership.

The Receiver and the Trustee reached a stipulation in July, 2009 concerning the liquidation of certain accounts in the name of RCP at Wells Fargo Bank and Wachovia Securities and the division of assets relating to such accounts, as well as the removal of RCP from the receivership estate and seeking to modify the current asset freeze order to allow for the liquidation and division of assets (the "Stipulation"). The Stipulation was approved pursuant to the order of this Court dated September 9, 2009

Case 2:09-cv-02974-VBF-JC   Document 104   Filed 08/30/10   Page 29 of 40   Page ID
#:1654
Case 2:09-cv-02974-VBF-JC   Document 102   Filed 08/09/10   Page 3 of 9   Page ID #:1618

1    (the "Modification Order"). As provided for in the Modification Order, RCP was

2    removed as an entity in the receivership estate and the Receiver's duties as to RCP

3    were terminated, and the Appointment Order was modified accordingly.

4        As a result of the approved Stipulation, the Receiver obtained funds on the

5    liquidation of the certain accounts at Wells Fargo Bank and Wachovia Securities,

6    totaling approximately $277,000. The Receiver is still holding funds in the estate

7    resulting from liquidation of said assets in excess of $273,500 (the "Receivership

8    Funds").

9        B.     Additional Actions of Receiver and Receivership Estate.

10       As provided for in the Appointment Order as modified by the Modification

11    Order, the Receiver has conducted an investigation concerning additional possible

12    assets of the Receivership Entities. In addition, the Receiver has conducted an

13    investigation, including review of numerous documents obtained from certain

14    financial institutions, concerning possible areas of recoveries available to the

15    receivership estate, including those on possible avoidance claims relating to payments

16    made to investors and others by the Receivership Entities.

17       In addition, the Receiver has monitored the actions by the Trustee in the RCP

18    Bankruptcy and has a common understanding with the Trustee as to the apportionment

19    of the net recoveries, after litigation costs, on actions and claims pursued by both the

20    Trustee and the Receiver in their respective estates. As such, the Receiver believes

21    that based on the recoveries already obtained by the Trustee in connection with

22    settlement of certain preference and "claw-back" actions investors of RCP brought in

23    the RCP Bankruptcy, the receivership estate will receive additional funds in

24    connection with such recoveries[1].

25

26

27

28      [1] The RCP Trustee has recovered to date $2,229,718 from such actions with
contingency fees on such recoveries of $735,806.94 and approved litigation costs to
date of $5,708.11, leaving a net of approximately $1,488,202.95.

Case 2:09-cv-02974-VBF-JC   Document 104   Filed 08/30/10   Page 30 of 40   Page ID
#:1655
Case 2:09-cv-02974-VBF-JC   Document 102   Filed 08/09/10   Page 4 of 9   Page ID #:1619

C.    Claims Administration.

Pursuant to the order of this Court of December 7, 2009, the Court authorized the Receiver to institute a claims procedure and established a claims bar date of May 15, 2010. The bar date has passed and the Receiver anticipates coordinating with the Trustee concerning the appropriate disposition, including objections to claims to be filed in both the RCP Bankruptcy and the receivership estate as many of the investors of RCP and RCP-A have filed overlapping claims in both the estates.

D.    Monthly Reports.

As provided in the Appointment Order. the Receiver has submitted to the court monthly reports with the detailed information as further required by the Court's minute order of July 23, 2009.

II.    NEED TO MAINTAIN RECEIVERSHIP IN PLACE.

It is necessary to maintain the Receivership and to continue the appointment of the Receiver in order to protect the interests of the RCP-A investors, as follows:

1.    Current Receivership Funds. The Receiver is currently holding on hand the Receivership Funds. The Receivership is needed to provide a distribution to the allowed creditors/investors for such funds currently held in the estate after payment of the approved and allowed administrative expenses.

2.    Additional Funds and Avoidance Claims. The Receiver anticipates receiving additional funds in the estate from several possible sources. First, as indicated above, the Receiver anticipates additional funds in connection with the net recoveries of actions brought and settled by the Trustee in the RCP Bankruptcy as apportioned between the estates. At this time, the Trustee and the Receiver have an understanding that such apportionment will be made in the future, subject to court approval. The Receiver anticipates the apportionment will be based upon the amount of the allowed claims of the creditors in the RCP case versus the amount of the allowed claims of creditors in the receivership estate.

3.    Second, the Receiver believes that there are possible actions for recovery

of funds by the Receivership falling into the following categories (i) avoidance actions for disbursements totaling approximately $242,000 by the Receivership Entities to third parties for gambling losses by Ruderman; (ii) certain avoidance actions concerning disbursements by RCP-A of $2 million to Prabakar Guniganti ("Guniganti") and of $125,000 to Anthony Brown; and, (iii) possible claims against certain financial institutions and investment companies[2]. As to these three categories, the Receiver does not currently have court authority to pursue and even retain counsel for such matters and believes that the Appointment Order should be modified accordingly as provided for herein below. As to any recoveries on such possible actions, the Receiver again believes that the net on such recoveries after litigation costs should be apportioned appropriately between the bankruptcy and the receivership estates.

3.   Claims Administration. As indicated, the claims bar date passed in the receivership estate on May 15, 2010. Numerous claims have been received in the Receivership including what appear to be overlapping claims by investors of both RCP and RCP-A. In addition, the claims bar date in the RCP Bankruptcy passed on or about March 1, 2010. As indicated, the Receiver intends to coordinate with the Trustee concerning the appropriate objections to be raised to the claims submitted in both estates.

III.   MODIFICATION OF RECEIVER'S DUTIES.

1.   Issue Raised on Appointment and Duties Over RCM – RCM was formed in 2000, prior to the creation of the two hedge funds RCP and RCP-A. Guniganti has raised an issue as to the Receiver's appointment and duties over RCM. Guniganti has made a contention that Receivership herein as to RCM should include matters prior to the time of the formation of RCP-A in January, 2005 and that the Receiver should be

---

[2] There do not appear to be any "claw-back" claims in the Receivership worth pursuing. Only one investor of RCP-A was a net winner. Todd Figi IRA ("Figi") invested a total of $1,106,978.98 and received a single distribution from RCP-A of $1,074,790.00, making Figi a net winner of $57,802.72. Considering the benefits versus the costs, the Receiver does not believe that such a claim is worth pursuing.

Case 2:09-cv-02974-VBF-JC   Document 104   Filed 08/30/10   Page 32 of 40   Page ID
#:1657
Case 2:09-cv-02974-VBF-JC   Document 102   Filed 08/09/10   Page 6 of 9   Page ID #:1621

1   pursuing matters in the receivership estate relating to RCM prior to January, 2005.
2   The Receiver, however, believes that the gravamen of the Complaint in this action and
3   his appointment and duties only relates to the time periods after both hedge funds
4   were formed and, since the Modification Order, only for the periods after RCP-A was
5   formed in January, 2005[3]. At this point, the Receiver requests that his appointment
6   and duties over RCM, as reflected in the Appointment Order, be limited in scope to
7   matters after RCP-A was initially formed since the appointment of the Receiver was
8   only as to matters relating to the hedge funds[4].

9       2.      Pursuing Potential Claims and Avoidance Actions - The Receiver
10  believes that the Appointment Order should be modified such that the Receiver be
11  provided the authority to hire counsel to investigate and pursue, if appropriate, all
12  possible viable claims and avoidance actions. Without the ability to even retain
13  counsel to investigate such matters, it has been difficult for the Receiver to determine
14  the viability of any such claims. The Receiver believes that there are several possible
15  viable claims, including avoidance actions, as indicated above. to pursue in this
16  Receivership and requests that his Appointment Order be modified accordingly.

17      3.      Future Reports – As provided for in the Appointment Order and as
18  modified by the minute order of July 23, 2009, the Receiver is required to provide the
19  Court with monthly reports to include an itemization of the tasks undertaken each
20  ///
21  ///
22  ///
23
24  _____

25      [3] RCP-A has been registered as a California limited liability company since
    January 24, 2005. The first funds were invested in RCP-A on or about October 20,
26  2005.

27      [4] The Receiver does not take a position at this time concerning the viability of
    any defenses that Guniganti may have concerning any claims against him by the
28  Receivership and concerning claims raised against him in the RCP Bankruptcy in
    connection with any funds that may have been provided by Guniganti to RCM or
    Ruderman prior to the formation of RCP in February 2003.

1   month, the time spent and the fees and costs associated with such tasks.  In order to

2   reduce costs to the estate, the Receiver suggests that his duties be modified to provide

3   quarterly rather than monthly reports to the Court.

4

5   DATED:  August 9, 2010          Respectfully submitted,

6

7                                   By _____ /s/ David L. Ray _____

8                                        DAVID L. RAY
                                         Federal Court Receiver

9

10  DATED:  August 9, 2010          Respectfully submitted,

11                                  SALTZBURG, RAY & WEISSMAN, LLP

12

13                                  By _____ /s/ Damon G. Saltzburg _____

14                                       DAMON G. SALTZBURG
                                         Attorneys for David L. Ray,
15                                       Federal Court Receiver

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 12121 Wilshire Boulevard, Suite 600, Los Angeles, California 90025-1166.

A true and correct copy of the foregoing document described as **REPORT OF RECEIVER ON STATUS OF RECEIVERSHIP IN RESPONSE TO COURT ORDER SETTING STATUS CONFERENCE RE RECEIVERSHIP** will be served or was served **(a)** on the judge in chambers in the form and manner required and **(b)** in the manner indicated below:

### TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING:

The foregoing document will be served by the court via NEF and hyperlink to the document. On August 9, 2010, I checked the CM/ECF docket for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

### SERVED BY U.S. MAIL OR OVERNIGHT MAIL:

On August 9, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this case by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

### SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

On August 9, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

(Federal) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 9, 2010, at Los Angeles, California.

_____
CHERYLEIGH BULLOCK

## SERVICE LIST

**SERVED ELECTRONICALLY
BY THE COURT:**

ATTORNEY FOR PLAINTIFF SECURITIES
AND EXCHANGE COMMISSION
Gregory C. Glynn, Esq.
Morgan B. Ward Doran, Esq,
Branch Chief, Office of Enforcement
Securities and Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036-3648

ATTORNEYS FOR INVESTOR PACIFIC
CREDIT CORP.
Steven T. Gubner, Esq.
Corey R. Weber, Esq.
Ezra Brutzkus Gubner LLP
21650 Oxnard St.
Suite 500
Woodland Hills, CA 91367

**SERVED VIA U.S. MAIL:**

DEFENDANT
Bradley L. Ruderman
Inmate Number 56172-112
Big Spring Federal Correctional Institute
1900 Simler Ave.
Big Spring, TX 79720

Hon. Valerie B. Fairbank
U.S. District Court
Courtroom 9
312 N. Spring St.
Los Angeles, CA 90012

**SERVED VIA EMAIL:**

CRIMINAL ATTORNEY FOR DEFENDANT,
BRADLEY RUDERMAN
James D. Riddet, Esq.
Stokke & Riddet
3 MacArthur Pl., Suite 750
Santa Ana, CA 92707
**jriddet@stokkeriddet.com**

ATTORNEYS FOR HOWARD EHRENBERG,
CHAPTER 7 TRUSTEE FOR RUDERMAN
CAPITAL PARTNERS, LLC
Daniel A. Lev, Esq.
SulmeyerKupetz, APC
333 S. Hope St.
Thirty-Fifth Floor
Los Angeles, CA 90071
**dlev@sulmeyerlaw.com**

125461 1  5755 000

EXHIBIT D

1  **DAMON G. SALTZBURG, State Bar No. 162148**
  **SALTZBURG, RAY & WEISSMAN, LLP**
2  **12121 Wilshire Boulevard**
  **Suite 600**
3  **Los Angeles, California 90025-1166**
  **(310) 481-6700 – Fax: (310) 481-6720**
4
  **Attorneys for David L. Ray, Federal Court Receiver**
5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 | SECURITIES AND EXCHANGE          | Case No. CV 09-2974 VBF (JCx)
   | COMMISSION,
12 |                                  |
   |             Plaintiff,           | [PROPOSED] ORDER ON REQUEST
13 |                                  | OF RECEIVER FOR AN ORDER
   | vs.                              | MODIFYING THE RECEIVER'S
14 |                                  | DUTIES
   | BRADLEY L. RUDERMAN;
15 | RUDERMAN CAPITAL
   | MANAGEMENT, LLC; RUDERMAN
16 | CAPITAL PARTNERS, LLC; and
   | RUDERMAN CAPITAL PARTNERS A,
17 | LLC,
   |
18 |             Defendants.

19

20

21      In furtherance of the status conference held with the Court on August 16, 2010,

22  David L. Ray, Federal Court Receiver ("Receiver") appointed in this action now over

23  Ruderman Capital Management, LLC ("RCM") and Ruderman Capital Partners A,

24  LLC ("RCP-A"), having filed a request with the Court for an order modifying the

25  Receiver's duties, entitled "Request of Receiver for Order Modifying the Receiver's

26  Duties; Memorandum of Points and Authorities in Support Thereof; Declaration of

27  David L. Ray" (the "Request"), and good cause appearing,

28      **IT IS HEREBY ORDERED** as follows:                          000034

                    **EXHIBIT. D**

134260 1 5755 000

1.   The Request is granted.

2.   The appointment of permanent receiver as provided for in Section IV of the Judgment and Order of this Court filed May 7, 2009, Docket No. 29 (the "Appointment Order"), is further modified to provide that:

> A.   The appointment and duties of the Receiver over RCM are limited in scope to matters after RCP-A was initially formed on January 24, 2005; and
>
> B.   The Receiver is authorized and empowered to seek to retain the services of counsel to investigate and, pursue, if appropriate, all viable claims and avoidance actions of the Receivership Estate , including those as set forth in the Report of Receiver on the Status of Receivership (the "Report"), a copy of which is attached at Exhibit "C" to the Request, with the additional requirement that the Receiver seek and obtain an order of the Court on the terms and conditions for which any counsel is retained to perform such services.

# # #

600035

134260 1   5755 000

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 12121 Wilshire Boulevard, Suite 600, Los Angeles, California 90025-1166.

A true and correct copy of the foregoing document described as **REQUEST OF RECEIVER FOR AN ORDER MODIFYING THE RECEIVER'S DUTIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DAVID L. RAY** will be served or was served **(a)** on the judge in chambers in the form and manner required and **(b)** in the manner indicated below:

## TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING:

The foregoing document will be served by the court via NEF and hyperlink to the document. On August 30, 2010, I checked the CM/ECF docket for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

## SERVED BY U.S. MAIL OR OVERNIGHT MAIL:

On August 30, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this case by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

## SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

On August 30, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

(Federal) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 30, 2010, at Los Angeles, California.

*Cheryleigh Bullock*

CHERYLEIGH BULLOCK

125461 1 5755 000

## SERVICE LIST

**SERVED ELECTRONICALLY BY THE COURT:**

ATTORNEY FOR PLAINTIFF SECURITIES AND EXCHANGE COMMISSION
Gregory C. Glynn, Esq.
Morgan B. Ward Doran, Esq,
Branch Chief, Office of Enforcement
Securities and Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036-3648

ATTORNEYS FOR INVESTOR PACIFIC CREDIT CORP.
Steven T. Gubner, Esq.
Corey R. Weber, Esq.
Ezra Brutzkus Gubner LLP
21650 Oxnard St.
Suite 500
Woodland Hills, CA 91367

**SERVED VIA EMAIL:**

CRIMINAL ATTORNEY FOR DEFENDANT, BRADLEY RUDERMAN
James D. Riddet, Esq.
Stokke & Riddet
3 MacArthur Pl., Suite 750
Santa Ana, CA 92707
**jriddet@stokkeriddet.com**

ATTORNEYS FOR HOWARD EHRENBERG, CHAPTER 7 TRUSTEE FOR RUDERMAN CAPITAL PARTNERS, LLC
Daniel A. Lev, Esq.
SulmeyerKupetz, APC
333 S. Hope St.
Thirty-Fifth Floor
Los Angeles, CA 90071
**dlev@sulmeyerlaw.com**

**SERVED VIA U.S. MAIL:**

DEFENDANT
Bradley L. Ruderman
Inmate Number 56172-112
Big Spring Federal Correctional Institute
1900 Simler Ave.
Big Spring, TX 79720

Hon. Valerie B. Fairbank
U.S. District Court
Courtroom 9
312 N. Spring St.
Los Angeles, CA 90012